# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 24-472

**Case Name** Firearms Policy Coalition, Inc. v. City of San Diego

**Counsel submitting this form** Bradley A. Benbrook

**Represented party/parties** Appellants Firearms Policy Coalition, Inc., et al.

*Briefly describe the dispute that gave rise to this lawsuit.*

In Miller v. Bonta, the Southern District enjoined California's Governor and Attorney General from enforcing Section 1021.11, the one-sided fee-shifting provisions in California Code of Civil Procedure § 1021.11, designed to deter firearms litigation. 646 F. Supp. 3d 128 (S.D. Cal. 2022). Under § 1021.11, if a plaintiff challenging a firearm regulation in California loses a single claim in their case—even if they win every other claim and get all the relief they sought—the plaintiff and their attorneys are liable for the government's attorney fees. The Miller court held that this law violates the First Amendment right to petition, the Supremacy Clause in light of 42 U.S.C. § 1988, and Fourteenth Amendment rights to due process and equal protection. The court enjoined the defendant state officials from enforcing § 1021.11.

Plaintiffs brought this suit to similarly enjoin several local jurisdictions who were not defendants in Miller, and therefore are not bound by its injunction. Plaintiffs are organizations that, but for the risk of ruinous fee liability under § 1021.11, would challenge firearms regulations in the Defendant jurisdictions. Before filing this case, Plaintiffs requested that Defendants stipulate to non-enforcement of Section 1021.11 in light of Miller, but Defendants have refused to do so. As a result, Plaintiffs refrained from challenging Defendants' firearms regulations and filed this lawsuit to remove the cloud hanging over those claims by virtue of Section 1021.11's operation.

*Briefly describe the result below and the main issues on appeal.*

Plaintiffs sought declaratory and injunctive relief preventing Defendants from relying on Section 1021.11 in firearms litigation against them. Twelve days after the Complaint was filed, on March 14, 2023, the Court issued an Order to Show Cause directing Plaintiffs to explain why the case should not be dismissed for lack of standing, ripeness, improper venue, and joinder. Plaintiffs responded to the Order to Show Cause and filed a Motion for Preliminary Injunction Or, Alternatively, For Summary Judgment.

More than eight months after the OSC was fully briefed, on January 9, 2024, the Court issued an Order dismissing Plaintiffs' complaint along with a judgment of dismissal. The dismissal order was based primarily on the Court's conclusion that Plaintiffs lacked standing because they provided "no concrete evidence that Defendants plan to enforce Section 1021.11." Plaintiffs had no such obligation in order to establish standing. To the contrary, courts presume that the government will enforce a newly-enacted statute unless it affirmatively disavows such an intention. Here, Plaintiffs established that they would have filed multiple Second Amendment lawsuits but for Defendants' failure to disavow an intention to enforce the statute. Thus, the main issues on appeal are:

(1) Whether the trial court's dismissal erred because it failed to apply the correct legal standard, which requires that Plaintiffs' allegations of harm be taken as true and construed in their favor;

(2) Whether the trial court erred by finding a lack of standing when Plaintiffs demonstrated that Defendants' refusal to disavow enforcement caused them to refrain from engaging in First Amendment protected firearms litigation.

Plaintiffs are willing to mediate the appeal so long as it does not impact the briefing schedule.

**Signature**                                                                 **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                  *Rev. 09/01/22*

2