No 24-472

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

―――――――――

FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; AND
SAN DIEGO COUNTY GUN OWNERS PAC,
*Plaintiffs- Appellants,*

*v.*

CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF
VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; AND COUNTY OF SANTA
CLARA,
*Defendants- Appellees.*

―――――――――

On Appeal from the United States District Court
for the Southern District of California
No. 3:23-cv-00400-LL-VET
Hon. Linda Lopez

―――――――――

## APPENDIX TO PLAINTIFFS-APPELLANTS' MOTION FOR AN
## INJUNCTION PENDING APPEAL AND TO EXPEDITE APPEAL

―――――――――

Bradley A. Benbrook
Stephen M. Duvernay
BENBROOK LAW GROUP, PC
701 University Ave., Ste. 106
Sacramento, CA 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

David H. Thompson
Peter A. Patterson
Kate Hardiman
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppaterson@cooperkirk.com
khrhodes@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

# INDEX OF EXHIBITS

| | Description | Pages |
|---|---|---|
| 1 | Order Dismissing Case (Jan. 9, 2024, Dist. Ct. Dkt. 56) | 1–9 |
| 2 | Judgment In A Civil Case (Jan. 9, 2024, Dist. Ct. Dkt. 56) | 10 |
| 3 | Declaration Of Brandon Combs In Support Of Plaintiffs' Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (March 28, 2023, Dist. Ct. Dkt. 20-2) | 11–16 |
| 4 | Declaration Of Gene Hoffman In Support Of Plaintiffs' Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (March 28, 2023, Dist. Ct. Dkt. 20-3) | 17–21 |
| 5 | Declaration Of Raymond M. DiGuiseppe In Support Of Plaintiffs' Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (March 28, 2023, Dist. Ct. Dkt. 20-5) | 22–24 |
| 6 | Declaration Of Bradley A. Benbrook In Support Of Plaintiffs' Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (March 28, 2023, Dist. Ct. Dkt. 20-6) | 25–28 |
| 7 | Declaration Of George M. Lee In Support Of Plaintiffs' Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (March 28, 2023, Dist. Ct. Dkt. 20-7) | 29–31 |
| 8 | Compendium Of Evidence Submitted [In] Support Of Plaintiffs' Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (March 28, 2023, Dist. Ct. Dkt. 20-8) | 32–72 |
| 9 | Response of Defendant County Of Imperial To Order To Show Cause (Apr. 11, 2023, Dist. Ct. Dkt. 30) | 73–80 |
| 10 | Response of Defendant County Of Alameda To Order To Show Cause (Apr. 11, 2023, Dist. Ct. Dkt. 33) | 81–95 |
| 11 | Declaration Of Brandon Combs In Support Of Plaintiffs' Motion For An Injunction Pending Appeal (Feb. 2, 2024, Dist. Ct. Dkt. 61-2) | 96–98 |
| 12 | Declaration Of Bradley A. Benbrook In Support Of Plaintiffs' Motion For An Injunction Pending Appeal (Feb. 2, 2024, Dist. Ct. Dkt. 61-3) | 99–112 |
| 13 | Order Denying Plaintiffs' Ex Parte Application For An Order Shortening Time On Plaintiffs' Motion For An Injunction Pending Appeal (Feb. 8, 2024, Dist. Ct. Dkt. 63) | 113–115 |

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   FIREARMS POLICY COALITION,              Case No.:  23cv400-LL-VET
     INC.; CALIFORNIA GUN RIGHTS
12   FOUNDATION; SAN DIEGO COUNTY            **ORDER DISMISSING CASE**
     GUN OWNERS PAC,
13

14                          Plaintiffs,

15   v.

16   CITY OF SAN DIEGO; COUNTY OF
     IMPERIAL; COUNTY OF ALAMEDA;
17   COUNTY OF VENTURA; COUNTY OF
     LOS ANGELES; CITY OF SAN JOSE;
18   and COUNTY OF SANTA CLARA,

19                          Defendants.

20

21

22           On March 14, 2023, the Court issued an Order to Show Cause as to why this case

23   should not be dismissed for lack of standing, ripeness, improper venue, or improper joinder.

24   ECF No. 18. Before the Court are the parties' responses to the Court's Order to Show

25   Cause. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46. For the following reasons, the Court

26   **DISMISSES** the action.

27   / / /

28   / / /

## I.    BACKGROUND

On March 2, 2023, Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights Foundation, and San Diego County Gun Owners PAC (collectively "Plaintiffs") filed this current action against Defendants City of San Diego, County of Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara (collectively "Defendants") challenging the constitutionality of California Code of Civil Procedure Section 1021.11. ECF No. 1, Complaint ("Compl."). Section 1021.11 provides that:

> "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party."

Cal. Code Civ. Proc. § 1021.11(a).

The constitutionality of this provision has been previously litigated in this district. In *Miller v. Bonta*, Judge Roger T. Benitez held that Section 1021.11 was unconstitutional and permanently enjoined the State "from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs." *See Miller v. Bonta*, 646 F. Supp. 3d 1218, 1232 (S.D. Cal. 2022). Additionally, Judge Benitez held that "Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11." *Id.* On the same day as he decided *Miller*, Judge Benitez entered a similar judgment in another challenge to Section 1021.11 in *South Bay Rod & Gun Club, Inc. v. Bonta*. *See* 646 F. Supp. 3d 1232, 1245 (S.D. Cal. 2022) (holding that Section 1021.11 was unconstitutional and permanently enjoining the State from enforcing

1    Section 1021.11). The judgments in both *Miller* and *South Bay Rod & Gun Club* became
2    final due to a lack of appeal.

3           In the instant case, Plaintiffs seek an "injunction against the statute's application or
4    enforcement by several local jurisdictions." Compl. ¶ 1. On March 14, 2023, the Court
5    issued an Order to Show Cause, directing Plaintiffs to show cause as to standing, ripeness,
6    venue, and joinder. *See* ECF No. 18 at 3. These questions have now been extensively
7    briefed by all parties. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46.

8    **II.    DISCUSSION**

9           **A.    Plaintiffs Do Not Have Standing to Pursue This Case**

10          Plaintiffs lack standing to maintain their claims. Article III of the Constitution
11   confers on federal courts the power to adjudicate only cases or controversies.  U.S. Const.,
12   art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must
13   establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408
14   (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *see also Lujan v. Defenders of*
15   *Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and
16   unchanging part of the case-or-controversy requirement of Article III."). To have standing,
17   a plaintiff must show that (1) the plaintiff suffered an "injury in fact", i.e., one that is
18   sufficiently "concrete and particularized" and "actual or imminent, not conjectural or
19   hypothetical," (2) the injury is "fairly traceable" to the challenged conduct, and (3) the
20   injury is likely to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. The
21   burden is on the plaintiff to establish that standing exists. *Id.* at 561.

22          First, Plaintiffs argue that they are at risk of imminent and substantial harm because
23   the Defendants in this case are not subject to the *Miller* injunction. *See* ECF No. 19 at 4–
24   5; ECF No. 46 at 3. Defendants insist that "there is no legitimate risk that any entity would
25   seek to invoke Section 1021.11 and "[a]ny future local government defendant is unlikely
26   to attempt to distinguish the *Miller* decision from their own case given the
27   comprehensiveness of the ruling and the court's clear directive that it has broad preclusive
28   effect." ECF No. 30 at 4. Indeed, Defendants were not directly named in *Miller*, but the

1  final judgments in *Miller* and *South Bay Rod & Gun Club* permanently enjoined any

2  implementation and enforcement of Section 1021.11. *See Miller*, 646 F. Supp. 3d at 1232;

3  *South Bay Rod & Gun Club, Inc.*, 646 F. Supp. 3d at 1245. The "broad preclusive effect"

4  of the *Miller* injunction was also addressed by the Ninth Circuit in *Abrera v. Newsom*. In

5  *Abrera v. Newsom*, the Ninth Circuit held that an appeal of the denial of a preliminary

6  injunction preventing state defendants from enforcing Section 1021.11 was moot "in light

7  of the permanent injunction in *Miller.*" *Abrera v. Newsom*, No. 22-16897 (9th Cir. Aug.

8  14, 2023) (order granting motion to dismiss the appeal as moot). Similarly, here, there is

9  no case or controversy because Defendants do not seek to implement or enforce Section

10  1021.11 in light of the *Miller* injunction.

11      Plaintiffs also state that as "independent government entities with independent

12  authority to seek fees under Section 1021.11, [Defendants] lack the necessary privity with

13  the *Miller* defendants to be bound by the *Miller* injunction." ECF No. 19 at 4. However, in

14  an action where a plaintiff challenges the constitutionality of a state statute, the proper

15  defendant is the state official designated to enforce the rule. *See Idaho Building and Const.*

16  *Trades Council, AFL-CIO v. Wasden*, 32 F. Supp. 3d 1143, 1148 (D. Idaho 2014)

17  (explaining that the proper defendant in actions for declaratory and injunctive relief

18  challenging the constitutionality of state statutes would be a state official with a fairly direct

19  connection to the enforcement of the act, and not just a "generalized duty"); *see also*

20  *American Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993)

21  ("Under United States Supreme Court precedent, when a plaintiff challenges the

22  constitutionality of a rule of law, it is the state official designated to enforce that rule who

23  is the proper defendant, even when that party has made no attempt to enforce the rule.").

24  The constitutionality of Section 1021.11 has already been challenged in previous actions

25  against the proper defendants who have a direct connection with its enforcement, including

26  the State Attorney General and Governor. *See Miller*, 646 F. Supp. 3d at 1222 (action

27  petitioning the court to enjoin California Governor and California Attorney General from

28

enforcing Section 1021.11); *South Bay Rod & Gun Club*, 646 F. Supp. 3d at 1235 (same); *Abrera v. Newsom*, 2022 WL 17555524, at *1 (E.D. Cal. Dec. 9, 2022) (same).

Next, Plaintiffs argue that they still face a "realistic threat of enforcement" and actual and imminent danger because there is "no commitment from Defendants" not to enforce Section 1021.11. *See* ECF No. 19 at 5–6; ECF No. 46 at 2–3. This position effectively puts the burden on Defendants to establish that there is no standing, as opposed to Plaintiff having the burden to establish standing, which the well-settled law requires. *See Lujan*, 504 U.S. at 561. Plaintiffs refer to *Lopez v. Candaele* to support their contention that under the "relaxed standing analysis" for pre-enforcement challenges, "the plaintiff may meet constitutional standing requirements by demonstrating a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *See* ECF No. 46 at 2 (quoting *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010)). In the next paragraph of *Lopez*, however, the Ninth Circuit explains that "despite this 'relaxed standing analysis'" for pre-enforcement challenges, "plaintiffs must still show an actual or imminent injury to a legally protected interest." *Id.* (internal citation omitted).

No such injury exists here because Defendants decline to make a hypothetical commitment as to how they would litigate lawsuits that have not even been filed, let alone ones that have been decided in Defendants' favor thereby implicating Section 1021.11. Defendants have clearly expressed that they do not intend to enforce the statute against Plaintiffs in the current action or any related action. *See* ECF Nos. 30, 33. Specifically, Defendant County of Imperial states that "[p]ost-*Miller* . . . the threat of injury is in the past" and "there is no legitimate risk that any entity would seek to invoke Section 1021.11."[1] ECF No. 30 at 4. Additionally, Defendant County of Alameda states that the

---

[1] Defendants County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Imperial. *See* ECF Nos. 31, 36, 40, 43.

*Miller* injunction "effectively discourages anyone, including Defendants, from even attempting to invoke Section 1021.11 against Plaintiffs."[2] ECF No. 33 at 8. Plaintiffs have no concrete evidence that Defendants plan to enforce Section 1021.11, and as such, Plaintiffs have failed to show that they face an actual or imminent injury. *See Wright v. Service Emp. Int'l Union Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022) (quoting *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 825 (9th Cir. 2020)) (a plaintiff "cannot rely on mere conjecture" about a defendant's possible actions as the plaintiff "must present concrete evidence to substantiate her fears."). Plaintiffs fail to carry their burden to show that they have standing, and therefore, the Court lacks jurisdiction over their claims. *See Lujan*, 504 U.S. at 560.

### B.     Ripeness, Venue, and Joinder

Although the Court need not address the remaining issues of ripeness, venue, and joinder because the first issue of standing is dispositive, the Court briefly addresses the remaining issues below. *See Khalaj v. United States*, 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (stating that jurisdiction must "be established as a threshold matter").

#### 1.     Ripeness

"Whether framed as an issue of standing or ripeness, the inquiry is largely the same." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many

---

[2] Defendants County of Imperial, County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Alameda. *See* ECF Nos. 34, 35, 37, 40, 43.

cases, ripeness coincides squarely with standing's injury in fact prong. Sorting out where standing ends and ripeness begins is not an easy task."). Therefore, for the same reasons that Plaintiffs lack standing to maintain their claims, Plaintiffs' claims also are not ripe for adjudication.

### 2.    Joinder and Venue

Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if: (1) claims arise from the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). As a preliminary matter, Plaintiffs' claims raise common questions of law or fact as Plaintiffs seek an "injunction against [Section 1021.11's] application or enforcement by several local jurisdictions." Compl. ¶ 1; *see also* ECF No. 33 at 9 ("Defendants do not contest that Plaintiffs' claims may implicate at least one question of law common to all Defendants."). However, the mere fact that Plaintiffs' claims against Defendants involve a common question of law or fact does not entail that their claims against Defendants are related to the same transaction or occurrence. *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a degree of factual commonality underlying the claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, Plaintiffs' claims against Defendants arise out of distinct transactions or occurrences. In the Complaint, Plaintiffs allege that their counsel contacted each of the Defendants in separate letters, demanding that Defendants stipulate to the non-enforcement of Section 1021.11. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. The letters were sent on different dates and referenced each jurisdiction's own distinct firearms regulations. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. Plaintiffs even state that Defendants either responded to Plaintiffs' correspondence through individual letters or failed to respond at all. *See* Compl., Exs. 4, 7, 9; Compl. ¶¶ 48, 51, 55 (Defendants County of Imperial, County of Ventura, and County of Santa Clara did not respond to

Plaintiffs' correspondence); ECF No. 33 at 11 ("Plaintiffs received no shared or uniform response."). Plaintiffs' Complaint is devoid of any allegations that Defendants acted jointly or in concert. In the absence of claims arising out of the same transaction or occurrence, joinder of these Defendants is improper under Rule 20.

Venue is proper in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A "[p]laintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)).

Plaintiffs contend that venue is proper here under § 1391(b)(1) because Defendants are entities located in California and "all Defendants are properly joined." ECF No. 46 at 9; ECF No. 19 at 7. However, as discussed above, Defendants are not properly joined, and a remedy for improper joinder is severance. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Additionally, under Rule 20(b), the district court may sever claims or parties to avoid prejudice. Fed. R. Civ. P. 20(b).

As such, severing the claims would make venue in this Court improper and prejudicial as to the non-resident defendants. Specifically, based on Plaintiff's allegations, Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara do not have a connection to this district. Further, it does not appear a substantial part of the events or omissions giving rise to Plaintiff's claims regarding Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara occurred in this district.

Thus, even if the Court were to find the Plaintiffs have standing in this case, joinder and venue would bar the action against Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara.

/ / /

**III.    CONCLUSION**

For the reasons set forth above, the Court **DISMISSES** the action for lack of subject matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  January 9, 2024

_____

Honorable Linda Lopez
United States District Judge



# United States District Court

### SOUTHERN DISTRICT OF CALIFORNIA

FIREARMS POLICY COALITION,
INC.; CALIFORNIA GUN RIGHTS
FOUNDATION; SAN DIEGO
COUNTY GUN OWNERS PAC,

**Civil Action No.** ___23-cv-00400-LL-VET___

**Plaintiff,**

V.

CITY OF SAN DIEGO; COUNTY OF
IMPERIAL; COUNTY OF ALAMEDA;
COUNTY OF VENTURA; COUNTY OF
LOS ANGELES; CITY OF SAN JOSE; and
COUNTY OF SANTA CLARA,

**Defendant.**

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

The Court DISMISSES the action for lack of subject matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also DENIED AS MOOT. Case is closed.

**Date:** _____1/9/24_____

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By:  s/  D.Frank
_____
D.Frank, Deputy

**APP 010**

1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA 95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  Attorneys for Plaintiffs

6

7

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12 FIREARMS POLICY COALITION,        Case No.: 3:23-cv-00400-LL-DDL
   INC.; CALIFORNIA GUN RIGHTS
13 FOUNDATION; SAN DIEGO
   COUNTY GUN OWNERS PAC,            **DECLARATION OF BRANDON
14                                   COMBS IN SUPPORT OF
              Plaintiffs,            PLAINTIFFS' MOTION FOR
15                                   PRELIMINARY INJUNCTION OR,
        v.                           ALTERNATIVELY, FOR
16                                   SUMMARY JUDGMENT**
   CITY OF SAN DIEGO; COUNTY OF
17 IMPERIAL; COUNTY OF ALAMEDA;      Date: May 2, 2023
   COUNTY OF VENTURA; COUNTY         Courtroom 5D (5th Floor)
18 OF LOS ANGELES; CITY OF SAN       Hon. Linda Lopez
   JOSE; and COUNTY OF SANTA
19 CLARA,

20            Defendants.

21

22

23

24

25

26

27

28

COMBS DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Brandon Combs, declare:

1.      I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-profit organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2.      The purposes of FPC include defending and promoting the People's rights, especially the fundamental, individual Second Amendment right to keep and bear arms, advancing individual liberty, and restoring freedom.

3.      FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

4.      FPC's members reside both within and outside the State of California, including in all cities and counties that are parties to this action. FPC represents its members and supporters—who include gun owners, prospective gun owners, licensed California firearm retailers, and others—and brings this action on behalf of itself and its members. FPC's members and supporters have been adversely and directly harmed by Defendants' threat of enforcement of the laws, regulations, policies, practices, and customs challenged in this case.

5.      One of the primary methods FPC pursues its mission and objectives is through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms. FPC has financially supported or been a plaintiff in dozens of cases in state and federal courts around the nation and regularly participates as amicus curiae in cases in state and federal appellate courts, including the United States Courts of Appeals and at the Supreme Court of the United States. FPC's litigation program is particularly important in California given the hostile political and regulatory climate

1   for gun owners and the State's disdain for individuals' constitutionally protected

2   rights, including but not limited to the pre-existing right to keep and bear arms.

3        6.     FPC has financially supported or participated in a significant number of

4   constitutional rights cases in California's state and federal courts, including but not

5   limited to *Firearms Pol'y Coalition Second Amend. Defense Comm. v. Harris*, 192

6   F.Supp.3d 1120 (E.D. Cal. 2016); *Publius v. Boyer-Vine*, 237 F.Supp.3d 997 (E.D.

7   Cal. 2017); *Jones v. Bonta*, 34 F.4th 704 (9th Cir. 2022); and *McDougall v. Cnty. of

8   Ventura*, 23 F.4th 1095 (9th Cir. 2022); and *Miller v. Bonta*, S.D. Cal. Case No. 3:19-

9   cv-1537-BEN-JLB ("*Miller I*"). FPC is also a Plaintiff in *Miller v. Bonta* ("*Miller II*"),

10  where this Court enjoined the State from enforcing Section 1021.11. No. 3:22-cv-

11  1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).

12       7.     The risk of fee liability imposed by Section 1021.11 has caused FPC to

13  refrain from filing suits or litigating constitutional claims that it is otherwise prepared

14  to file and litigate, including litigation against Defendants as set forth below. Because

15  the Defendant local jurisdictions were not defendants in *Miller II*, FPC and California

16  Gun Rights Foundation ("CGF") requested that Defendants stipulate to non-

17  enforcement of the provisions of Section 1021.11 in light of *Miller II*; as explained in

18  the declarations of FPC and CGF's counsel (Bradley A. Benbrook and Raymond M.

19  DiGuiseppe). Defendants have refused to do so. These challenges include:

20       8.     *City of San Diego*. FPC is a plaintiff in *Fahr v. City of San Diego*, S.D.

21  Cal. Case No. 3:21-cv-01676-BAS-BGS, which challenges a City ordinance banning

22  the self-manufacture of firearms and precursor parts.

23       9.     *County of Imperial*. FPC intends to file a lawsuit challenging the

24  constitutionality of a county ordinance prohibiting the possession of firearms in any

25  recreational park within the county's jurisdiction (Imperial County Code of

26  Ordinances § 11.08.020). FPC's members are affected by this ordinance, which is

27  inconsistent with the "Nation's historical tradition of firearm regulation." *New York

28  State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022). CGF has

previously challenged a similar restriction on behalf of its members. *Calguns Found., Inc. v. Cnty. of San Mateo*, 218 Cal. App. 4th 661 (2013). Both CGF and FPC are prepared to challenge Imperial County's ordinance in light of *Bruen*.

10. *County of Alameda*. FPC intends to file a lawsuit challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. FPC's members are affected by the County's licensing practices. FPC has identified multiple members who would be plaintiffs in a lawsuit against Alameda County over the denial of their applications to carry a concealed weapon and incurred attorney's fees for the preparation of a lawsuit that they would have already filed but for the County's refusal to not enforce the fee-shifting statute.

11. *County of Ventura*. FPC intends to file a lawsuit challenging the constitutionality of the Ventura County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. FPC's members are affected by the County's licensing practices. FPC has identified multiple members who would be plaintiffs in a lawsuit against Ventura County over the denial of their applications to carry a concealed weapon and incurred attorney's fees for the preparation of a lawsuit. FPC is prepared to challenge the County's practices in light of *Bruen*.

12. *County of Los Angeles*. FPC intends to file lawsuits challenging the constitutionality of (1) the Los Angeles County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms; and (2) a provision of the county code prohibiting the possession of firearms in any public park within the county's jurisdiction (Los Angeles County Code of Ordinances § 17.04.620). FPC's members are affected by the County's licensing practices and the ordinance prohibiting firearm possession in public parks. FPC has identified several potential plaintiffs who have been adversely impacted by the counties' licensing practices. And, as noted above, CGF has previously litigated a similar public-park

1  possession restriction. FPC is prepared to file a challenge to both of these matters in

2  light of *Bruen*.

3       13.    *City of San Jose*. FPC and CGF intend to file a lawsuit challenging the

4  constitutionality of city ordinances requiring firearm owners to pay an annual fee to a

5  City-designated non-profit organization and obtain firearm-related insurance. FPC

6  had previously sued to invalidate those same regulations, but dismissed the lawsuit in

7  August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San*

8  *Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. FPC is prepared to re-file this challenge

9  against San Jose once the city is enjoined from attempting to enforce Section 1021.11.

10      14.    *Santa Clara County*. FPC and CGF intend to file a lawsuit challenging

11  the constitutionality of the Santa Clara County Sherriff's Office's application and

12  enforcement of the County's licensing regime for carrying concealed firearms. FPC's

13  and CGF's members are affected by the County's licensing practices. FPC has

14  identified several potential plaintiffs who have been adversely impacted by the

15  counties' licensing practices, and it is prepared to challenge the County's practices in

16  light of *Bruen*.

17      15.    In order for FPC to engage counsel to conduct programs to achieve their

18  goals, for any case seeking declaratory and/or injunctive relief against Defendants,

19  FPC would have to take on additional liability on behalf of its counsel and counsels'

20  law firms, as well as other parties if Section 1021.11 is not enjoined. Section 1021.11's

21  deterrent effect has harmed FPC by interfering with its institutional missions as

22  described above. In addition, FPC has incurred costs in time and legal fees analyzing

23  how Section 1021.11 affects itself and its members, and its objectives and strategies

24  for achieving them.

25      16.    In short, FPC intends to bring the litigation outlined above against

26  Defendants, but it has refrained from doing so due to Section 1021.11's threat of

27  ruinous fee liability.

28

DocuSign Envelope ID: 6EA44FCA7E91413...

1       I declare under penalty of perjury under the laws of the United States of

2   America and State of California that the foregoing is true and correct to the best of my

3   knowledge.

4

5   BRANDON COMBS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF GENE HOFFMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

HOFFMAN DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Gene Hoffman, declare:

1. I am the chairman of the California Gun Rights Foundation ("CGF"), a non-profit foundation incorporated under the laws of California with a place of business in Sacramento, California. In my role as chairman, I am familiar with CGF's purposes as an organization, CGF's membership, and CGF's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2. CGF serves its members, supporters, and the public through educational, cultural, and judicial efforts to defend and advance Second Amendment and related rights. CGF has tens of thousands of members and supporters in California, including in all cities and counties that are parties to this action. CGF brings this action on behalf of itself and its members. The laws, policies, practices, and customs challenged in this case, and Defendants' actions and failures alleged herein, have caused CGF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

3. One of the primary methods CGF uses to pursue its mission and objectives is through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms. CGF has financially supported or been a plaintiff in numerous cases in California and participated as amicus curiae in cases in state and federal appellate courts, including the United States Courts of Appeals and at the Supreme Court of the United States. CGF's litigation program is particularly important given the hostile political and regulatory climate for gun owners in California and the State's disdain for individuals' constitutionally protected rights, including but not limited to the pre-existing right to keep and bear arms.

4. CGF has financially supported or participated in a significant number of constitutional rights cases in California's state and federal courts, including but not limited to *Silvester v. Harris*, 843 F.3d 816 (9th Cir. 2016); Pena v. Lindley, 898

F.3d 969 (9th Cir. 2018); *Rodriguez v. City of San Jose*, 930 F.3d 1123 (9th Cir. 2019); *Sharp v. Becerra*, 393 F.Supp.3d 991 (E.D. Cal. 2019); *Van Nieuwenhuyzen v. Sniff*, C.D. Cal. Case No. 5:18-cv-02225-DDP-SHK; and *Calguns Found., Inc. v. Cnty. of San Mateo*, 218 Cal.App.4th 661 (2013).

5.      The risk of fee liability imposed by Section 1021.11 has caused CGF to refrain from filing suits or litigating constitutional claims that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below. Because the Defendant local jurisdictions were not defendants in *Miller*, Firearms Policy Coalition ("FPC") and CGF requested that Defendants stipulate to non-enforcement of the provisions of Section 1021.11 in light of *Miller*; as explained in the declarations of FPC and CGF's counsel (Bradley A. Benbrook and Raymond M. DiGuiseppe). Defendants have refused to do so. These challenges include:

6.      *County of Imperial*. CGF intends to file a lawsuit challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020). CGF's members are affected by this ordinance, which is inconsistent with the "Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022). CGF has previously challenged a similar restriction on behalf of its members. *Calguns Found., Inc. v. Cnty. of San Mateo*, 218 Cal. App. 4th 661 (2013). CGF is prepared to challenge Imperial County's ordinance in light of *Bruen*.

7.      *County of Alameda*. CGF intends to file a lawsuit challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. CGF's members are affected by the County's licensing practices. CGF has identified multiple members who would be plaintiffs in a lawsuit against Alameda County over the denial of their applications to carry a concealed weapon and incurred attorney's fees for the

1  preparation of a lawsuit that they would have already filed but for the County's refusal
2  to not enforce the fee-shifting statute.

3       8.    *County of Ventura*. CGF intends to file a lawsuit challenging the
4  constitutionality of the Ventura County Sherriff's Office's application and
5  enforcement of the County's licensing regime for carrying concealed firearms. CGF's
6  members are affected by the County's licensing practices, and it has identified
7  multiple members who would be plaintiffs in a lawsuit against Ventura County over
8  the denial of their applications to carry a concealed weapon and incurred attorney's
9  fees for the preparation of a lawsuit.

10       9.    *County of Los Angeles*. CGF intends to file lawsuits challenging the
11  constitutionality of (1) the Los Angeles County Sherriff's Office's application and
12  enforcement of the County's licensing regime for carrying concealed firearms; and
13  (2) a provision of the county code prohibiting the possession of firearms in any public
14  park within the county's jurisdiction (Los Angeles County Code of Ordinances
15  § 17.04.620). CGF's members are affected by the County's licensing practices and the
16  ordinance prohibiting firearm possession in public parks. As noted above, CGF has
17  previously litigated a similar public-park possession restriction. CGF is prepared to
18  file a challenge to both of these matters in light of *Bruen*.

19       10.    *City of San Jose*. CGF intends to file a lawsuit challenging the
20  constitutionality of city ordinances requiring firearm owners to pay an annual fee to a
21  City-designated non-profit organization and obtain firearm-related insurance. FPC
22  had previously sued to invalidate those same regulations, but dismissed the lawsuit in
23  August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San
24  Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. CGF is prepared to join FPC in re-filing
25  this challenge against San Jose once the city is enjoined from attempting to enforce
26  Section 1021.11.

27       11.    *Santa Clara County*. CGF intends to file a lawsuit challenging the
28  constitutionality of the Santa Clara County Sherriff's Office's application and

1    enforcement of the County's licensing regime for carrying concealed firearms. CGF's

2    members are affected by the County's licensing practices, and CGF is prepared to

3    challenge these practices in light of *Bruen*.

4         12.   In short, CGF intends to bring the litigation outlined above against

5    Defendants, but it has refrained from doing so due to Section 1021.11's threat of

6    ruinous fee liability.

7         I declare under penalty of perjury under the laws of the United States of

8    America and State of California that the foregoing is true and correct to the best of my

9    knowledge.



GENE HOFFMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA 95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  Attorneys for Plaintiffs

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FIREARMS POLICY COALITION,          Case No.:  3:23-cv-00400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
13  FOUNDATION; SAN DIEGO
    COUNTY GUN OWNERS PAC,              **DECLARATION OF RAYMOND M.**
14                                      **DiGUISEPPE IN SUPPORT OF**
                 Plaintiffs,            **PLAINTIFFS' MOTION FOR**
15                                      **PRELIMINARY INJUNCTION OR**
          v.                            **ALTERNATIVELY, MOTION FOR**
16                                      **SUMMARY JUDGMENT**
    CITY OF SAN DIEGO; COUNTY OF
17  IMPERIAL; COUNTY OF ALAMEDA;        Date: May 2, 2023
    COUNTY OF VENTURA; COUNTY          Courtroom 5D (5th Floor)
18  OF LOS ANGELES; CITY OF SAN         Hon. Linda Lopez
    JOSE; and COUNTY OF SANTA
19  CLARA,

20               Defendants.

21

22

23

24

25

26

27

28

DiGUISEPPE DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Raymond M. DiGuiseppe, declare:

1.    I am an attorney, licensed to practice law in the State of California. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.    I am also counsel of record for the plaintiffs (which include Firearms Policy Coalition, Inc. and San Diego County Gun Owners PAC) in *Fahr v. City of San Diego*, S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS, which challenges a San Diego ordinance banning the self-manufacture of firearms and precursor parts.

3.    On December 30, 2022, I sent a letter to the San Diego City Attorney asking that it stipulate not to enforce Section 1021.11 against the plaintiffs or their attorneys and law firms based on the outcome of the case in light of this Court's ruling in *Miller v. Bonta* enjoining the State from enforcing Code of Civil Procedure § 1021.11. No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022). A true and correct copy of the letter is attached as Exhibit 1 to the compendium of evidence.

4.    On January 11, 2023, the City Attorney's office responded that "the City is not in a position to stipulate as requested," and that it did "not believe" that the Court decision in *Miller* "warrants an unequivocal waiver from the City."

5.    As a result, my firm and I, along with the other lawyers and law firms that in the case, as well as the *Fahr* plaintiffs, are forced to continue litigating under the threat of Section 1021.11 fee liability. The uncertainty about potential enforcement has created a chilling effect on our ability to proceed with the case.

6.    By the very nature of the case, any action we take to advance the litigation "seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing [a] statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms," and thus necessarily subjects all of us to joint and several liability for "the attorney's fees and costs" incurred by the City should the

1   court ultimately enter judgment in favor of the City or dismiss any of the claims or

2   causes of action "regardless of the reason for the dismissal."

3        I declare under penalty of perjury under the laws of the United States of

4   America and State of California that the foregoing is true and correct to the best of my

5   knowledge.

6

7

8                                        Raymond M. DiGuiseppe

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No.: 3:23-cv-00400-LL-DDL <br><br> **DECLARATION OF BRADLEY A. BENBROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT** <br><br> Date: May 2, 2023 <br> Courtroom 5D (5th Floor) <br> Hon. Linda Lopez |

I, Bradley A. Benbrook, declare:

1. I am an attorney, licensed to practice law in the State of California, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. I am also counsel of record for the Plaintiffs in *Miller v. Bonta*, where this Court enjoined the State from enforcing Code of Civil Procedure § 1021.11 ("Section 1021.11"). No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).

3. As set out below, my office contacted Defendants, on behalf of Plaintiffs Firearms Policy Coalition, Inc. ("FPC") and California Gun Rights Foundation ("CGF"), to request that they stipulate to non-enforcement of the provisions of Section 1021.11 in light of the *Miller* decision and Plaintiffs' intention to pursue specific anticipated litigation. Defendants did not agree to stipulate to non-enforcement.

4. On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Imperial asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction. A true and correct copy of the letter is attached as <u>Exhibit 2</u> to the compendium of evidence. As of the date of this declaration, Imperial County has not responded to the letter.

5. On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Ventura asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 5</u> to the compendium of

evidence. As of the date of this declaration, Ventura County has not responded to the letter.

6. On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Los Angeles asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of (1) the Los Angeles County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms; and (2) a provision of the county code prohibiting the possession of firearms in any public park within the county's jurisdiction. A true and correct copy of the letter is attached as Exhibit 6 to the compendium of evidence. On January 27, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as Exhibit 7 to the compendium of evidence.

7. On January 27, 2023, my office sent a letter to counsel for the City of San Jose asking that the city stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of city ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. A true and correct copy of the letter is attached as Exhibit 8 to the compendium of evidence. FPC had previously sued to invalidate those same regulations, but dismissed the lawsuit in August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, in light of San Jose's refusal to stipulate to non-enforcement of the statute at the time. On February 2, counsel for San Jose responded by letter that it still would not agree to non-enforcement. A true and correct copy of the response is attached as Exhibit 9 to the compendium of evidence.

8. On February 24, 2023, my office sent a letter to the Office of the County Counsel for the County of Santa Clara asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case

challenging the constitutionality of the Santa Clara County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 10</u> to the compendium of evidence. As of the date of this declaration, Santa Clara County has not responded to the letter.

9.    As of the date of this declaration, none of the Defendants have communicated to our office an agreement not to enforce Section 1021.11 against Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

_____

Bradley A. Benbrook

1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA 95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  Attorneys for Plaintiffs

6

7

8

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FIREARMS POLICY COALITION,          Case No.: 3:23-cv-00400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
13  FOUNDATION; SAN DIEGO
    COUNTY GUN OWNERS PAC,              **DECLARATION OF GEORGE M.**
14                                      **LEE IN SUPPORT OF**
                  Plaintiffs,           **PLAINTIFFS' MOTION FOR**
15                                      **PRELIMINARY INJUNCTION OR**
          v.                            **ALTERNATIVELY, MOTION FOR**
16                                      **SUMMARY JUDGMENT**
    CITY OF SAN DIEGO; COUNTY OF
17  IMPERIAL; COUNTY OF ALAMEDA;        Date: May 2, 2023
    COUNTY OF VENTURA; COUNTY          Courtroom 5D (5th Floor)
18  OF LOS ANGELES; CITY OF SAN        Hon. Linda Lopez
    JOSE; and COUNTY OF SANTA
19  CLARA,

20                Defendants.

21

22

23

24

25

26

27

28

LEE DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, George M. Lee, declare:

1.    I am an attorney, licensed to practice law in the State of California. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.    Over the past several years, I have represented clients in several cases challenging firearms regulations and/or defendants' policies regarding the treatment of firearms in California's state and federal courts, including: *Wiese v. Becerra*, E.D. Cal. Case No. 2:17-cv-00903-WBS-KJN; *Linton v Becerra*, N.D. Cal. Case No. 3:18-cv-07653-JD; *Sharp v. Becerra*, E.D. Cal. Case No. 2:18-cv-02317-MCE-AC; *Altman v. Cnty. of Santa Clara, et al.*, N.D. Cal. Case No. 4:20-cv-02180-JST; *Holt v. Becerra*, Riverside Cnty. Super. Ct. Case No. RIC 1722468; *Van Nieuwenhuyzen v. Sniff*, E.D. Cal. Case No. 5:18-cv-02225-DDP-SHK; and *Miller v. Bonta*, S.D. Cal. Case No. 3:19-cv-01537-BEN-JLB ("*Miller I*"), a long-running Second Amendment challenge to California's ban on so-called "assault weapons" through the state's Assault Weapons Control Act.

3.    On December 30, 2022, my office sent a letter to the Office of the County Counsel for the County of Alameda asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of the Alameda County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 3</u> to the compendium of evidence. On January 3, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as <u>Exhibit 4</u> to the compendium of evidence.

4.    I have been retained by Firearms Policy Coalition ("FPC") and the California Gun Rights Foundation ("CGF") in connection with challenging Alameda County's policies, which are inconsistent with the "Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct.

2111, 2126 (2022). There are multiple individuals who are prepared to be plaintiffs based on the application of Alameda County's policies, and we have drafted a complaint that is ready for filing. We have deferred filing the lawsuit for several months now because of Code of Civil Procedure § 1021.11's fee-shifting threat.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

George M. Lee

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No.: 3:23-cv-00400-LL-DDL <br><br> **COMPENDIUM OF EVIDENCE SUBMITTED SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT** <br><br> Date: May 2, 2023 <br> Courtroom 5D (5th Floor) <br> Hon. Linda Lopez |

Plaintiffs submit this compendium of evidence in support of their Motion for Preliminary Injunction Or, Alternatively, Summary Judgment:

1.  Attached as <u>Exhibit 1</u> is a true and correct copy of a December 30, 2022 letter from Raymond M. DiGuiseppe to the San Diego City Attorney, authenticated by the DiGuiseppe declaration.

2.  Attached as <u>Exhibit 2</u> is a true and correct copy of a January 20, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Imperial, authenticated by the Benbrook declaration.

3.  Attached as <u>Exhibit 3</u> is a true and correct copy of a December 30, 2022 letter from George Lee to the Office of the County Counsel for the County of Alameda, authenticated by the Lee declaration.

4.  Attached as <u>Exhibit 4</u> is a true and correct copy of a January 3, 2023 letter from to the Office of the County Counsel for the County of Alameda to George Lee, authenticated by the Lee declaration.

5.  Attached as <u>Exhibit 5</u> is a true and correct copy of a January 20, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Ventura, authenticated by the Benbrook declaration.

6.  Attached as <u>Exhibit 6</u> is a true and correct copy of a January 20, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Los Angeles, authenticated by the Benbrook declaration.

7.  Attached as <u>Exhibit 7</u> is a true and correct copy of a January 27, 2023 letter from to the Office of the County Counsel for the County of Los Angeles to Bradley A. Benbrook, authenticated by the Benbrook declaration.

8.  Attached as <u>Exhibit 8</u> is a true and correct copy of a January 27, 2023 letter from Bradley A. Benbrook to counsel for the City of San Jose, authenticated by the Benbrook declaration.

9.     Attached as <u>Exhibit 9</u> is a true and correct copy of a February 2, 2023 letter from Tamarah P. Prevost, counsel for the City of San Jose, authenticated by the Benrbook declaration.

10.     Attached as <u>Exhibit 10</u> is a true and correct copy of a February 24, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Santa Clara, authenticated by the Benbrook declaration.

Dated:  March 28, 2023                    BENBROOK LAW GROUP, PC

                                          By  s/ Bradley A. Benbrook
                                          BRADLEY A. BENBROOK
                                          Attorneys for Plaintiffs

# EXHIBIT 1

December 30, 2022

Via email to: mzollman@sandiego.gov

Matthew L. Zollman
Office of the San Diego City Attorney
City of San Diego, California
1200 Third Avenue Suite 1100
San Diego, CA 92101

Re:    URGENT – California Code of Civil Procedure Section 1021.11
        With respect to *Fahr v. City of San Diego, California*
        S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS

Dear Counsel:

I am writing to you on behalf of the plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in the above-referenced matter regarding California Code of Civil Procedure ("CCP") Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

> (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

>> (1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

>> (2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

As you may know, on December 19, 2022, the Honorable United States District Judge Roger T. Benitez issued an Opinion And Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order,

**APP 037**

are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not defendants read the Court's Order as applying to them, or read CCP § 1021.11as generally applying to parties in suits (and their counsel/firms) seeking declaratory or injunctive relief (as provided in subdivision (a) of CCP § 1021.11) filed before January 1, 2023, or any person, including an entity, attorney, or law firm that represents any litigant seeking that relief in such a case, we request that defendants stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of this case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs (active or dismissed), and any other person representing any litigant seeking declaratory or injunctive relief in this matter.

Please inform me if any defendant in this case (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) intends to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff in this case) seeking declaratory or injunctive relief at any time.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of all defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that one or more defendants intend to seek remedies under CCP § 1021.11.

If we do not receive from defendant or defendant's counsel by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that defendants will not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

*/s/ Raymond M. DiGuiseppe*
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.

# EXHIBIT 2

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA  95825

www.benbrooklawgroup.com

TELEPHONE:  (916) 447-4900
FACSIMILE:  (916) 447-4904

BRADLEY A. BENBROOK                                                          brad@benbrooklawgroup.com

January 20, 2023

**Via email**
Eric R. Havens
County Counsel
Office of County Counsel
940 W. Main St., Suite 205
El Centro, CA  92243
erichavens@co.imperial.ca.us
countycounsel@co.imperial.ca.us

Re:      California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of Imperial County regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Imperial County.  Among other things, the Imperial County generally prohibits the possession of firearms in any recreational public park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020), which violates the Second Amendment.  We intend to seek declaratory and injunctive relief as to the enforcement of at least this law and policy.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

**APP 040**

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 2

seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 3

Please inform me whether Imperial County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

APP 042

# EXHIBIT 3

# SEILER EPSTEIN LLP
## ATTORNEYS AT LAW

GML@SEILEREPSTEIN.COM

December 30, 2022

Via email: donna.ziegler@acgov.org, clay.christianson@acgov.org

Donna Ziegler, County Counsel
Clay J. Christianson, Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
County of Alameda, California
1221 Oak Street, Suite 450
Oakland, CA 94612

Re:     URGENT – California Code of Civil Procedure Section 1021.11

Dear Counsel:

I am writing to you on behalf of the intended plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in a case to be filed challenging various laws, policies, practices, and customs of Alameda County Sheriff Gregory Ahern, the Alameda County Sheriff's Office, and the County of Alameda, regarding applications for and issuance of licenses to carry firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in County of Alameda, California. We intend to seek declaratory and injunctive relief as to the enforcement of those laws, policies, customs, and practices. However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of CCP § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

## SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 2

(b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

(1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

(2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

**APP 045**

## SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 3

As you may know, on December 19, 2022, United States District Judge Roger T. Benitez issued an Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office read the Court's Order as applying to them, we request that the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of the forthcoming case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me if the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under CCP § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that Prospective Defendants will or would not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that the Prospective Defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

**APP 046**

# SEILER EPSTEIN LLP

ATTORNEYS AT LAW

Page 4

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

George M. Lee

# EXHIBIT 4



# OFFICE OF THE COUNTY COUNSEL

1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700          Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

January 3, 2023

**VIA EMAIL AND U.S. MAIL**

George M. Lee
Seiler Epstein LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Email: gml@seilerepstein.com

Re: California Code of Civil Procedure Section 1021.11

Dear Mr. Lee:

This responds to your letter addressed to me and Clay Christianson, dated December 30, 2022, and received by email delivery at 12:44 p.m., on the 30th.  You allege that you and others are planning to initiate litigation (at some unspecified date and time) regarding applications for and issuance of licenses to carry firearms. You request that the Sheriff and the County of Alameda stipulate that they will not seek to enforce California Code of Civil Procedure ("CCP") Section 1021.11 based on the outcome of your unfiled and unattached litigation. You further advise that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP Section 1021.11 will be deemed to be confirmation that the "Prospective Defendants" intend to seek remedies under CCP Section 1021.11.  You further advise that if you do not receive a written stipulation by January 3, 2023, at 5:00 p.m. (approximately one business day after you tendered your request to this office), you "will be forced to assume that Prospective Defendants . . . do intend to enforce CCP Section 1021.11 against one or more such persons with respect to" your unfiled and unattached litigation.

This letter confirms that you are not able to manufacture facts regarding the Sheriff's and the County's intentions in the manner your letter suggests.  If the County and the Sheriff do not comply with your terms, you will not be "forced to assume" anything, and certainly not the facts you state you will be forced to assume.

On the contrary, rules that govern your practice require that you have a much higher standard of knowledge of the accuracy of facts you allege in a court filing.  You are not able to allege as fact, even on information or belief, the intentions of my clients, simply because they did not perform an act that they lacked any obligation to perform (i.e., entering a stipulation in the manner and on the terms, you propose and on an unreasonable deadline).

**APP 049**

George M. Lee
January 3, 2023
Page 2


You are encouraged to be mindful of your duties and obligations before you make averments in any pleading regarding the intentions of the Sheriff and the County regarding California Code of Civil Procedure Section 1021.11.  Claims against the County and the Sheriff regarding California Code of Civil Procedure Section 1021.11 do not exist and would not be ripe despite your attempts to manufacture a claim.


Very truly yours,

DONNA R. ZIEGLER
County Counsel

**APP 050**

# EXHIBIT 5

# B E N B R O O K   L A W   G R O U P

P r o f e s s i o n a l   C o r p o r a t i o n

7 0 1   U N I V E R S I T Y   A V E N U E ,   S U I T E   1 0 6

S A C R A M E N T O ,   C A L I F O R N I A   9 5 8 2 5

w w w . b e n b r o o k l a w g r o u p . c o m

T E L E P H O N E :   ( 9 1 6 )   4 4 7 - 4 9 0 0
F A C S I M I L E :   ( 9 1 6 )   4 4 7 - 4 9 0 4

BRADLEY A. BENBROOK                                                          brad@benbrooklawgroup.com

January 20, 2023

**Via email**
Tiffany N. North
County Counsel, County of Ventura
Christine A. Renshaw
Assistant County Counsel
County Government Center
800 South Victoria Avenue, L/C #1830
Ventura, CA  93009
tiffany.north@ventura.org
christine.renshaw@ventura.org

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Ventura County.  We intend to seek declaratory and injunctive relief as to the enforcement of at least this policy, custom, and practice.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

**APP 052**

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Ventura or Ventura County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 6

# B E N B R O O K   L A W   G R O U P

P r o f e s s i o n a l   C o r p o r a t i o n
7 0 1   U N I V E R S I T Y   A V E N U E ,   S U I T E   1 0 6
S A C R A M E N T O ,   C A L I F O R N I A   9 5 8 2 5

w w w . b e n b r o o k l a w g r o u p . c o m

T E L E P H O N E :   ( 9 1 6 )   4 4 7 - 4 9 0 0
F A C S I M I L E :   ( 9 1 6 )   4 4 7 - 4 9 0 4

BRADLEY A. BENBROOK                                                   brad@benbrooklawgroup.com

January 20, 2023

**<u>Via email</u>**
Dawyn R. Harrison
Interim County Counsel, County of Los
Angeles
500 West Temple St., Floor 6
Los Angeles, CA 90012
dharrison@counsel.lacounty.gov

Re:     California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Among other things, the Los Angeles County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Furthermore, the Los Angeles County Code generally prohibits the possession of firearms in any public park within the county's jurisdiction (§ 17.04.620), which likewise violates the Second Amendment. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Los Angeles or Los Angeles County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 7



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 972-5780
FACSIMILE
(213) 626-5578
TDD
(213) 633-0901

DAWYN R. HARRISON
Acting County Counsel

January 27, 2023

VIA E-MAIL AND U.S. MAIL

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, California 95825
brad@benbrooklawgroup.com

  Re: **January 20, 2023 Letter Regarding California Code of Civil Procedure Section 1021.11**

Dear Mr. Benbrook:

  This is in response to your letter dated January 20, 2023 regarding California Code of Civil Procedure ("CCP") section 1021.11, in which you request this office "unequivocally stipulate to waiver and non-enforcement of section 1021.11" on behalf of "prospective" County defendants. You request this waiver "in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of" certain unidentified plaintiffs.

  While we understand your position regarding the legality of CCP section 1021.11, it would be inappropriate for this office to stipulate as you request outside of an actual litigation. Should a complaint be filed, we would be willing to discuss entering into a case-specific stipulation with respect to CCP section 1021.11 (if applicable), which we understand has been done in other cases involving the State of California. In addition, we would consider entering a stipulation in a prospective case for which you provide specific information regarding claims and parties.

HOA.103996059.2

**APP 060**

Bradley A. Benbrook
January 27, 2023
Page 2


  Accordingly, please present a draft stipulation that is clearly and specifically connected with a particular lawsuit you filed or plan to file for our review and consideration.

        Very truly yours,

        DAWYN R. HARRISON
        Acting County Counsel


By

        LANA CHOI
        Senior Deputy County Counsel
        Justice and Safety Division


LC:ga

# EXHIBIT 8

# BENBROOK LAW GROUP

### Professional Corporation
### 701 UNIVERSITY AVENUE, SUITE 106
### SACRAMENTO, CALIFORNIA 95825

### www.benbrooklawgroup.com

### TELEPHONE: (916) 447-4900
### FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                      brad@benbrooklawgroup.com

January 27, 2023

**Via email**
Joseph W. Cotchett
  jcotchett@cpmlegal.com
Tamarah P. Prevost
  tprevost@cpmlegal.com
Andrew F. Kirtley
  akirtley@cpmlegal.com
Melissa Montenegro
  mmontenegro@cpmlegal.com
Cotchett, Pitre & Mccarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

    Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

    I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws of the City of San Jose regarding the regulation of firearms that violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in San Jose. As you may recall, my firm previously served as counsel of record for the Plaintiffs in *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, which challenged City ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. Plaintiffs dismissed that lawsuit on August 24, 2022, because of the threat posed by California Code of Civil Procedure Section 1021.11's one-sided fee-shifting provisions. We are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least these same regulations.

    To that end, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any potential enforcement of § 1021.11, in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

BENBROOK LAW GROUP, PC

January 27, 2023
Page 2

> Notwithstanding any other law, any person, including an entity,
> attorney, or law firm, who seeks declaratory or injunctive relief to
> prevent this state, a political subdivision, a governmental entity or
> public official in this state, or a person in this state from enforcing
> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that the City may take the position that the *Miller II* injunction does not *directly* apply to prevent the City from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit

BENBROOK LAW GROUP, PC

January 27, 2023
Page 3

there can be no reasonable argument that the City could constitutionally enforce § 1021.11. We therefore request that the City stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please confirm whether the City of San Jose will stipulate that it will not bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.  Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the City and its officers, agents and employees (the "Prospective Defendants"), such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be further advised that if we do not receive from your office, or other counsel for the City by no later than **12:00 p.m. on Thursday, February 2, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 9

LAW OFFICES
## COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
cpmlegal.com

LOS ANGELES
SEATTLE
NEW YORK

February 2, 2023

**Sent Via E-mail to:**

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, CA 95825
*brad@benbrooklawgroup.com*

  **Re: California Code of Civil Procedure § 1021.11**

Mr. Benbrook:

We are in receipt of your letter dated January 27, 2023. It is unclear from your letter what City of San Jose ("City") ordinance or law specifically you intend to file litigation against, and on behalf of which plaintiffs. *See, e.g.*, January 27 Letter at 1 (noting the letter is sent on behalf of your client and "other intended plaintiffs," and anticipating "a case to be filed challenging various laws of the City of San Jose"). Your language makes it impossible to know what specific City laws you intend to file a lawsuit over, and on behalf of whom, which makes it difficult to evaluate your request. Moreover, my firm represents the City in defense of the 2022 Gun Harm Reduction Ordinance (the "Ordinance"), and not for all purposes or with respect to all possible claims, making it further inappropriate to respond.

To the extent some portion of your letter relates to the Ordinance, your clients voluntarily dismissed their lawsuit in the Northern District of California challenging the Ordinance and have not re-filed a new one. Because the other two lawsuits challenging the Ordinance are still pending in federal court, it would not be appropriate for the City to comment on that pending litigation, for this additional reason.

Nor would it be appropriate for the City to comment on state legislation, whether under Cal. Code Civ. Proc. § 1021.11 or any other state law, that your firm on your client's behalf is currently seeking to invalidate in the Southern District of California. Indeed, in August 2022, just before filing that suit, your firm sent me a similar demand and request. Before the City even had the chance to respond, your client dismissed its claims in the Northern District case, then used that non-response to bolster your client's standing to challenge § 1021.11 in the Southern District. Based on this history, we are concerned that your most recent letter is not intended as a

**APP 067**

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

February 2, 2023
Page 2

good faith offer to resolve (unspecified) future claims against the City, but rather to give your client some advantage in its ongoing lawsuit challenging the constitutionality of § 1021.11.

Accordingly, we respectfully decline to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City.

Best,

TAMARAH P. PREVOST

cc:    Joseph W. Cotchett
       Andrew F. Kirtley

# EXHIBIT 10

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900

FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                                              brad@benbrooklawgroup.com

February 24, 2023

**Via email**

James R. Williams
County Counsel, County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San Jose, CA 95110
county.counsel@cco.sccgov.org

Re:     California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Santa Clara County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Santa Clara County. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

However, we write to you in hopes that we can eliminate the need to <u>also</u> litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

**APP 070**

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 2

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In fact, Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. And when our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11, based on the outcome of the forthcoming case, against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Santa Clara or the Santa Clara County Sheriff's Office (or any of their officers, agents, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") will

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 3

stipulate to refrain from bringing a civil action, motion, application, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon the prospective claims described above.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **12:00 p.m. on Wednesday, March 1, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

Dick A. Semerdjian (SBN 123630)
John A. Schena (SBN 269597)
Chad M. Thurston (SBN 339151)
**SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email:     das@sscelaw.com
               john@sscelaw.com
               chad@sscelaw.com

Attorneys for Defendant
COUNTY OF IMPERIAL

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No. 3:23-cv-00400-LL-AGS <br><br> **RESPONSE OF DEFENDANT COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18]** <br><br> Judge:       Hon. Linda Lopez <br> Magistrate:   Hon. Allison H. Goddard <br><br> Complaint Filed: March 2, 2023 |

# I.   <u>INTRODUCTION</u>

Defendant County of Imperial submits this response to the Court's March 14, 2023 Order to Show Cause to Plaintiffs in this action, as to why this case should not be dismissed. This Response is submitted on behalf of defendants County of Imperial, County of Santa Clara, County of Ventura, County of Los Angeles, City of San Jose, and City of Ventura. Specifically, the Court ordered Plaintiffs to show cause as to: (1) why they have Article III standing; (2) why their claims are ripe for resolution; (3) why venue is proper in this district; and (4) why their claims against each defendant are properly joined into a single action.  Plaintiffs filed a response. (ECF No. 19.)  This response addresses the issues of standing and ripeness.

### A.   **This suit should be dismissed because Plaintiffs lack Article III standing.**

This case presents threshold questions of standing.  As this Court is well aware, Article III limits the jurisdiction of federal courts to "cases" and "controversies."  *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.1993).  "Federal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record."  *Id.* (citation and internal quotation marks omitted).  As the parties seeking to invoke federal jurisdiction, Plaintiffs bear the burden of establishing their standing to sue.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

## II.   <u>PLAINTIFFS HAVE NOT ALLEGED THE INJURY IN FACT NECESSARY TO DEMONSTRATE STANDING</u>

Plaintiffs here cannot demonstrate at least one of the elements of standing— "injury in fact" — the sufficient demonstration of which has been described as an "irreducible constitutional minimum" of Article III standing.  *Id.* at 560.  To sustain an "injury-in-fact" to a legally protected interest, Plaintiffs must show that the injury is both "concrete and particularized" and "actual or imminent," as opposed to "conjectural" or "hypothetical."  *Lujan*, 504 U.S. at 561.  In the present circumstance, seeking pre-enforcement review, courts have held that a plaintiff

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

satisfies the injury-in-fact requirement where the plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).  In the Ninth Circuit, a credible threat of prosecution exists where "the government has declared its intention to enforce" the law. *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 652–53 (9th Cir. 2021) (*citing Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 533 (1925)).  In *California Trucking Ass'n*, plaintiff established a credible threat of prosecution based upon "state sent letters to businesses notifying" them about the challenged law (AB-5) and the fact that the state began "moving aggressively to enforce" the law after its enactment.  *Id.*

But here, as the Court noted in the Order to Show Cause, Plaintiffs are not at risk of imminent and substantial harm—both because of the district court's decision in *Miller v. Bonta*, No. 22CV1446-BEN (JLB), 2022 WL 17811114, at *4 (S.D. Cal. Dec. 19, 2022), and because Defendants have never signaled any intent to enforce or apply the state statute—a statute that they had no role in enacting.  (ECF No. 18, Order at 2:13-15.)  Therefore, Plaintiffs are not presently encountering a credible threat of enforcement, and it is unreasonable to believe that Plaintiffs are at risk of being liable for "ruinous attorney fees" by way of Defendants seeking fees pursuant to Code of Civil Procedure 1021.11 or, even more remotely, a court awarding such attorney's fees under that now-enjoined state statute.

Indeed, this Court in *Miller* struck down Section 1021.11 as unconstitutional:

> This Court concludes that the purpose and effect of § 1021.11 is to trench on a citizen's right of access to the courts and to discourage the peaceful vindication of an enumerated constitutional right. Because the state fee-shifting statute undermines a citizen's constitutional rights, it is this Court's role to declare its invalidity and enjoin its threat.

*Miller v. Bonta*, 22CV1446-BEN (JLB), 2022 WL 17811114, at *4.  The Order has become final due to the lack of an appeal.  This is of import here as Plaintiffs seek declaratory and injunctive relief only, which necessitates a further requirement that

Plaintiffs show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury. *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir.1995). Pre-*Miller*, the Plaintiffs would have faced uncertainty about the risk of Section 1102.11 attorney's fee exposure. Post-*Miller*, however, the threat of injury is in the past.

Plaintiffs are not at risk of Defendants parsing the *Miller* decision to distinguish it in any hypothetical future Second Amendment case that Plaintiffs might bring because the *Miller* decision was comprehensive in its analysis of Section 1021.11. As the *Miller* decision notes, the Attorney General refused to defend the constitutionality of the statute. *Id*. at *1. Thus, under the post-*Miller* state of the law in California, the threat that Plaintiffs will be subject to Section 1021.11 fees is neither actual nor imminent. Plaintiffs nevertheless argue that the *Miller* injunction has limited impact because the local government Defendants here are not in privity with the State.[1] (ECF No. 19 at 3:23-28.) While perhaps technically true, from a pragmatic standpoint the statute is now "red-flagged" on Westlaw as unconstitutional and pre-empted. Under these circumstances, there is no legitimate risk that any entity would seek to invoke Section 1021.11, or that any court would allow it to be enforced. Any future local government defendant is unlikely to attempt to distinguish the *Miller* decision from their own case given the comprehensiveness of the ruling and the court's clear directive that it has broad preclusive effect.

---

[1] Notably, the Court's injunction against Section 1021.11 was broad:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

*Miller v. Bonta*, No. 22CV1446-BEN (JLB), 2022 WL 17811114, at *8.

APP 076

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

Plaintiffs next argue that the *Miller* decision does not provide adequate assurance of non-enforceability because Defendants have not made affirmative statements of non-enforcement.  (ECF No. 19 at 4:10-13.)  But Plaintiffs' "affirmative" assertion argument is not supported by the law or common sense. Plaintiffs suggest that successfully striking down a statute as unconstitutional should give rise to the ability to extract promises from local government defendants not to seek fees under that same unconstitutional and already enjoined statute.  Or, without such affirmative promises, they are entitled to secure such post-injunction assurances by way of the courts.  Yet, none of the four cases cited by Plaintiffs supports that they would have standing to obtain post-injunction relief because each of the cases involve the distinguishable fact that these others cases involved initial challenges lodged against the state or state actor responsible for enacting the alleged unconstitutional statue: *New Hampshire Right to Life Political Action Committee v. Gardner*, 99 F.3d 8, 15 (1st Cir. 1996) (suit against Secretary of State for capping independent political expenditures); *Virginia v. American. Booksellers Ass'n, Inc*., 484 U.S. 383 (1988) (suit against the State, under the First Amendment, challenging a statute making it unlawful to knowingly display sexually explicit material accessible to juveniles); and *Babbitt v. United Farm Workers National Union*, 442 U.S. 289 (1979) (lawsuit against the Governor of Arizona challenging constitutionality of Arizona Agricultural Employment Relations Act); *Arizona Right to Life Political Action Committee v. Bayless*, 320 F.3d 1002, 1007 (9th Cir. 2003) (suit against Arizona Attorney General challenging constitutionality of political advertising law).  Thus, none of those cases supports the concept Plaintiffs propose here, to endorse perpetual litigation to re-prove that the already-enjoined statute is still unconstitutional.

Plaintiffs' demand of an "affirmative" promise from the municipal defendants is also impractical and improper.  There is no credible threat that a governmental actor is seeking to or has plans to seek Section 1021.11 fees.  There is simply no

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

legal or practical requirement for public officials to publicly state that they will follow the law and the courts' decisions about such laws. Thus, because Section 1021.11 has been declared unconstitutional by a district court in California, particularly in the manner here—*i.e.*, with the California Attorney General refusing to defend it—the probability that any municipal defendant will seek attorney's fees under the enjoined statute is beyond negligible and the risk of actual harm—*i.e.* that any state or federal court will award fees under the enjoined statute—is nothing more than empty conjecture. In the absence of a credible threat that Defendants will invoke Section 1021.11 against them, Plaintiffs' choice to censor themselves by purportedly declining to file Second Amendment lawsuits cannot supply Article III injury-in-fact. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.").

The risk of injury to Plaintiffs is speculative for yet another reason. Plaintiffs have threatened Defendants with lawsuits challenging the entities' application and enforcement of the entities' licensing regime for carrying concealed firearms under the Second and Fourteenth Amendment. However, as the Court in *South Bay Rod & Gun Club, Inc. v. Bonta*, No. 22CV1461-BEN (JLB), 2022 WL 17811113, at *4 (S.D. Cal. Dec. 19, 2022) further held, Section 1021.11's fee-shifting provisions violate the Supremacy Clause because those provisions directly conflict with the fee-shifting statute in 42 U.S.C. §1988. Section 1988, as a fee-shifting statute, is intended to encourage the protection of constitutional rights by rewarding plaintiffs who prevail in a constitutional challenge. It is reasonable to expect that Plaintiffs will seek attorney fees pursuant to Section 1998 in the threated litigation just like they have in this case. (*See*, ECF No.1, Complaint at Prayer ¶6.) Under Section 1988, a prevailing plaintiff is entitled to attorney fees. Where state or local governments are defendants, the Supreme Court construes Section 1988 as

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

permitting defensive fees only where the plaintiff's claim is "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). But as the *South Bay Rod & Gun Club* court held, Section 1021.11's fee-shifting provisions violate the Supremacy Clause and may not override the fee-shifting statue of Section 1988. Thus, Plaintiffs' purported concern, that they might be injured by the threat of Section 1021.11 fees in their threatened constitutional challenge to the municipalities' practices regarding concealed carry permits, is not imminent or concrete, thus, vitiating their standing claim.

**B.**   **For many of the same reasons discussed above, Plaintiffs' claims also are not ripe.**

As this Court has recognized, Plaintiffs also do not have a ripe claim. (ECF No. 18 at 2.) Courts have noted that "sorting out where standing ends and ripeness begins is not an easy task." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). The Supreme Court instructs that ripeness is "peculiarly a question of timing," designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967). In threat-of-enforcement cases, courts have often considered that the standing and ripeness issues turn on the same question: credibility of the threat of imminent enforcement. *Susan B. Anthony*, 573 U.S. at 157 n.5. Thus, the lack of any clear threat of imminent enforcement defeats ripeness. *Renne v. Geary*, 501 U.S. 312, 320–25 (1991). For the reasons detailed above, Plaintiffs cannot genuinely allege a credible risk of harm of Section 1021.11 being invoked or enforced against them. Thus, Plaintiffs' claims are also not ripe, and could be dismissed on that additional basis.

### III.    CONCLUSION

Plaintiffs lack standing to bring a pre-enforcement action and the action should be dismissed in its entirety.

Dated:  April 11, 2023                    SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP


                                          By:  /s/ John A. Schena
                                               Dick A. Semerdjian
                                               John A. Schena
                                               Chad M. Thurston
                                               Attorneys for Defendant
                                               COUNTY OF IMPERIAL

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

1  MATTHEW D. ZINN (State Bar No. 214587)
   RYAN K. GALLAGHER (State Bar No. 344349)
2  SHUTE, MIHALY & WEINBERGER LLP
   396 Hayes Street
3  San Francisco, California 94102
   Telephone:(415) 552-7272
4  Facsimile: (415) 552-5816
   zinn@smwlaw.com
5  rgallagher@smwlaw.com

6  Attorneys for Defendant
   County of Alameda
7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | FIREARMS POLICY | Case No. 3:23-cv-00400-LL-DDL |
   | COALITION, INC.; CALIFORNIA | |
13 | GUN RIGHTS FOUNDATION; | **RESPONSE OF DEFENDANT** |
   | SAN DIEGO COUNTY GUN | **COUNTY OF ALAMEDA TO** |
14 | OWNERS PAC, | **ORDER TO SHOW CAUSE** |

15              Plaintiffs,        By invitation of the Court (ECF
                                   No. 18)
16         v.

17 CITY OF SAN DIEGO; COUNTY
   OF IMPERIAL; COUNTY OF
18 ALAMEDA; COUNT OF
   VENTURA; COUNTY OF LOS
19 ANGELES; CITY OF SAN JOSE;
   and COUNTY OF SANTA CLARA,
20
               Defendants.
21

22

23

24

25

26

27

28

1

2

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ 3

INTRODUCTION ............................................................................................. 5

ARGUMENT ..................................................................................................... 6

    I.    This case should be dismissed for lack of standing because
        Plaintiffs cannot show that any alleged injury is fairly
        traceable to Defendants. ................................................................ 6

    II.   Plaintiffs' claims should be dismissed because Defendants
        are misjoined and venue is improper in the Southern District
        of California for the Non-resident Defendants. ............................... 9

CONCLUSION ............................................................................................... 15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# TABLE OF AUTHORITIES

**CASES**

*Almont Ambulatory Surgery Center, LLC v. UnitedHeath Group, Inc.*,
    99 F. Supp. 3d 1110 (C.D. Cal. 2015)......................................................12

*Am. Civ. Liberties Union v. Fl. Bar*,
    999 F.2d 1486 (11th Cir. 1993) ................................................................8

*Brewster v. City of Los Angeles*,
    Case No. EDCV 14-2257 JGB (SPx), 2019 WL 7707886 (C.D. Cal.
    July 19, 2019) ...........................................................................................7

*Bryant v. California Brewers Association*,
    585 F.2d 421 (9th Cir. 1978) ..........................................................12, 13

*Cal. Brewers Ass'n v. Bryant*,
    444 U.S. 598 (1980) ................................................................................12

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ..................................................................................6

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) ...............................................................10

*Dakota Rural Action v. Noem*,
    Civ 19-5026, 2019 WL 4546908 (D.S.D. Sept. 18, 2019) .................6, 7, 8

*Desert Empire Bank v. Ins. Co. of N. Am.*,
    623 F.2d 1371 (9th Cir. 1980) .........................................................10, 14

*Evers v. Custer County*,
    745 F.2d 1196 (9th Cir. 1984) ..................................................................7

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
    596 F. Supp. 2d 1282 (D. Ariz. 2009)..................................................9, 15

*Khalaj v. United States*,
    474 F. Supp. 3d 1029 (D. Ariz. 2020) ......................................................9

*Los Angeles County v. Humphries*,
    562 U.S. 29 (2010) ....................................................................................6

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................6

*Miller v. Bonta*,
    No. 3:22-cv-1446-BEN-MDD, 2022 WL 17811114 (S.D. Cal. Dec.
    19, 2022) ............................................................................................8, 13

*Nichols v. Brown*,
    859 F. Supp. 2d 1118 (C.D. Cal. 2012)..................................................6, 7

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL      APP 083

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986) ........................................................................ 6

*Rush v. Sport Chalet, Inc.*,
    779 F.3d 973 (9th Cir. 2015) .................................................... 9, 12

*Spaeth v. Mich. State Univ. Coll. of Law*,
    845 F. Supp. 2d 48 (D.D.C. 2012)........................................ 10, 11, 12

*U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*,
    8 F. Supp. 3d 339 (S.D.N.Y. 2014) ............................................ 15

*United States v. Mississippi,*
    380 U.S. 128 (1965) .................................................................. 13

*Wilson v. Stoker*,
    819 F.2d 943 (10th Cir. 1987) .................................................... 8

*Wynn v. Nat'l Broad. Co., Inc.*,
    234 F. Supp. 2d 1067 (C.D. Cal. 2002)............................ 10, 11, 12, 13

**STATUTES**

28 U.S.C. § 1391(b)..................................................................... 14

28 U.S.C. § 1391(b)(1)................................................................. 14

28 U.S.C. § 1391(c)(2)................................................................. 14

28 U.S.C. § 1406(a)..................................................................... 15

**CALIFORNIA CONSTITUTION**

Cal. Const., art. XI, § 7............................................................... 11

**STATE STATUTES**

Cal. Civ. Proc. Code § 1021.11 ............................................... passim

**RULES**

Fed. R. Civ. P. 21.................................................................... 9, 14

**TREATISES**

7 Charles Alan Wright & Arthur R. Miller, Federal Practice &
    Procedure § 1683 (3d ed. 2022) ................................................ 9

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

**INTRODUCTION**

As this Court recognized in its Order to Show Cause (ECF No. 18 at 1–2), Plaintiffs lack standing to bring this suit. Plaintiffs' issue is with California Code of Civil Procedure section 1021.11, a statute enacted by the California State Legislature. Plaintiffs have not alleged that any of the Defendants played any role in its adoption or have implemented any policy or practice to enforce it. Accordingly, Plaintiffs cannot satisfy the causation or redressability requirements of Article III standing. The Court should therefore dismiss their claims for lack of subject matter jurisdiction.

In the alternative, Plaintiffs' claims should be dismissed without prejudice for improper joinder and venue. Plaintiffs have attempted to join as defendants in this action seven separate California cities and counties. These local governments are scattered throughout the state. They have neither enacted a common policy nor taken any concerted action that could possibly link Plaintiffs' discrete claims against them. And to the extent that Plaintiffs have interacted with these local governments at all, it has been on an individualized basis, regarding the entirely distinct lawsuits that Plaintiffs allege they might someday file against each entity's individual firearms regulations—regulations adopted independently by each entity under its local police power.

The Federal Rules of Civil Procedure do not allow the permissive joinder of multiple defendants under these circumstances. *See* ECF No. 18 at 3. And because Defendants were improperly joined, venue is improper as to the five defendants not located in the Southern District of California.[1] *See id.* at 2–3. To cure these joinder and venue defects, Plaintiffs' claims against the five Non-resident Defendants should be dismissed without prejudice.

---

[1] These five jurisdictions (collectively, "Non-resident Defendants") are the City of San Jose and the Counties of Alameda, Los Angeles, Santa Clara, and Ventura.

**ARGUMENT**

**I.    This case should be dismissed for lack of standing because Plaintiffs cannot show that any alleged injury is fairly traceable to Defendants.**

Plaintiffs lack standing to bring their claims. One indispensible requirement of standing is that the plaintiff's alleged injury be fairly traceable to the defendant's conduct. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (citation omitted). Plaintiffs have alleged no facts that would connect these Defendants to any purported injury from Section 1021.11. *See* ECF No. 18 at 2.

When raising section 1983 claims against municipal defendants—including claims seeking injunctive or declaratory relief—plaintiffs must be able point to a "policy," "practice," or "custom" of the municipality that has caused the infringement of their constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Los Angeles County v. Humphries*, 562 U.S. 29, 37, 39 (2010). Consequently, if the plaintiff cannot identify a "policy" or "practice" of the defendant municipality that is responsible for its purported injury, it cannot satisfy the causation or redressability elements of Article III standing. *See Nichols v. Brown*, 859 F. Supp. 2d 1118, 1133–34 (C.D. Cal. 2012) (holding, in the absence of allegations of a municipal policy, that "Plaintff's claims do not establish that the [city defendants] have any connection to his alleged injury and fail to satisfy the second [causation] prong of the standing analysis."); *id.* at 1134 (concluding redressability prong also cannot be satisfied where plaintiff identifies no municipal "policy"); *Dakota Rural Action v. Noem*, Civ 19-5026, 2019 WL 4546908, at *5 (D.S.D. Sept. 18, 2019) (same).

Plaintiffs in this case have not come close to alleging the sort of municipal "policy" or "practice" that would be necessary to fulfill the causation and

redressability elements of Article III standing. Plaintiffs' ultimate issue is with Section 1021.11—a *state* statute. Defendant *local* governments have formulated no policy or practice about implementing that statute and have never sought or signaled any inclination to enforce it.[2] *See* ECF No. 18 at 2. In fact, before Plaintiffs initiated this action, Defendants' only connection to Section 1021.11 was that they happened to be located within the state where it was enacted. Plaintiffs have identified nothing about *these* defendants to differentiate them from the other 53 counties and 480 cities in California. Without being able to point to a local "policy" or "practice" that is responsible for their alleged injuries, Plaintiffs cannot establish the causation or redressability elements of standing. *See Nichols*, 859 F. Supp. 2d at 1133–34; *Dakota Rural Action*, 2019 WL 4546908, at *5.

The decision in *Dakota Rural Action* is directly on point. The plaintiffs brought a pre-enforcement challenge against both state and county officials seeking to enjoin their enforcement of a new state law that imposed penalties for supporting certain forms of protests, on the grounds that the law chilled the plaintiffs' protected speech in violation of the First Amendment. 2019 WL 4546908, at *1–2.

The court examined whether the plaintiffs "ha[d] alleged a nexus between their injuries and an official policy of [the county] in order to determine whether they ha[d] standing to sue" the county officials. *Id.* at *3. It held the critical questions were "whether the unconstitutional act 'may fairly

---

[2] A different case might be presented where a municipality has adopted a local policy or practice to enforce an unconstitutional state law. *See Brewster v. City of Los Angeles*, Case No. EDCV 14-2257 JGB (SPx), 2019 WL 7707886, at *7 n.6 (C.D. Cal. July 19, 2019) (citing *Evers v. Custer County*, 745 F.2d 1196, 1203 (9th Cir. 1984)). Here, however, Plaintiffs have not identified any policy or practice of any Defendant to enforce Section 1021.11.

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

be said to represent official policy' of th[e] municipality and whether the policy was the 'moving force' behind the violation." *Id.* at *5 (citation omitted). Thus, the court continued, the plaintiffs must allege "a 'direct causal link' between a municipal policy and the alleged constitutional violation, and a 'deliberate choice [by the municipality] to follow a course of action . . . made from among various alternatives.'" *Id.* (citation omitted).

The court found the essential "causal link" was missing. "Plaintiffs have failed to allege that [county] sheriff officials have made any choices at all regarding enforcement of the challenged laws that could cause a violation of Plaintiffs' First Amendment rights. Plaintiffs' allegations show only that a policy choice was made by State officials." *Id.* Accordingly, the court dismissed the claims against the county officials for lack of standing. *Id.* Plaintiffs' suit should be disposed of in the same way here, for the same reasons.

The proper course of action for Plaintiffs is the one they took previously: suing *State* officials. "Under United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule." *Am. Civ. Liberties Union v. Fl. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993); *see also Wilson v. Stoker*, 819 F.2d 943, 947 (10th Cir. 1987) (holding state attorney general was proper defendant in pre-enforcement challenge to state statute due to attorney general's broad enforcement authority). Plaintiffs properly sought from California state officials—and have now successfully obtained—all injunctive and declaratory relief available to them. *See Miller v. Bonta*, No. 3:22-cv-1446-BEN-MDD, 2022 WL 17811114, at *8 (S.D. Cal. Dec. 19, 2022). That relief effectively discourages anyone, including Defendants, from even attempting to invoke Section 1021.11 against Plaintiffs. Whatever additional, amorphous "relief"

1 Plaintiffs may now wish to obtain from defendant local governments is not

2 relief available to them at this juncture under Article III.

3      If the Court dismisses this action for lack of subject matter jurisdiction,

4 it need not reach the joinder or venue issues discussed below. *Cf. Khalaj v.*

5 *United States*, 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to

6 dismiss is based on more than one ground, the court should consider the Rule

7 12(b)(1) challenge first because the other grounds will become moot if the court

8 lacks subject matter jurisdiction.").

## II.   Plaintiffs' claims should be dismissed because Defendants are misjoined and venue is improper in the Southern District of California for the Non-resident Defendants.

11      The Federal Rules of Civil Procedure permit the Court to drop misjoined

12 parties from an action. Fed. R. Civ. P. 21. Because Rule 21 does not supply its

13 own standard for misjoinder, courts look to whether Rule 20's requirements for

14 the permissive joinder of parties have been satisfied. 7 Charles Alan Wright &

15 Arthur R. Miller, Federal Practice & Procedure § 1683 (3d ed. 2022). Under

16 Rule 20, the permissive joinder of defendants requires *both* (1) that the right

17 to relief asserted against all defendants "aris[es] out of the same transaction,

18 occurrence, or series of transactions or occurrences"; *and* (2) that the action

19 raises a question of law or fact common to all defendants.[3] *Rush v. Sport Cha-*

20 *let, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (quoting Fed. R. Civ. P. 20(a)(2)).

21 These two requirements implicate distinct concerns. Thus the mere presence

22 of a common question of law does not demonstrate the existence of a common

23 transaction or occurrence. *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596

24 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). In addition, permissive joinder of a

25 defendant under Rule 20 must "comport with the principles of fundamental

26

27 [3] For the limited purposes of this Response, Defendants do not contest that

28 Plaintiffs' claims may implicate at least one question of law common to all De-
fendants.

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

1  fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th
2  Cir. 1980).

3      To satisfy Rule 20's "same transaction or occurrence" requirement, plain-
4  tiffs must allege more than merely that all defendants are similarly situated
5  or even that they have violated the same laws in comparable ways. *See Wynn*
6  *v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1078–80 (C.D. Cal. 2002);
7  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("Plaintiffs do not al-
8  lege that their claims arise out of a systematic pattern of events and, therefore,
9  arise from the same transaction or occurrence."); *Spaeth v. Mich. State Univ.*
10 *Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012). Rather, plaintiffs must be
11 able to point either to some "concerted action between defendants," *Spaeth*, 845
12 F. Supp. 2d at 53, or to a "collective or controlling entity" that binds defendants
13 to a shared, uniform policy, *Wynn*, 298 F. Supp. 2d at 1079–80.

14     Here, the Court's skepticism in the OSC that "Plaintiffs' claims against
15 each defendant are sufficiently related to each other such that they should be
16 litigated in the same lawsuit" is apt. ECF No. 18 at 3. The discrete claims
17 against the seven unrelated defendant local governments do not arise out of
18 the same transaction or occurrence. Plaintiffs have alleged no concerted action,
19 agreement, or even communication among them. Plaintiffs' entire theory boils
20 down to a pair of immaterial observations: (1) the California State Legislature
21 has enacted a new law, California Code of Civil Procedure section 1021.11
22 ("Section 1021.11"); and (2) Defendants have not yet expressly conceded—on
23 Plaintiffs' own exact terms—that Defendants will not seek to apply Section
24 1021.11 in hypothetical future Second Amendment suits that Plaintiffs allege
25 they might someday bring against them. *See* ECF No. 19 at 6, 8.

26     These two facts do not come close to a concerted action or shared policy.
27 Plaintiffs do not allege that Defendants played any role in the Legislature's
28 adoption of Section 1021.11. *See* ECF No. 1 ¶¶ 18, 20; ECF No. 19 at 6. And

10

1    they do not allege that Defendants have ever applied Section 1021.11 or sig-

2    naled that they would in the future. *See* ECF No. 18 at 2. Section 1021.11

3    therefore is not a policy developed by or binding upon Defendants and cannot

4    constitute the "same transaction or occurrence" that unifies all of Plaintiffs'

5    claims. *See Spaeth*, 845 F. Supp. 2d at 54 (requiring plaintiffs point to a "shared

6    policy" pursuant to which each defendant actually acted); *Wynn*, 234 F. Supp.

7    2d at 1067 (same).

8       Furthermore, as Plaintiffs' own submissions make clear, Defendants' in-

9    dividual interactions with Plaintiffs evince no concerted action or common

10   policy among Defendants. Plaintiffs' counsel contacted Defendants to demand

11   that they stipulate to non-enforcement of Section 1021.11 via separate letters,

12   sent on different dates, referencing each jurisdiction's own distinct firearms

13   regulations.[4] *See* ECF No. 1, Exs. 1, 2, 3, 5, 6, 8, 10; ECF No. 1 ¶¶ 47–55. Plain-

14   tiffs received no shared or uniform response. Some Defendants declined

15   Plaintiffs' demands outright. *See* ECF No. 1, Exs. 4, 9; ECF No. 1 ¶¶ 47, 49,

16   50, 54. At least one Defendant indicated it could not agree to Plaintiffs' exact

17   terms, but would be willing to discuss a stipulation regarding Section 1021.11

18   on a case-by-case basis, if a challenge to its regulations were ever filed. *See*

19   ECF No. 1, Ex. 7; ECF No. 1 ¶ 52. Several Defendants simply did not respond

20   at all. *See* ECF No. 1 ¶¶ 48, 51, 55. To the extent Plaintiffs' claims arise from

21   these interactions, rather than from Section 1021.11 itself, Plaintiffs have

22   pointed to nothing more than distinct "autonomous . . . decisions," made "at

23   different times, for different reasons, with regard to" different underlying facts.

24

25

26

27

28

---

[4] The various defendant jurisdictions adopted their distinct firearms regula-
tions at different times, under their respective police powers. *See* Cal. Const.,
art. XI, § 7. Thus, these underlying regulations also are not a "common policy"
that could tie together Plaintiffs' claims. And Plaintiffs have not alleged that
they could.

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL    

1   *Wynn*, 234 F. Supp. 2d at 1080. That is far short of the sort of common conduct
2   or policy that the "same transaction or occurrence" prong requires. *See id.*;
3   *Spaeth*, 845 F. Supp. 2d at 54. And because Plaintiffs cannot satisfy *both* of
4   Rule 20's mandatory requirements, Defendants are misjoined. *Rush*, 779 F.3d
5   at 974.

6          Plaintiffs' cases only further illustrate why joinder is inappropriate here.
7   The Ninth Circuit's four-sentence discussion of joinder in *Bryant v. California*
8   *Brewers Association* turned on the fact that each defendant brewery had af-
9   firmatively signed on to and was bound by the single statewide collective
10  bargaining agreement that was at issue in the lawsuit. *See* 585 F.2d 421, 425
11  (9th Cir. 1978) (noting that all breweries, as signatories to the agreement, "sup-
12  port and maintain the disputed contract provisions"), *vacated on other grounds*,
13  *Cal. Brewers Ass'n v. Bryant*, 444 U.S. 598 (1980); *id.* at 423 n.1 (observing the
14  agreement had been negotiated on behalf of all defendant breweries by a single
15  industry group). The coordination and formal agreement among defendants
16  that justified joinder in *Bryant* is precisely what is missing in this case.[5] As
17  discussed above, Defendants did not participate in the State's adoption of Sec-
18  tion 1021.11. They have entered into no common agreement about its
19  application, nor has any defendant ever attempted to enforce it. Defendants
20  are linked only by the happenstance of having each enacted a regulation on
21  firearms and having apparently incurred Plaintiffs' discontent for doing so.

22

23  ───────────────
24  [5] *Almont Ambulatory Surgery Center, LLC v. UnitedHeath Group, Inc.*, 99 F.
    Supp. 3d 1110 (C.D. Cal. 2015), is distinguishable for the same reason. There,
25  the court found Rule 20(a)(2)'s "same series of transactions or occurrences"
    prong satisfied only after concluding that plaintiffs had pleaded that defend-
26  ants' conduct was all "part of the larger systematic behavior" of improperly
    withholding payment for a particular type of medical service. 99 F. Supp. 3d at
27  1188. It is precisely that concerted "system[]" of behavior among defendants
28  that is missing here.

                                              12

1 Against this backdrop, Plaintiffs have not and cannot allege the sort of con-
2 certed action that *Bryant* held sufficient to satisfy Rule 20.

3     Similarly, in *United States v. Mississippi*, the complaint "charged a long-
4 standing, carefully prepared, and faithfully observed plan" to disenfranchise
5 Black voters, a plan "which the . . . statistics included in the complaint would
6 seem to show had been remarkably successful." 380 U.S. 128, 135–36 (1965).
7 Indeed, "*Mississippi* involved a clear nexus between all of the discriminating
8 individuals that justified joining all of the parties into a single case, namely a
9 state-wide discriminatory voting registration law that each county enforced as
10 an instrumentality of the state." *Wynn*, 234 F. Supp. 2d at 1080. There is no
11 statewide "plan" here—much less one bearing all the essential attributes that
12 *Mississippi* emphasized. Even putting aside Defendants' complete lack of in-
13 volvement with Section 1021.11 before or after its enactment, the 14-week-old
14 Section 1021.11 is not "longstanding." It certainly is not "faithfully observed,"
15 given that the State is now enjoined from enforcing it, and Defendants have
16 never signaled any intent to apply it themselves. *See Miller*, 2022 WL
17 17811114, at *8; ECF No. 18 at 2; ECF No. 1 ¶¶ 46–55. And Plaintiffs have
18 marshalled no statistical evidence showing that Section 1021.11 has actually
19 had the chilling effect on Second Amendment litigation that they allege. In the
20 absence of an analogous statewide "plan," the *Mississippi* decision is not a
21 blank check for plaintiffs to sue in a single action all entities that could theo-
22 retically avail themselves of a law that plaintiffs find objectionable.

23     As a fallback, Plaintiffs suggest that even if Defendants *are* misjoined
24 under Rule 20(a)(2), the Court can and should allow the action to proceed as-
25 is because correcting the misjoinder would unduly prejudice Plaintiffs. *See*
26 ECF No. 19 at 9–10. This is incorrect, both as a matter of law and fact. Preju-
27 dice alone cannot trump Rule 20's twin requirements. *See Wynn*, 234 F. Supp.
28 2d at 1078 ("[Rule 20(a)'s two] requirements must be satisfied in order to *allow*

13

for joinder under Rule 20(a), however, even if these requirements are satisfied, there is no requirement that the parties *must* be joined."). Regardless, any inconvenience Plaintiffs may experience from dismissal does not outweigh the fundamental unfairness to misjoined Defendants of being forced to continue to litigate these unrelated matters in an improper venue, as explained below.[6] *See Desert Empire Bank*, 623 F.2d at 1375. Defendants are aware of no statute of limitations problems or other procedural barriers that would preclude Plaintiffs from re-filing their claims in the appropriate fora after the current claims are dismissed.

Plaintiffs' failure to satisfy Rule 20's requirements would be reason enough to dismiss their claims. *See* Fed. R. Civ. P. 21. But dismissal without prejudice is necessary here for an additional reason: severing the claims against each Defendant would make venue in this Court improper as to the Non-resident Defendants. As this Court correctly recognized, none of the Non-resident Defendants has "any obvious connection to this district," and no "substantial part of the events or omissions giving rise to Plaintiffs' claims" against these Defendants occurred in this district. ECF No. 18 at 3; *see also* 28 U.S.C. § 1391(b), (c)(2). Plaintiffs have effectively conceded this. *See* ECF No. 19 at 5–6 (contending venue is proper only because the Non-resident Defendants are located in California and the other two Defendants do reside in the Southern District); *see also* ECF No. 1 ¶ 7 (alleging venue is proper only on the basis of residence under § 1391(b)(1)). Courts routinely dismiss claims against

---

[6] Plaintiffs are correct that dismissal of an entire action is not a remedy available under Rule 21. *See* ECF No. 19 at 9 (quoting Fed. R. Civ. P. 21). That is not a problem here. Plaintiffs' claims against one or both of Defendants City of San Diego and County of Imperial could move forward in this Court after the claims against Non-resident Defendants are dismissed. *See id.* at 9–10 (conceding this outcome would be permissible under the Federal Rules).

14

misjoined defendants where severing the claims would result in venue issues. *See, e.g.*, *U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339, 344–45 (S.D.N.Y. 2014); *Golden Scorpio Corp.*, 596 F. Supp. 2d at 1285–86, 1288; *see also* 28 U.S.C. § 1406(a) (permitting district court to dismiss a case when venue is improper). In short, dismissing without prejudice all claims against Non-resident Defendants is the most prudent way to remedy the inter-related joinder and venue defects in Plaintiffs' action.

## CONCLUSION

Because Plaintiffs lack standing, the Court should dismiss Plaintiffs' action in with prejudice for lack of Article III jurisdiction. Alternatively, the Court should dismiss without prejudice all claims against Non-resident Defendants on the basis of misjoinder and improper venue.

DATED: April 11, 2023             SHUTE, MIHALY & WEINBERGER LLP


                                  By: ___s/Matthew D. Zinn_____
                                      MATTHEW D. ZINN

                                      Attorney for Defendant
                                      County of Alameda

1
2
3
4
BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

5
6
7
JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

8
9
10
11
12
COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

13
*Admitted *pro hac vice*

Attorneys for Plaintiffs

14
15
16
# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-VET<br><br>**DECLARATION OF BRANDON COMBS IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**<br><br>Date: March 8, 2024<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

I, Brandon Combs, declare:

1. I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-profit membership organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2. In my previous declaration offered in support of Plaintiffs' Motion for Preliminary Injunction Or, Alternatively, For Summary Judgment, ECF No. 20-2, I detailed how Section 1021.11 significantly infringed the constitutional rights of FPC and its members. The statute has caused FPC to dismiss or refrain from bringing lawsuits challenging Defendants' firearms regulations that FPC and its members believe are unconstitutional. Section 1021.11 continues to impose ongoing harm on FPC and its members.

3. In the more than nine months that have passed since Plaintiffs filed their motion for a preliminary injunction, FPC has been contacted by additional individuals who have potential separate claims against Defendants in this case, and, but for Section 1021.11, FPC would have pursued multiple of those potential claims. Indeed, FPC exists in large part to assert such claims through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms.

4. Beyond the claims outlined in the Complaint and in my previous declaration, the risk of fee liability imposed by Section 1021.11 has caused FPC to refrain from filing additional suits or litigating constitutional claims that it is otherwise prepared to file and litigate. As explained in the declaration of FPC's counsel (Bradley A. Benbrook), FPC recently requested that the County of San Diego stipulate to non-enforcement of the provisions of Section 1021.11 in a lawsuit challenging the constitutionality of California's laws imposing a residency requirement for obtaining

a license to carry a concealed firearm. FPC has incurred fees to prepare the pleadings in such a lawsuit and has refrained from filing because San Diego County Counsel has refused to stipulate to Section 1021.11 non-enforcement. As with the cases FPC has refrained from bringing against each of the Defendants, FPC is prepared to file this challenge but it has refrained from doing so due to Section 1021.11's threat of ruinous fee liability.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

BRANDON COMBS

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No.: 3:23-cv-00400-LL-VET <br><br> **DECLARATION OF BRADLEY A. BENBROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL** <br><br> Date: March 8, 2024 <br> Courtroom 5D (5th Floor) <br> Hon. Linda Lopez |

I, Bradley A. Benbrook, declare:

1.     I am an attorney, licensed to practice law in the State of California, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     I was also counsel of record for the Plaintiffs in *Miller v. Bonta*, 646 F. Supp. 3d 128 (S.D. Cal. 2022), where this Court enjoined the State from enforcing Code of Civil Procedure § 1021.11 ("Section 1021.11").

3.     Section 1021.11's pernicious effects have continued while this lawsuit has been pending. For example, FPC has incurred fees to prepare a lawsuit challenging the constitutionality of California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3). The individual plaintiff in the case would have to seek licensure from San Diego County, so the County may also be named in any such suit. *See* Cal. Penal Code § 26150(b).

4.     On December 22, 2023, my office sent a letter to the Office of the County Counsel for the County of San Diego asking it to stipulate to non-enforcement of Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a lawsuit challenging the CCW residency requirement. A true and correct copy of the letter is attached as <u>Exhibit 1</u>.

5.     On January 11, 2024, County Counsel responded by letter stating that it would only commit to non-enforcement "unless and until an appellate court rules in a published decision that the statute is constitutional." Despite this reservation of enforcement authority, the County Counsel also asserted that any suit to challenge the County's position "would not be ripe and subject to dismissal for lack [of] standing." A true and correct copy of the County's response is attached as <u>Exhibit 2</u>.

6.     After receiving the letter, I spoke to the Deputy County Counsel by phone. During that conversation, he advised that he thought the law was "probably

unconstitutional," but advised that he would confer further with County Counsel regarding its enforcement position. On January 18 I received a further e-mail from the Deputy County Counsel that "confirmed that the County reserves its right to seek all available fees and costs from litigation" if Section 1021.11 were later upheld, and asserted that that any suit to challenge the County's position "would not be ripe and subject to dismissal for lack [of] standing."

7.  On January 25, 2024, my office sent an e-mail to counsel for all Defendants pursuant to the Court's requirement that counsel hold a pre-filing conference for noticed motions. In that e-mail, Plaintiffs requested that Defendants' counsel to state whether they would "oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was 'no legitimate risk' of its enforcement) and thereby obviate the need for further litigation." A true and correct copy of the e-mail is attached as Exhibit 3.

8.  As of the filing of this motion, none of the Defendants have responded to Plaintiffs' e-mail.

9.  On February 2, 2024, my office sent an e-mail to counsel for all Defendants informing them on Plaintiffs' intent to apply for an order shortening time for briefing and hearing this motion. A true and correct copy of the e-mail is attached as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

_____

Bradley A. Benbrook

# EXHIBIT 1

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA   95825

www.benbrooklawgroup.com

TELEPHONE:   (916) 447-4900

FACSIMILE:   (916) 447-4904

BRADLEY A. BENBROOK                                                                    brad@benbrooklawgroup.com

December 22, 2023

**Via email**

Claudia G. Silva
County Counsel
Timothy M. White
Senior Deputy County Counsel
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA  92101-2437
Claudia.Silva@sdcounty.ca.gov
Timothy.White@sdcounty.ca.gov

Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3). This requirement is unconstitutional, in that it (at least) violates the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment.  The prospective plaintiffs include individuals who are not California residents and either have applied or would apply to the San Diego County Sheriff's Department for a license to carry a concealed firearm.  We intend to seek declaratory and injunctive relief as to the enforcement of these laws.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any attempt by San Diego County to enforce California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

BENBROOK LAW GROUP, PC

Claudia G. Silva
Timothy M. White
December 22, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In *Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022), the Southern District ruled that it violated the First Amendment right to petition and the Fourteenth Amendment's Due Process and the Equal Protection Clauses. *Id.* at 1224–31. The court enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

*Id.* at 1232.

We recognize that your office may take the position that the *Miller* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller* opinion, there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate on behalf of San Diego County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various

BENBROOK LAW GROUP, PC

Claudia G. Silva
Timothy M. White
December 22, 2023
Page 3

counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether Prospective Defendants intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims. Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed a confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Tuesday, January 2, 2024**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

**APP 105**

# EXHIBIT 2



## County of San Diego

**CLAUDIA G. SILVA**
COUNTY COUNSEL

OFFICE OF COUNTY COUNSEL
1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CA 92101
(619) 531-4860    Fax (619) 531-6005

**JOHN P. COOLEY**
Chief Deputy
Direct Dial: (619) 531-4892
E-Mail: John.Cooley@sdcounty.ca.gov

January 11, 2024

**Via Email: brad@benbrooklawgroup.com**

Bradley A. Benbrook
BENBROOK LAW GROUP
701 University Avenue, Suite 106
Sacramento, California 95825

Re:    Your December 22, 2023, Letter re: Cal. Code of Civil Procedure § 1021.11

Dear Mr. Benbrook:

On December 22, 2023, County Counsel received a letter from you requesting that this Office agree, on behalf of the County of San Diego and its officers, employees and agents, to an unconditional waiver and non-enforcement of California Code of Civil Procedure section 1021.11 with respect to specific litigation your client, Firearms Policy Coalition, intends to file.  Your letter identified that litigation as a future case against the County of San Diego "challenging California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3)" (hereinafter, "the Threatened Lawsuit").

The County has considered your request and agrees to not use Code of Civil Procedure section 1021.11 for purposes of the Threatened Lawsuit unless and until an appellate court rules in a published decision that the statute is constitutional.

Very truly yours,

CLAUDIA G. SILVA, County Counsel

By
    JOHN P. COOLEY, Chief Deputy

**APP 107**

# EXHIBIT 3

(111 of 117) Page 111 of 117Case: 24-472, 02/14/2024, DktEntry: 14.2, Page 111 of 117
Case 3:23-cv-00400-LL-VET   Document 61-3   Filed 02/02/24   PageID.716   Page 11 of 14
Friday, February 2, 2024 at 12:05:43 Pacific Standard Time

**Subject:** Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400

**Date:** Thursday, January 25, 2024 at 5:22:26 PM Pacific Standard Time

**From:** Steve Duvernay

**To:** mzollman@sandiego.gov, das@sscelaw.com, john@sscelaw.com, chad@sscelaw.com, zinn@smwlaw.com, christine.renshaw@ventura.org, Thomas Hurrell, Knight, Nana, Harris, Aryn

**CC:** Bradley Benbrook, Pete Patterson

Counsel,

Plaintiffs have filed a notice of appeal of the Court's Order dismissing Plaintiffs' complaint and the associated judgment of dismissal. Plaintiffs intend to file a motion for an injunction pending appeal requesting that the Court enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to Section 1021.11's fee-shifting penalty.

It is not entirely clear whether Judge Lopez's chambers rules require a conference of counsel before filing such a motion, but assuming they do, Plaintiffs request that Defendants state their position on the matter, *i.e.*, whether Defendants will oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was "no legitimate risk" of its enforcement) and thereby obviate the need for further litigation. Please contact Brad Benbrook or me if you would like to discuss.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com

# EXHIBIT 4

**Subject:** Re: Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400
**Date:** Friday, February 2, 2024 at 1:05:36 PM Pacific Standard Time
**From:** Steve Duvernay
**To:** mzollman@sandiego.gov, das@sscelaw.com, john@sscelaw.com, chad@sscelaw.com, zinn@smwlaw.com, christine.renshaw@ventura.org, Thomas Hurrell, Knight, Nana, Harris, Aryn, nluongo@hurrellcantrall.com
**CC:** Bradley Benbrook, Pete Patterson

Counsel,

Plaintiffs will be filing a motion for an injunction pending appeal later today. Pursuant to S.D. Cal. Civ. R. 7.1(e)(5) and 83.3(g)(2), Plaintiffs intend to file an application for an order shortening the time for briefing and hearing the motion based on the ongoing harm Code of Civil Procedure § 1021.11 inflicts on Plaintiffs. Plaintiffs will file that application on Monday.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Date:** Thursday, January 25, 2024 at 5:22 PM
**To:** mzollman@sandiego.gov <mzollman@sandiego.gov>, das@sscelaw.com <das@sscelaw.com>, john@sscelaw.com <john@sscelaw.com>, chad@sscelaw.com <chad@sscelaw.com>, zinn@smwlaw.com <zinn@smwlaw.com>, christine.renshaw@ventura.org <christine.renshaw@ventura.org>, Thomas Hurrell <thurrell@hurrellcantrall.com>, Knight, Nana <Nana.Knight@sanjoseca.gov>, Harris, Aryn <Aryn.Harris@cco.sccgov.org>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>, Pete Patterson <ppatterson@cooperkirk.com>
**Subject:** Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400

Counsel,

Plaintiffs have filed a notice of appeal of the Court's Order dismissing Plaintiffs' complaint and the associated judgment of dismissal. Plaintiffs intend to file a motion for an injunction pending appeal requesting that the Court enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to Section 1021.11's fee-shifting penalty.

It is not entirely clear whether Judge Lopez's chambers rules require a conference of counsel before filing such a motion, but assuming they do, Plaintiffs request that Defendants state their position on the matter, *i.e.*, whether Defendants will oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was "no legitimate risk" of its enforcement) and thereby obviate the need for further litigation. Please contact Brad Benbrook or me if you would like to discuss.

**APP 111**

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  FIREARMS POLICY COALITION,<br>INC.; CALIFORNIA GUN RIGHTS<br>12  FOUNDATION; SAN DIEGO COUNTY<br>GUN OWNERS PAC,<br>13<br>14                                    Plaintiffs,<br>15  v.<br>16  CITY OF SAN DIEGO; COUNTY OF<br>IMPERIAL; COUNTY OF ALAMEDA;<br>17  COUNTY OF VENTURA; COUNTY OF<br>LOS ANGELES; CITY OF SAN JOSE;<br>18  and COUNTY OF SANTA CLARA,<br>19                                   Defendants.<br>20 | Case No.:  23cv400-LL-VET<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL**<br><br>**[ECF No. 62]** |

21

22          Before the Court is Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights

23   Foundation, and San Diego County Gun Owners PAC's (collectively "Plaintiffs") Ex Parte

24   Application for an order shortening the time for Defendants City of San Diego, County of

25   Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San

26   Jose, and County of Santa Clara (collectively "Defendants") to respond to Plaintiffs'

27   Motion for an Injunction Pending Appeal [ECF No. 61]. ECF No. 62, Ex Parte Application.

28   Plaintiffs claim that this ex parte relief is necessary "because of the ongoing harm

**APP 113**
                                                                      1

[California] Code of Civil Procedure § 1021.11 inflicts on Plaintiffs" and because the Court's January 9, 2024 Order dismissing this action "perpetuates Plaintiffs' injuries by leaving them in a state of limbo." *Id.* at 2–3. No oppositions have been filed. *See generally* Docket.

"The 'opportunities for legitimate ex parte applications are extremely limited.'" *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). To be proper, an ex parte application must demonstrate good cause to allow the moving party "to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Accordingly, the use of an ex parte procedure is justified only when: "(1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne*, 969 F. Supp. 2d at 1205 (citing *Intermagnetics*, 101 B.R. at 193).

Here, Plaintiffs' Ex Parte Application fail to show that the use of an ex parte procedure is justified. Plaintiffs only offer conclusory statements that the threat of California Code of Civil Procedure § 1021.11 enforcement irreparably harms Plaintiffs and prevents them from bringing lawsuits. *See* ECF No. 62 at 2. This does not satisfy the ex parte standard. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (holding that a party's "perception of the urgency" to obtain relief is insufficient under the ex parte standard). Additionally, Plaintiffs offer no arguments referencing any specific merits of their Motion for Preliminary Injunction Pending Appeal ("Motion for Preliminary Injunction"). *See* ECF No. 62 at 2–3; *Mission Power*, 883 F. Supp. at 492 ("To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial.").

In any case, Plaintiffs' irreparable injury argument in the Ex Parte Application and the Motion for Preliminary Injunction does not provide a basis for the requested ex parte relief because, as this Court has found in its January 9, 2024 Order dismissing this action, Plaintiffs do not have standing to pursue their case. ECF No. 56 at 3–6 ("Plaintiffs fail to carry their burden to show that they have standing, and therefore, the Court lacks jurisdiction over their claims."). As such, Plaintiffs have not made an adequate showing warranting the requested ex parte relief.

Accordingly, the Court **DENIES** Plaintiffs' Ex Parte Application.

**IT IS SO ORDERED.**

Dated:  February 8, 2024

Honorable Linda Lopez
United States District Judge

23cv400-LL-VET