Docket No. 24-472

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

FIREARMS POLICY COALITION, INC. et al.
Plaintiffs-Appellants,

vs.

CITY OF SAN DIEGO et al.
Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of California
Case No. 3:23-cv-00400-LL-VET

---

## DEFENDANTS-APPELLEES COUNTY OF ALAMEDA AND COUNTY OF SANTA CLARA'S OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL AND TO EXPEDITE APPEAL

---

Matthew D. Zinn
Ryan K. Gallagher
Shute, Mihaly & Weinberger LLP
396 Hayes Street
San Francisco, California 94102
Telephone: (415) 552-7272
Facsimile: (415) 552-5816

Attorneys for Defendants-Appellees County of Alameda and
County of Santa Clara

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... 3

INTRODUCTION .................................................................................... 5

BACKGROUND ..................................................................................... 6

    A.    Factual Background ...................................................... 6

    B.    Procedural History ....................................................... 7

        1.    Plaintiffs' Correspondence with Defendants and the Complaint ................................ 7

        2.    The District Court's Order to Show Cause and Order Dismissing the Case with Prejudice .................................................... 9

        3.    Plaintiffs' Multiple Motions for an Injunction Pending Appeal ................................. 12

LEGAL STANDARDS ........................................................................... 13

ARGUMENT ........................................................................................ 14

    I.    The Court should deny the motion for an injunction pending appeal. ..................................................... 14

    A.    The Court must deny the motion because Plaintiffs cannot succeed on the merits ...................... 14

        1.    Plaintiffs lack Article III standing and their claims are not ripe. ............................ 15

        2.    Plaintiffs cannot prevail because all Defendants are misjoined and venue is improper as to the non-resident Defendants ...... 18

    B.    All other factors weigh against the injunction. ........... 21

    II.    The Court should deny the motion to expedite the appeal. ................................................................. 21

CONCLUSION ...................................................................................... 22

CERTIFICATE OF COMPLIANCE ........................................................ 23

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*ACLU v. Fl. Bar,*
999 F.2d 1486 (11th Cir. 1993) ....................................................17

*Babbitt v. United Farm Workers Nat'l Union,*
442 U.S. 289 (1979) ......................................................................15

*Disney Enters., Inc. v. VidAngel,*
*Inc.*, 869 F.3d 848 (9th Cir. 2017) ...........................................13, 15

*Lopez v. Candaele,*
630 F.3d 775 (9th Cir. 2010) ....................................................16, 21

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) ......................................................................15

*Miller v. Bonta,*
646 F. Supp. 3d 1218 (S.D. Cal. 2022) ................................. passim

*Nken v. Holder,*
556 U.S. 418 (2009) ......................................................................21

*Rush v. Sport Chalet, Inc.,*
779 F.3d 973 (9th Cir. 2015) ........................................................19

*S. Bay Rod & Gun Club, Inc. v. Bonta,*
646 F. Supp. 3d 1232 (S.D. Cal. 2022) ................................. passim

*Spaeth v. Mich. State Univ. Coll. of Law,*
845 F. Supp. 2d 48 (D.D.C. 2012) .................................................19

*Tandon v. Newsom,*
992 F.3d 916 (9th Cir. 2021) ........................................................13

*Thomas v. Anchorage Equal Rights Comm'n,*
220 F.3d 1134 (9th Cir. 2000) ......................................................17

*U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.,*
8 F. Supp. 3d 339 (S.D.N.Y. 2014) ...............................................20

*United States v. Graf,*
610 F.3d 1148 (9th Cir. 2010) ......................................................18

*Wilson v. Stoker*,
    819 F.2d 943 (10th Cir. 1987) ........................................................17

*Wynn v. Nat'l Broad. Co., Inc.*,
    234 F. Supp. 2d 1067 (C.D. Cal. 2002)...........................................19

## FEDERAL STATUTES

28 U.S.C. § 1391(b)(1).....................................................................20

28 U.S.C. § 1406(a) .........................................................................20

## STATE STATUTES

Cal. Code Civ. P. § 1021.11 ............................................... passim

## RULES

Cir. R. 27-12.............................................................................13, 21

Fed. R. App. P. 8(a)(2)(A) ...............................................................14

Fed. R. Civ. P. 21................................................................11, 19, 20

## TREATISES

7 Charles Alan Wright & Arthur R. Miller, Federal Practice &
    Procedure § 1683 (3d ed. 2022) ......................................................19

## INTRODUCTION

The Court should deny Plaintiffs-Appellants' motion for an injunction pending appeal and motion to expedite the appeal.[1]

This case is a jurisdictional and procedural morass of Plaintiffs' own making. Plaintiffs started by suing the wrong Defendants in the wrong court over controversies that had not yet ripened, and likely never will. Of its own volition, the district court promptly ordered that Plaintiffs show cause as to why their obviously defective case should not be dismissed. When Plaintiffs failed to address those concerns, the district court issued a well-reasoned decision dismissing the case with prejudice because Plaintiffs lack standing and their claims are unripe. Beyond that, the district court explained, Defendants have been misjoined in this single action, and thus venue would be improper in the Southern District of California for all non-resident Defendants.

Dissatisfied with this outcome, Plaintiffs moved in the district court for the extraordinary remedy of an injunction pending appeal. In other words, despite losing on multiple grounds, Plaintiffs demanded the relief they might have received had they won—a ruling barring numerous

---

[1] All Defendants join in this Opposition.

unrelated Defendants across California from relying on a state statute they did not enact and have never sought to enforce. Then, without giving the district court the opportunity to act on their meritless request, Plaintiffs moved for the same relief from this Court.

However procedurally flawed Plaintiffs' current Motion might be, this Court should simply deny it on the merits. Plaintiffs have no likelihood of success on appeal. And all of the other preliminary injunction factors weigh against Plaintiffs. Accordingly, the Court should deny both the injunction and the request to expedite the appeal.

## BACKGROUND

### A. Factual Background

Plaintiffs' claims relate to a statute adopted by the California State Legislature, California Code of Civil Procedure section 1021.11 ("CCP § 1021.11"). As relevant here, CCP § 1021.11 shifts attorneys' fees and costs to prevailing defendants in any case where a plaintiff seeks to prevent a state or local government from enforcing a regulation on firearms. *See* CCP § 1021.11; APP 002 (Order Dismissing Case).[2]

---

[2] All "APP [page number]" citations are to Plaintiffs' Appendix (Dkt. 14.2). Relevant district court documents not included in the Appendix are

In December 2022, a judge in the Southern District of California concluded that CCP § 1021.11 was unconstitutional and permanently enjoined both the State and the Governor of California "from bringing any action or motion under [CCP] § 1021.11 to obtain an award of attorney's fees and costs." *Miller v. Bonta*, 646 F. Supp. 3d 1218, 1232 (S.D. Cal. 2022) (enjoining State); *S. Bay Rod & Gun Club, Inc. v. Bonta*, 646 F. Supp. 3d 1232, 1245 (S.D. Cal. 2022) (enjoining Governor and Attorney General).[3] Neither decision was appealed and thus both judgments became final. APP 002–03. The State remains permanently enjoined from enforcing CCP § 1021.11. *See* APP 003–005.

## B.  Procedural History

### 1.  Plaintiffs' Correspondence with Defendants and the Complaint

From December 2022 through February 2023, counsel for Plaintiffs sent individualized letters on different dates to seven cities and counties throughout California. APP 036–47, 052–58, 063–66, 070–72. (Exhibits to Complaint). These local governments, Defendants-Appellees in this

---

cited as "Dist. Ct. Dkt. [entry number] at [page number]." Entries in this Court's docket are cited as "Dkt. [entry number] at [page number]."

[3] Plaintiffs in this case were among the plaintiffs in *Miller*.

case (collectively, "Defendants"), are the cities of San Diego and San Jose and the counties of Alameda, Imperial, Los Angeles, Santa Clara, and Ventura. Dist. Ct. Dkt. 1 at 1.

Although the exact contents of Plaintiffs' correspondences varied, each letter generally (1) referenced lawsuits that Plaintiffs either had filed or might one day file against that local government's own distinct firearms regulations; (2) demanded that the government stipulate to re-frain from seeking to enforce CCP § 1021.11 in any ongoing or future law-suit involving Plaintiffs; and (3) threatened to sue the government if it did not agree to the stipulation on Plaintiffs' exact terms within a week. *See id.*; *see also* APP 007–08.

Plaintiffs did not receive any uniform response to these letters. APP 007–08. Some Defendants rejected Plaintiffs' demands outright. *Id.* (ref-erencing APP 049–50, 067–68). Some declined Plaintiffs' specific request, but suggested they may be willing to enter into a case-specific stipulation if Plaintiffs ever actually filed suit against them. APP 060–61. Other De-fendants did not respond at all. APP 007–08.

On March 2, 2023, Plaintiffs filed a single lawsuit against all seven Defendants in the U.S. District Court for the Southern District of

California. Dist. Ct. Dkt. 1. Their Complaint alleges that CCP § 1021.11 violates the First Amendment, the Supremacy Clause, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the U.S. Constitution. *Id.* at 19–21 (¶¶ 60–70). Plaintiffs sought a judgment declaring CCP § 1021.11 unconstitutional and preliminary and permanent injunctions barring Defendants from "enforc[ing] or appl[ying]" CCP § 1021.11's fee-shifting provision against Plaintiffs "in any litigation involving Defendants." *Id.* at 21–22 (Prayer for Relief).

The Complaint did *not* allege (1) that any Defendant had played a role in the Legislature's enactment of CCP § 1021.11; (2) that Defendants had formulated any shared policy or plan regarding CCP § 1021.11; or (3) that any Defendant had indicated that it intends to enforce or apply CCP § 1021.11 against Plaintiffs or anyone else. *See* Dist. Ct. Dkt. 1; AAP 005–06, 007–08.

### 2. The District Court's Order to Show Cause and Order Dismissing the Case with Prejudice

Less than two weeks after Plaintiffs filed their Complaint, and of its own volition, the district court issued an Order to Show Cause to Plaintiffs. Dist. Ct. Dkt. 18. The Order directed Plaintiffs to address (1) why they have Article III standing; (2) why their claims are ripe; (3) why

venue is proper in the Southern District of California; and (4) why their claims against each Defendant are properly joined in one suit. *Id.* at 3. Both Plaintiffs and Defendants filed briefs addressing the Court's Order.[4] APP 073–95; Dist. Ct. Dkts. 19, 46.

The district court then dismissed the case with prejudice, concluding it lacked subject matter jurisdiction. AAP 001–09 (Order); AAP 010 (Judgment). It first held that Plaintiffs lack Article III standing. AAP 003–06. The court emphasized that Plaintiffs suffered no injury in fact because the permanent injunctions entered in *Miller* and *South Bay*— combined with Defendants' total lack of expressed intent to take advantage of CCP § 1021.11—rendered it vanishingly unlikely that Defendants would ever seek to enforce the statute against Plaintiffs. *Id.*; *see also* AAP 005 (explaining Plaintiffs could not prove an "imminent injury" simply because Defendants had "decline[d] to make a hypothetical commitment as to how they would litigate lawsuits that have not even been

---

[4] Shortly after the district court issued the Order to Show Cause, Plaintiffs filed a motion for preliminary and permanent injunctions. Dist. Ct. Dkt. 20. The district court deferred further briefing on this motion pending resolution of the Order to Show Cause. Dist. Ct. Dkt. 50. It later denied the motion as moot when it dismissed the case for lack of subject matter jurisdiction. *See* APP 009, 010.

filed"). The district court also explained that insofar as Plaintiffs took issue with CCP § 1021.11 itself, the proper recourse was an action to enjoin *state* officials from enforcing this *state* statute—exactly the relief the plaintiffs in *Miller* and *South Bay* had already sought and attained. AAP 004. For the same reasons, the court also concluded that Plaintiffs' claims are unripe. AAP 006–07.

The district court went on to hold that even if it did have subject matter jurisdiction, Plaintiffs' suit was procedurally defective and the claims against nearly all Defendants would need to be dismissed. It first determined that all Defendants were misjoined in this single action, as Plaintiffs' claims against each Defendant arose out of distinct transactions and occurrences. AAP 007–08. Thus, the claims against each Defendant would need to be severed. *Id.* (citing Fed. R. Civ. P. 21). And, once the claims were severed, the court concluded that venue would be "improper and prejudicial" as to the five Defendants that are not residents of the Southern District of California.[5] AAP 008. As a result, the court

---

[5] The five non-resident Defendants are the City of San Jose and the counties of Alameda, Los Angeles, Santa Clara, and Ventura. APP 008. Plaintiffs have never argued that venue would be proper as to these non-resident Defendants were they not properly joined. *See id.*

held that even if Plaintiffs had standing, "joinder and venue would bar the action against the" non-resident Defendants. *Id.*

### 3. Plaintiffs' Multiple Motions for an Injunction Pending Appeal

Plaintiffs appealed. Dist. Ct. Dkt. 58; Dkt. 1. Soon after, they filed a motion for an injunction pending appeal in the district court, asking that it enjoin all Defendants from "enforcing or applying the fee-shifting penalty set forth in [CCP] 1021.11" against Plaintiffs or their counsel in any future litigation. Dist. Ct. Dkt. 61 at 2. Defendants opposed the motion, explaining both that the district court lacked jurisdiction to grant the injunction and that Plaintiffs were not likely to prevail on the merits regardless. Dist. Ct. Dkt. 64.

Although the district court had not yet ruled on that motion—and has yet to act on it—Plaintiffs filed the current Motion in this Court, asking for the same injunctive relief they are seeking from the district court, and also requesting to expedite the appeal. *See* Dkt. 14.1 at 8. Consequently, Plaintiffs have two virtually identical requests for injunctive relief pending simultaneously in the district court and in this Court. *See* Dkt. 14.1 at 19 (conceding this).

## LEGAL STANDARDS

This Court applies the same standard to a motion for an injunction pending appeal as it does in reviewing preliminary injunction motions. *Tandon v. Newsom*, 992 F.3d 916, 919 (9th Cir. 2021) (Order). Thus, Plaintiffs must prove (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent the injunction, (3) the balance of equities tips in their favor, and (4) the injunction is in the public interest. *Id.* Because a likelihood of success on the merits is the most important factor, a court need not consider the other factors and should deny the motion outright if the movant fails to make this threshold showing. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). An injunction pending appeal is a "drastic and extraordinary remedy" requiring "a clear showing that the plaintiff is entitled to such relief." *Tandon*, 992 F.3d at 928 (citations and internal quotations omitted).

Similarly, to justify expediting the briefing and hearing schedule on appeal, Plaintiffs must show "good cause." Cir. R. 27-12. As relevant here, this would require Plaintiffs demonstrate that "in the absence of expedited treatment, irreparable harm may occur." *Id.*

## ARGUMENT

### I. The Court should deny the motion for an injunction pending appeal.

At the outset, Plaintiffs' current Motion is procedurally improper. The federal rules contemplate that movants may *either* (1) seek an injunction pending appeal in the district court, and if unsuccessful, move again in this Court; *or* (2) seek an injunction in this Court directly, when moving first in the district court would be "impracticable." *See* Fed. R. App. P. 8(a)(2)(A). By simultaneously moving for identical injunctions in this Court *and* in the district court, Plaintiffs have invited unnecessary confusion, flouted the federal rules, and created a risk of conflicting decisions.

This Court can avoid these procedural problems by simply denying the Motion on the merits. First, Plaintiffs have not demonstrated that they are likely to succeed in the underlying suit. In any event, all of the other factors cut against Plaintiffs.

### A. The Court must deny the motion because Plaintiffs cannot succeed on the merits.

The district court correctly identified multiple jurisdictional and procedural defects in Plaintiffs' case. Each of these defects would

14

independently require dismissal of Plaintiffs' claims against the non-resident Defendants. Plaintiffs are not "likely" to overcome any of these fatal problems—let alone all of them. The Court must therefore deny the injunction. *Disney Enters., Inc.*, 869 F.3d at 856.

### 1. Plaintiffs lack Article III standing and their claims are not ripe.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, Plaintiffs must prove, among other things, that they have suffered an "injury an fact"—a harm that is sufficiently "concrete and particular" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560–61. In pre-enforcement cases like this one, Plaintiffs must demonstrate that there is "a realistic danger of sustaining a direct injury" from Defendants' "operation or enforcement" of the challenged statute. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).

The district court rightly concluded that Plaintiffs lack standing because they have not shown—and *cannot* show—that they suffered an injury in fact. APP 003–06. The sweeping scope of the permanent injunctions entered in *Miller* and *South Bay*, combined with Defendants' utter

15

lack of expressed intent to enforce CCP § 1021.11, makes it exceedingly unlikely that Defendants would ever apply this State statute to harm Plaintiffs. *See* APP 003–04, 005–06.

Moreover, as the district court recognized, the mere fact that Defendants have not agreed to abstain from enforcing CCP § 1021.11 on Plaintiffs' exact demanded terms does not mean than Plaintiffs have suffered or will suffer any injury. *See* APP 005–06. Defendant local governments did not propose or enact CCP § 1021.11; the State Legislature did. They have never attempted to apply CCP § 1021.11 and expressed no desire to do so in the future. Against this backdrop, Plaintiffs cannot establish a credible threat of enforcement merely by claiming that Defendants failed to disavow a statute that Defendants have had nothing to do with. *See Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010) (emphasizing "mere allegations of a subjective chill" on speech cannot confer pre-enforcement standing absent a "specific and credible" threat of enforcement (internal quotation marks omitted)).

Rather, the proper course of action for Plaintiffs was the one they took previously: suing *State* officials. *See* AAP 004–05. "[W]hen a plaintiff challenges the constitutionality of a rule of law, it is the state official

designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule." *ACLU v. Fl. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993); *see also Wilson v. Stoker*, 819 F.2d 943, 947 (10th Cir. 1987) (holding state attorney general was proper defendant in pre-enforcement challenge to state statute where attorney general was charged with enforcement). Plaintiffs and other plaintiffs previously sought from California state officials—and have now obtained—all injunctive and declaratory relief available to them. *See Miller*, 646 F.Supp.3d at 1232; *South Bay*, 646 F.Supp.3d at 1245. That relief effectively discourages anyone, including Defendants, from attempting to invoke Section 1021.11 against Plaintiffs. Whatever additional, amorphous "relief" Plaintiffs may now seek from Defendants is not available to them at this juncture under Article III.

For the same reasons that Plaintiffs lack Article III standing, their claims also are not ripe. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("[I]n many cases, ripeness coincides squarely with standing's injury in fact prong."); *see also* APP 006–07 (agreeing Plaintiffs' claims are not ripe). And because the courts lack

17

subject matter jurisdiction over Plaintiffs' claims, Plaintiffs cannot prevail on the merits.

### 2. Plaintiffs cannot prevail because all Defendants are misjoined and venue is improper as to the non-resident Defendants.

Even if this Court had jurisdiction, Plaintiffs' claims against the non-resident Defendants would have no prospect of success. As the district court concluded, "joinder and venue" problems would independently "bar the action" against all non-resident Defendants even if Plaintiffs' claims were justiciable. APP 008. Yet Plaintiffs' Motion virtually ignores these dispositive procedural issues. *See* Dkt. 14.1 at 21–22 (failing to cite any cases in support of Plaintiffs' joinder and venue arguments).[6] The Court should deny the Motion on this basis alone. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (holding unsupported arguments "are generally deemed waived").

---

[6] Plaintiffs baldly claim that "[f]or the purposes of this motion, the district court's manifest error in dismissing the case for lack of standing is sufficient to justify relief." Dkt. 14.1 at 21. This argument is preposterous. To show that they are likely to succeed on the merits, Plaintiffs must show that the district court was wrong in identifying this independent, fatal defect in their suit.

In any event, the district court was clearly correct that the non-resident Defendants were misjoined and venue was improper. A court may drop misjoined parties from an action. Fed. R. Civ. P. 21. Because Rule 21 does not supply its own standard for misjoinder, courts look to whether Rule 20's requirements for the permissive joinder of parties have been satisfied. 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1683 (3d ed. 2022).

Under Rule 20, the permissive joinder of defendants requires *both* (1) that the claims arise out of the same occurrence or series of occurrences; *and* (2) a question of law or fact common to all defendants. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). To satisfy the "same occurrence" prong, Plaintiffs must show either "concerted action" among all defendants, *Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012), or a common entity that binds defendants to a shared policy, *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1079–80 (C.D. Cal. 2002).

As the district court recognized, Plaintiffs can show neither. AAP 007–08. The seven local government Defendants have taken no concerted action regarding CCP § 1021.11. And there is no collective policy among

them regarding its application. *Id*. Defendants are linked only by the happenstance of each having enacted firearms regulation to which Plaintiffs apparently object. There was no concerted action or policy.

Plaintiffs' failure to satisfy Rule 20's requirements was reason enough to dismiss their claims. *See* Fed. R. Civ. P. 21. But as the district court recognized, dismissal was also necessary because severing the claims against each Defendant would make venue in the Southern District improper as to the non-resident Defendants. *See* APP 008. Plaintiffs have effectively conceded this. *See id.*; Dkt. 14.1 at 22 (alleging venue only on the basis of residence under 28 U.S.C. § 1391(b)(1). Courts routinely dismiss claims against misjoined defendants where severing the claims would cause venue problems. *See, e.g.*, *U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339, 344–45 (S.D.N.Y. 2014); *see also* 28 U.S.C. § 1406(a) (permitting district court to dismiss case when venue is improper). The district court indicated it would have done that here, if it had subject matter jurisdiction. *See* APP 008. Therefore, whether because of jurisdictional or procedural defects, Plaintiffs simply cannot succeed on the merits of their underlying suit.

## B.     All other factors weigh against the injunction.

Even if Plaintiffs could somehow show a likelihood of success, none of the other factors supports an injunction. First, for the same reasons they have not been injured for Article III standing purposes, Plaintiffs will not suffer "irreparable harm" absent the injunction. *Cf. Lopez*, 630 F.3d at 787 (indicating self-chilling of speech is not a cognizable harm when there is no credible threat of enforcement). Second, the balance of the equities and the public interest favor Defendants. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (explaining these two factors merge when a government party opposes the injunction). Granting the injunction would disturb the status quo and impose additional burdens on defendant local governments, which have expended considerable resources contesting Plaintiffs' meritless and duplicative filings in this case.

## II.   The Court should deny the motion to expedite the appeal.

For the same reasons explained above, the Court should deny the request to expedite the appeal. Plaintiffs are not suffering "irreparable harm" that would supply "good cause" for departing from the standard briefing and hearing schedule. *See* Cir. R. 27-12.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motions for an injunction pending appeal and to expedite the appeal.


DATED:  February 26, 2024    SHUTE, MIHALY &
WEINBERGER LLP


By:    <u>  s/Matthew D. Zinn      </u>
MATTHEW D. ZINN
RYAN K. GALLAGHER

Attorneys for Defendants-Appellees
County of Alameda and County of
Santa Clara

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limits permitted by Ninth Circuit Rule 27-1(1)(d) because this brief is fewer than 20 pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point New Century Schoolbook type.

DATED:  February 26, 2024    SHUTE, MIHALY &
                             WEINBERGER LLP


                             By:    s/Matthew D. Zinn
                                 _____
                                 MATTHEW D. ZINN
                                 RYAN K. GALLAGHER

                                 Attorneys for Defendants-Appellees
                                 County of Alameda and County of
                                 Santa Clara