No 24-472

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; AND SAN DIEGO COUNTY GUN OWNERS PAC,
*Plaintiffs- Appellants,*

*v.*

CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; AND COUNTY OF SANTA CLARA,
*Defendants- Appellees.*

---

On Appeal from the United States District Court
for the Southern District of California
No. 3:23-cv-00400-LL-VET
Hon. Linda Lopez

---

**PLAINTIFFS-APPELLANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR AN INJUNCTION PENDING APPEAL AND TO EXPEDITE APPEAL**

---

Bradley A. Benbrook
Stephen M. Duvernay
BENBROOK LAW GROUP, PC
701 University Ave., Ste. 106
Sacramento, CA 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

David H. Thompson
Peter A. Patterson
Kate Hardiman
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
khrhodes@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.     Plaintiffs Are Likely To Prevail On The Merits ............................................ 2

    A.     Plaintiffs Have Standing And The Case Is Ripe ................................. 2

    B.     All Defendants Are Properly Joined In This Action And The Southern District Of California Is An Appropriate Venue .................................. 6

II.     Each Of The Remaining Factors Favors An Injunction ................................ 9

III.     An Expedited Appeal Is Necessary To Prevent Irreparable Harm .............. 10

CONCLUSION ....................................................................................................... 10

CERTIFICATE OF COMPLIANCE ...................................................................... 12

CERTIFICATE OF SERVICE ................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*ACLU v. Florida Bar,*
  999 F.2d 1486 (11th Cir. 1993) ............................................................................. 6

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.,*
  99 F. Supp. 3d 1110 (C.D. Cal. 2015) ................................................................... 8

*Babbitt v. United Farm Workers Nat'l Union,*
  442 U.S. 289 (1979) ............................................................................................... 4

*Bland v. Fessler,*
  88 F.3d 729 (9th Cir. 1996) .................................................................................... 4

*Bryant v. Cal. Brewers Ass'n,*
  585 F.2d 421 (9th Cir. 1978) .................................................................................. 8

*Cuprite Mine Partners LLC v. Anderson,*
  809 F.3d 548 (9th Cir. 2015) .................................................................................. 8

*Jacobson v. Fla. Sec'y of State,*
  974 F.3d 1236 (11th Cir. 2020) .............................................................................. 5

*League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency,*
  558 F.2d 914 (9th Cir. 1977) .................................................................................. 8

*Lopez v. Candaele,*
  630 F.3d 775 (9th Cir. 2010) ............................................................................. 3, 4

*Melendres v. Arpaio,*
  695 F.3d 990 (9th Cir. 2012) .................................................................................. 9

*Peace Ranch, LLC v. Bonta,*
  No. 22-16063, 2024 WL 562782 (9th Cir. Feb. 13, 2024) ..................................... 2

*Rodriguez v. Robbins,*
  715 F.3d 1127 (9th Cir. 2013) .............................................................................. 10

*Smith v. Bayer Corp.,*
  564 U.S. 299 (2011) ............................................................................................... 5

*Thomas v. Anchorage Equal Rts. Comm'n,*
  220 F.3d 1134 (9th Cir. 2000) ................................................................................ 6

*United Mine Workers of Am. v. Gibbs,*
  383 U.S. 715 (1966) ............................................................................................... 8

*United States v. Mississippi,*
  380 U.S. 128 (1965) .......................................................................................... 7, 8

*Whole Woman's Health v. Jackson,*
  595 U.S. 30 (2021) ................................................................................................. 5

*Wilson v. Stocker,*
  819 F.2d 943 (10th Cir. 1987) ................................................................................ 6

**Statutes**

28 U.S.C. § 1391(b)(1) ........................................................................................... 1, 9

CAL. CODE CIV. PROC. § 1021.11(a) .......................................................................... 5

**Rules**

Fed. R. App. P. 8(a)(2)(A) ...................................................................................2

Fed. R. Civ. P. 20(a)(2) ........................................................................................6

**Treatises**

7 Charles A. Wright & Arthur R. Miller,
   Fed. Prac. & Proc. Civ. § 1652 (3d ed.) ...........................................................7

7 Charles A. Wright & Arthur R. Miller,
   Fed. Prac. & Proc. Civ. § 1657 (3d ed.) ...........................................................7

7 Charles A. Wright & Arthur R. Miller,
   Fed. Prac. & Proc. Civ. § 1653 (3d 3d.) ..........................................................8

## INTRODUCTION

Defendants confirm that Plaintiffs have standing to pursue this case by refusing—yet again—to disavow enforcement of California's unconstitutional fee-shifting law. Defendants' argument that the *Miller* (and identical *South Bay*) injunction "discourages" them from enforcing Section 1021.11 ignores the governing standard that looks to whether the government actor with enforcement authority has expressly disavowed an intention to exercise that authority. And their argument that Plaintiffs cannot seek relief against them because *Miller* enjoins the Governor and Attorney General from enforcing the fee-shifting law is a *non sequitur*. Each Defendant named here has authority to enforce Section 1021.11 because the *Miller* injunction does not run against them. Defendants' Opposition illustrates that they are straining to keep that option alive—and thus deter Plaintiffs from pursuing their Second Amendment claims.

Additionally, joinder of all Defendants is appropriate under Rule 20 because this case raises a single common question of law: whether the Federal Constitution permits any Defendant to seek attorneys' fees under Section 1021.11. The district court's decision that venue was improper as to the out-of-district Defendants was likewise erroneous; as in-state residents, they are all subject to suit in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(1).

1

# ARGUMENT

**I.  Plaintiffs Are Likely To Prevail On The Merits.**

Defendants suggest that this motion is procedurally improper. Opp. 14. But Plaintiffs have complied with Federal Rule of Appellate Procedure 8(a)(2)(A). Br. 19–20. In any event, Defendants' argument cannot be credited given their assertions below that (1) the district court "lacks jurisdiction" to issue an injunction pending appeal, and (2) Plaintiffs should move for an injunction from this Court "in the first instance." Dist. Ct. Dkt. 64 at 2:2–18.

Defendants do not contest Plaintiffs' demonstration that California's fee-shifting law targeting Second Amendment plaintiffs is patently unconstitutional. Instead, Defendants adopt the district court's flawed reasoning that procedural barriers prevent a ruling on the merits at this time, but those arguments lack merit.

**A.  Plaintiffs Have Standing And The Case Is Ripe.**

Plaintiffs are not bringing Second Amendment litigation against Defendants because Defendants refuse to disavow enforcement of the fee-shifting law. This injury establishes standing in this pre-enforcement challenge. Br. 12–16; *Peace Ranch, LLC v. Bonta*, No. 22-16063, 2024 WL 562782, *3 (9th Cir. Feb. 13, 2024).

Defendants conspicuously fail to respond to several key arguments that confirm Plaintiffs' standing. Most fatally, they do not counter the argument that courts *presume* government defendants will enforce statutes that, like Section

2

1021.11, are "recent and not moribund." Br. at 13. Additionally, Defendants do not defend the district court's requirement that Plaintiffs must introduce "concrete evidence that Defendants plan to enforce Section 1021.11" to have standing, APP 6:2-4, since that was plainly wrong. Instead, the Opposition makes two arguments.

*First*, Defendants claim that because the *Miller* injunction is in place Plaintiffs do not have a credible fear of enforcement. Opp. 15–16. But Defendants do not dispute that the *Miller* injunction does not bind them, nor could they; it binds only the California Governor's and Attorney General's offices. And while they profess to be "discouraged" by *Miller* from enforcing Section 1021.11, Defendants refuse once more to definitively say that they will *not* seek to enforce the fee-shifting law. Their silence speaks volumes. By consistently refusing to disavow enforcement, the only plausible inference is that Defendants want to retain the option to enforce the law. As previously argued, this precise posture confers standing where, as here, Plaintiffs' proposed conduct is plainly covered by the statute being challenged. Br. at 13–14 (citing, *e.g.*, *Babbitt v. UFW* and *Bland v. Fessler*).

Defendants cite *Lopez v. Candaele*, 630 F.3d 775 (9th Cir. 2010), but *Lopez*'s facts support Plaintiffs' standing. In *Lopez*, a college student alleged that his religious speech about gay marriage during class would subject him to punishment under the school's sexual harassment policy. Unlike here, where there is no dispute that a lawsuit challenging any of the Defendants' firearm regulations would bring

3

Plaintiffs within Section 1021.11, the *Lopez* Court noted that plaintiff "has not shown that the sexual harassment policy even arguably applies to his past or intended future speech." *Id.* at 790. The Court then (1) discussed multiple cases stating the rule that defendants can defeat standing by disavowing an intention to enforce, *id.* at 788; (2) noted that the college had "disavowed" the one time a teacher admonished the student, *id.* at 784; and (3) observed that the official with enforcement power stated in writing that "no action will be taken against students for expressing their opinions" in the manner that plaintiff did, *id.* at 791–92. Here, unlike in *Lopez*, Defendants have unequivocally not disavowed enforcement power under the law.

Defendants ignore the standard imposed by *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 302 (1979). In *Babbitt*, the Court reasoned that plaintiffs have a credible fear of enforcement—and thus standing—when an office with such authority "has not disavowed any intention of invoking" the law. *Id.* They likewise ignore *Bland v. Fessler*, where this Court held that a plaintiff had pre-enforcement standing when the Attorney General's office had "not stated affirmatively that his office will not enforce the civil statute." 88 F.3d 729, 737 (9th Cir. 1996).

*Second*, Defendants assert that Plaintiffs have already obtained all the relief they can get because state officials are enjoined under *Miller*. Opp. 16–17. This is irrelevant. The *Miller* injunction does not name these Defendants and thus it cannot legally bind them. "A court's judgment binds only the parties to a suit, subject to a

4

handful of discrete and limited exceptions." *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011); *see also Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1255 (11th Cir. 2020) (no authority to enjoin non-parties, even when they enforce the law and the named Defendant did not); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 43–44 (2021) (injunction against Attorney General does not bind non-parties).

Here, the local government Defendants are distinct legal entities that have independent enforcement authority under Section 1021.11: the statute confirms on its face that each Defendant here can seek fees if Plaintiffs do not win every single claim in the lawsuits they intend to file. CAL. CODE CIV. PROC. § 1021.11(a) (fee-shifting apparatus applies to every "political subdivision," "government entity" and "public official" in California). As such, each of the local government Defendants here is in the same position as the Governor and Attorney General before the *Miller* case; they have independent authority to enforce the fee-shifting statute.

Say, for example, that Plaintiffs filed a lawsuit against one of the Defendants challenging a local firearm restriction as they have detailed their desire to do. If Plaintiffs lost a claim in that suit such that Section 1021.11's onerous fee-shifting provisions would apply, no state official would have *any role* in enforcing Section 1021.11 against them and, therefore, the *Miller* injunction would do Plaintiffs no good. Instead, Plaintiffs need an injunction against the local officials named here to prevent enforcement of the fee-shifting statute.

This demonstrates why Defendants' reliance on *ACLU v. Florida Bar,* 999 F.2d 1486 (11th Cir. 1993), is misplaced. The Florida Bar claimed it had no enforcement authority over the plaintiff in that case, and the court rejected the argument. *Id* at 1489. No one can dispute that Defendants here are "designated to enforce" Section 1021.11. *Id*. And while Defendants cite *Wilson v. Stocker*, 819 F.2d 943, 947 (10th Cir. 1987), that case cuts in Plaintiffs' favor for the same reason: The *Wilson* court held that a plaintiff has standing to sue government officials that, like Defendants here, are "empowered to enforce" a challenged statue. *Id.*

Defendants' persistent refusal to disavow any intent to enforce Section 1021.11 leaves Plaintiffs in a state of limbo that is incompatible with the Constitution for the many reasons demonstrated in *Miller*. Plaintiffs have standing to enjoin Defendants from exercising their independent enforcement authority. And because Plaintiffs' injuries supply pre-enforcement standing, their claims are ripe. *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("in many cases, ripeness coincides squarely with standing's injury in fact prong").

**B.     All Defendants Are Properly Joined In This Action And The Southern District Of California Is An Appropriate Venue.**

Under Rule 20, defendants may be joined in an action if "any right to relief is asserted . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law . . . common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). This case raises a

6

question of law that is common to all Defendants: whether the Constitution permits any Defendant to seek attorneys' fees under Section 1021.11.

Defendants respond that joinder is not proper because they "have taken no concerted action" and "there is no concerted policy" among them. Opp. 19–20. While it is true that Plaintiffs sent each Defendant a separate non-enforcement letter and each Defendant's response varied, the underlying legal claim against each Defendant is identical—there is no material factual distinction between them.

Defendants' argument flouts core considerations guiding discretion under Rule 20 to protect litigants' rights and promote judicial economy. In constitutional civil-rights cases, courts frequently "rel[y] upon Rule 20 to sustain the joinder of defendants." 7 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1657 (3d ed.). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits," imperative goals where fundamental rights are at stake. *Id.* § 1652.

Consider *United States v. Mississippi*, 380 U.S. 128 (1965). There, the Supreme Court held that six county registrars, three of whom resided outside the district where the suit was initiated, were properly joined in the action because the complaint alleged "a state-wide system designed to enforce the registration laws in a way that would inevitably deprive" minority citizens of their voting rights—even though the Court cited no allegations that the defendant registrars acted in concert

7

with one another. *Id.* at 142. Similarly, in *Bryant v. California Brewers Association*, this Court held that breweries where the plaintiff had "neither worked nor sought to work" were properly joined merely because they were "signatories to the statewide collective bargaining agreement and, as such, support and maintain the disputed contract provisions." 585 F.2d 421, 425 (9th Cir. 1978), *vacated on other grounds*, 444 U.S. 598 (1980); *see also Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1188 (C.D. Cal. 2015) (joinder of 422 defendants proper because "each discrete claim [was] part of the larger systematic behavior alleged" and arose "out of the same series of transactions or occurrences").

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Permissive joinder exists precisely "to promote the expeditious determination of disputes, and to prevent multiple lawsuits." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).

There is no reason to impose the "delay, inconvenience, and added expense" of separate actions here. WRIGHT & MILLER § 1653. Plaintiffs will be prejudiced by

8

the burden of litigating in multiple courts and by the delay that a piecemeal approach would cause to the full recognition of their rights. Defendants would be forced to independently address legal questions that they could just as easily and more efficiently address together in this action.

Finally, venue is proper in this District. Under 28 U.S.C. § 1391(b)(1), a "civil action may be brought in a judicial district in which *any defendant* resides, if all defendants are residents of the State in which the district is located" (emphasis added). Venue is proper because the City of San Diego and the County of Imperial both reside in the Southern District, and the remaining all reside in California.[1]

## II. Each Of The Remaining Factors Favors An Injunction.

Defendants' remaining opposition is derivative of their merits arguments: Because Plaintiffs have not established a likelihood of success, there is no irreparable harm and the balance of equities favor Defendants. Opp. 21. Defendants do not otherwise quibble with the foundation of Plaintiffs' contrary arguments. Nor could they: "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury,'" and "'it is always in the public interest to prevent the violation of a party's constitutional rights.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citations omitted). And the Defendant

---

[1] If this Court ultimately determines that partial severance is appropriate as to the out-of-district Defendants, the claims against the City of San Diego and Imperial County should proceed below.

9

jurisdictions "cannot suffer harm from an injunction that merely ends an unlawful practice." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013).

Defendants close with an odd claim: They argue that an injunction would "disturb the status quo and impose additional burdens" on them and lament that they "have expended considerable resources contesting Plaintiffs' meritless and duplicative filings in this case." Opp. 21. It is unclear what "additional burdens" an injunction would impose. Since Defendants' entire defense rests on the assertion that it is implausible that they will enforce Section 1021.11, an injunction should be little harm to them. Indeed, the fact that Defendants have spent "considerable resources" contesting this litigation supports Plaintiffs' contention that these jurisdictions will seek fee-shifting against them (and also favors joinder, which *reduces* expenses for Defendants). If Defendants truly had no plans to enforce the law, why would they (a) refuse to disavow enforcement, and (b) fight tooth and nail against the entry of an injunction against enforcement?

### III. An Expedited Appeal Is Necessary To Prevent Irreparable Harm.

Good cause exists for expedited treatment of the appeal under Circuit Rule 27-12 given the ongoing harm that Section 1021.11 is inflicting on Plaintiffs.

### CONCLUSION

This Court should enjoin Defendants from enforcing Section 1021.11 pending appeal and expedite this appeal.

                                        Respectfully submitted,

                                        <u>s/ Bradley A. Benbrook</u>

| | |
|---|---|
| Bradley A. Benbrook | David H. Thompson |
| Stephen M. Duvernay | Peter A. Patterson |
| BENBROOK LAW GROUP, PC | Kate Hardiman |
| 701 University Ave., Ste. 106 | COOPER & KIRK, PLLC |
| Sacramento, CA  95825 | 1523 New Hampshire Ave., NW |
| | Washington, D.C.  20036 |

*Counsel for Plaintiffs-Appellants*

11

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the length limits permitted by Ninth Circuit Rule 27-1(1)(d) because this brief is fewer than 10 pages, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type.

Dated: March 4, 2024

s/Bradley A. Benbrook

Bradley A. Benbrook

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Bradley A. Benbrook

Bradley A. Benbrook
