No 24-472

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; AND SAN DIEGO COUNTY GUN OWNERS PAC,
*Plaintiffs-Appellants,*

*v.*

CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; AND COUNTY OF SANTA CLARA,
*Defendants-Appellees.*

————————

On Appeal from the United States District Court
for the Southern District of California
No. 3:23-cv-00400-LL-VET
Hon. Linda Lopez

————————

## APPELLANTS' EXCERPTS OF RECORD

————————

Bradley A. Benbrook
Stephen M. Duvernay
BENBROOK LAW GROUP, PC
701 University Ave., Ste. 106
Sacramento, CA 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

David H. Thompson
Peter A. Patterson
Kate Hardiman
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
khrhodes@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

**INDEX**

| Date | Description | Dist. Ct. Dkt. | Page |
|------|-------------|----------------|------|
| 1/9/24 | Judgment In a Civil Case | 57 | 4 |
| 1/9/24 | Order Dismissing Case | 56 | 5–13 |
| 2/8/24 | Order Denying Plaintiffs' Ex Parte Application for an Order Shortening Time on Plaintiffs' Motion for an Injunction Pending Appeal | 63 | 14–16 |
| 2/2/24 | Declaration of Brandon Combs in Support of Plaintiffs' Motion for an Injunction Pending Appeal | 61-2 | 17–19 |
| 2/2/24 | Declaration of Bradley A. Benbrook in Support of Plaintiffs' Motion for an Injunction Pending Appeal | 61-3 | 20–33 |
| 4/11/23 | Response of Defendant County of Imperial to Order to Show Cause | 30 | 34–41 |
| 4/11/23 | Response of Defendant County of Alameda to Order to Show Cause | 33 | 42–56 |
| 3/28/23 | Declaration of Brandon Combs in Support of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-2 | 57–62 |
| 3/28/23 | Declaration of Gene Hoffman in Support of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-3 | 63–67 |
| 3/28/23 | Declaration of Michael Schwartz in Support of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-4 | 68–70 |
| 3/28/23 | Declaration of Raymond M. DiGuiseppe in Support Of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-5 | 71–73 |

| Date | Description | Dist. Ct. Dkt. | Page |
|---|---|---|---|
| 3/28/23 | Declaration of Bradley A. Benbrook in Support of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-6 | 74–77 |
| 3/28/23 | Declaration of George M. Lee in Support of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-7 | 78–80 |
| 3/28/23 | Compendium of Evidence Submitted [in] Support of Plaintiffs' Motion for Preliminary Injunction or, Alternatively, for Summary Judgment | 20-8 | 81–121 |
| 3/2/23 | Complaint for Declaratory, Injunctive, or Other Relief | 1 | 122–181 |
| 1/24/24 | Notice of Appeal | 58 | 182–195 |
| | District Court Docket Sheet | | 196–201 |



# United States District Court

### SOUTHERN DISTRICT OF CALIFORNIA

FIREARMS POLICY COALITION,
INC.; CALIFORNIA GUN RIGHTS
FOUNDATION; SAN DIEGO
COUNTY GUN OWNERS PAC,

Civil Action No. __23-cv-00400-LL-VET__

**Plaintiff,**

**V.**

CITY OF SAN DIEGO; COUNTY OF
IMPERIAL; COUNTY OF ALAMEDA;
COUNTY OF VENTURA; COUNTY OF
LOS ANGELES; CITY OF SAN JOSE; and
COUNTY OF SANTA CLARA,

**JUDGMENT IN A CIVIL CASE**

**Defendant.**

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried
or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

The Court DISMISSES the action for lack of subject matter jurisdiction. Plaintiffs' motion for a
preliminary injunction [ECF. No. 20] is also DENIED AS MOOT. Case is closed.

**Date:** _____1/9/24_____

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By: s/ D.Frank
_____
D.Frank, Deputy

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  FIREARMS POLICY COALITION,                Case No.:  23cv400-LL-VET
    INC.; CALIFORNIA GUN RIGHTS
12  FOUNDATION; SAN DIEGO COUNTY              **ORDER DISMISSING CASE**
    GUN OWNERS PAC,
13

14                              Plaintiffs,

15  v.

16  CITY OF SAN DIEGO; COUNTY OF
    IMPERIAL; COUNTY OF ALAMEDA;
17  COUNTY OF VENTURA; COUNTY OF
    LOS ANGELES; CITY OF SAN JOSE;
18  and COUNTY OF SANTA CLARA,
19
                                Defendants.
20

21

22          On March 14, 2023, the Court issued an Order to Show Cause as to why this case

23  should not be dismissed for lack of standing, ripeness, improper venue, or improper joinder.

24  ECF No. 18. Before the Court are the parties' responses to the Court's Order to Show

25  Cause. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46. For the following reasons, the Court

26  **DISMISSES** the action.

27  / / /

28  / / /

# I.    BACKGROUND

On March 2, 2023, Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights Foundation, and San Diego County Gun Owners PAC (collectively "Plaintiffs") filed this current action against Defendants City of San Diego, County of Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara (collectively "Defendants") challenging the constitutionality of California Code of Civil Procedure Section 1021.11. ECF No. 1, Complaint ("Compl."). Section 1021.11 provides that:

> "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party."

Cal. Code Civ. Proc. § 1021.11(a).

The constitutionality of this provision has been previously litigated in this district. In *Miller v. Bonta*, Judge Roger T. Benitez held that Section 1021.11 was unconstitutional and permanently enjoined the State "from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs." *See Miller v. Bonta*, 646 F. Supp. 3d 1218, 1232 (S.D. Cal. 2022). Additionally, Judge Benitez held that "Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11." *Id.* On the same day as he decided *Miller*, Judge Benitez entered a similar judgment in another challenge to Section 1021.11 in *South Bay Rod & Gun Club, Inc. v. Bonta*. *See* 646 F. Supp. 3d 1232, 1245 (S.D. Cal. 2022) (holding that Section 1021.11 was unconstitutional and permanently enjoining the State from enforcing

Section 1021.11). The judgments in both *Miller* and *South Bay Rod & Gun Club* became final due to a lack of appeal.

In the instant case, Plaintiffs seek an "injunction against the statute's application or enforcement by several local jurisdictions." Compl. ¶ 1. On March 14, 2023, the Court issued an Order to Show Cause, directing Plaintiffs to show cause as to standing, ripeness, venue, and joinder. *See* ECF No. 18 at 3. These questions have now been extensively briefed by all parties. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46.

## II.   DISCUSSION

### A.   Plaintiffs Do Not Have Standing to Pursue This Case

Plaintiffs lack standing to maintain their claims. Article III of the Constitution confers on federal courts the power to adjudicate only cases or controversies. U.S. Const., art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To have standing, a plaintiff must show that (1) the plaintiff suffered an "injury in fact", i.e., one that is sufficiently "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the injury is "fairly traceable" to the challenged conduct, and (3) the injury is likely to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. The burden is on the plaintiff to establish that standing exists. *Id.* at 561.

First, Plaintiffs argue that they are at risk of imminent and substantial harm because the Defendants in this case are not subject to the *Miller* injunction. *See* ECF No. 19 at 4–5; ECF No. 46 at 3. Defendants insist that "there is no legitimate risk that any entity would seek to invoke Section 1021.11 and "[a]ny future local government defendant is unlikely to attempt to distinguish the *Miller* decision from their own case given the comprehensiveness of the ruling and the court's clear directive that it has broad preclusive effect." ECF No. 30 at 4. Indeed, Defendants were not directly named in *Miller*, but the

1    final judgments in *Miller* and *South Bay Rod & Gun Club* permanently enjoined any

2    implementation and enforcement of Section 1021.11. *See Miller*, 646 F. Supp. 3d at 1232;

3    *South Bay Rod & Gun Club, Inc.*, 646 F. Supp. 3d at 1245. The "broad preclusive effect"

4    of the *Miller* injunction was also addressed by the Ninth Circuit in *Abrera v. Newsom*. In

5    *Abrera v. Newsom*, the Ninth Circuit held that an appeal of the denial of a preliminary

6    injunction preventing state defendants from enforcing Section 1021.11 was moot "in light

7    of the permanent injunction in *Miller.*" *Abrera v. Newsom*, No. 22-16897 (9th Cir. Aug.

8    14, 2023) (order granting motion to dismiss the appeal as moot). Similarly, here, there is

9    no case or controversy because Defendants do not seek to implement or enforce Section

10   1021.11 in light of the *Miller* injunction.

11        Plaintiffs also state that as "independent government entities with independent

12   authority to seek fees under Section 1021.11, [Defendants] lack the necessary privity with

13   the *Miller* defendants to be bound by the *Miller* injunction." ECF No. 19 at 4. However, in

14   an action where a plaintiff challenges the constitutionality of a state statute, the proper

15   defendant is the state official designated to enforce the rule. *See Idaho Building and Const.*

16   *Trades Council, AFL-CIO v. Wasden*, 32 F. Supp. 3d 1143, 1148 (D. Idaho 2014)

17   (explaining that the proper defendant in actions for declaratory and injunctive relief

18   challenging the constitutionality of state statutes would be a state official with a fairly direct

19   connection to the enforcement of the act, and not just a "generalized duty"); *see also*

20   *American Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993)

21   ("Under United States Supreme Court precedent, when a plaintiff challenges the

22   constitutionality of a rule of law, it is the state official designated to enforce that rule who

23   is the proper defendant, even when that party has made no attempt to enforce the rule.").

24   The constitutionality of Section 1021.11 has already been challenged in previous actions

25   against the proper defendants who have a direct connection with its enforcement, including

26   the State Attorney General and Governor. *See Miller*, 646 F. Supp. 3d at 1222 (action

27   petitioning the court to enjoin California Governor and California Attorney General from

28

4

enforcing Section 1021.11); *South Bay Rod & Gun Club*, 646 F. Supp. 3d at 1235 (same); *Abrera v. Newsom*, 2022 WL 17555524, at *1 (E.D. Cal. Dec. 9, 2022) (same).

Next, Plaintiffs argue that they still face a "realistic threat of enforcement" and actual and imminent danger because there is "no commitment from Defendants" not to enforce Section 1021.11. *See* ECF No. 19 at 5–6; ECF No. 46 at 2–3. This position effectively puts the burden on Defendants to establish that there is no standing, as opposed to Plaintiff having the burden to establish standing, which the well-settled law requires. *See Lujan*, 504 U.S. at 561. Plaintiffs refer to *Lopez v. Candaele* to support their contention that under the "relaxed standing analysis" for pre-enforcement challenges, "the plaintiff may meet constitutional standing requirements by demonstrating a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *See* ECF No. 46 at 2 (quoting *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010)). In the next paragraph of *Lopez*, however, the Ninth Circuit explains that "despite this 'relaxed standing analysis'" for pre-enforcement challenges, "plaintiffs must still show an actual or imminent injury to a legally protected interest." *Id.* (internal citation omitted).

No such injury exists here because Defendants decline to make a hypothetical commitment as to how they would litigate lawsuits that have not even been filed, let alone ones that have been decided in Defendants' favor thereby implicating Section 1021.11. Defendants have clearly expressed that they do not intend to enforce the statute against Plaintiffs in the current action or any related action. *See* ECF Nos. 30, 33. Specifically, Defendant County of Imperial states that "[p]ost-*Miller* . . . the threat of injury is in the past" and "there is no legitimate risk that any entity would seek to invoke Section 1021.11."[1] ECF No. 30 at 4. Additionally, Defendant County of Alameda states that the

---

[1] Defendants County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Imperial. *See* ECF Nos. 31, 36, 40, 43.

*Miller* injunction "effectively discourages anyone, including Defendants, from even attempting to invoke Section 1021.11 against Plaintiffs."[2] ECF No. 33 at 8. Plaintiffs have no concrete evidence that Defendants plan to enforce Section 1021.11, and as such, Plaintiffs have failed to show that they face an actual or imminent injury. *See Wright v. Service Emp. Int'l Union Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022) (quoting *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 825 (9th Cir. 2020)) (a plaintiff "cannot rely on mere conjecture" about a defendant's possible actions as the plaintiff "must present concrete evidence to substantiate her fears."). Plaintiffs fail to carry their burden to show that they have standing, and therefore, the Court lacks jurisdiction over their claims. *See Lujan*, 504 U.S. at 560.

### B.  Ripeness, Venue, and Joinder

Although the Court need not address the remaining issues of ripeness, venue, and joinder because the first issue of standing is dispositive, the Court briefly addresses the remaining issues below. *See Khalaj v. United States*, 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (stating that jurisdiction must "be established as a threshold matter").

#### 1.  Ripeness

"Whether framed as an issue of standing or ripeness, the inquiry is largely the same." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many

---

[2] Defendants County of Imperial, County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Alameda. *See* ECF Nos. 34, 35, 37, 40, 43.

cases, ripeness coincides squarely with standing's injury in fact prong. Sorting out where standing ends and ripeness begins is not an easy task."). Therefore, for the same reasons that Plaintiffs lack standing to maintain their claims, Plaintiffs' claims also are not ripe for adjudication.

### 2. Joinder and Venue

Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if: (1) claims arise from the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). As a preliminary matter, Plaintiffs' claims raise common questions of law or fact as Plaintiffs seek an "injunction against [Section 1021.11's] application or enforcement by several local jurisdictions." Compl. ¶ 1; *see also* ECF No. 33 at 9 ("Defendants do not contest that Plaintiffs' claims may implicate at least one question of law common to all Defendants."). However, the mere fact that Plaintiffs' claims against Defendants involve a common question of law or fact does not entail that their claims against Defendants are related to the same transaction or occurrence. *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a degree of factual commonality underlying the claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, Plaintiffs' claims against Defendants arise out of distinct transactions or occurrences. In the Complaint, Plaintiffs allege that their counsel contacted each of the Defendants in separate letters, demanding that Defendants stipulate to the non-enforcement of Section 1021.11. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. The letters were sent on different dates and referenced each jurisdiction's own distinct firearms regulations. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. Plaintiffs even state that Defendants either responded to Plaintiffs' correspondence through individual letters or failed to respond at all. *See* Compl., Exs. 4, 7, 9; Compl. ¶¶ 48, 51, 55 (Defendants County of Imperial, County of Ventura, and County of Santa Clara did not respond to

Plaintiffs' correspondence); ECF No. 33 at 11 ("Plaintiffs received no shared or uniform response."). Plaintiffs' Complaint is devoid of any allegations that Defendants acted jointly or in concert. In the absence of claims arising out of the same transaction or occurrence, joinder of these Defendants is improper under Rule 20.

Venue is proper in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A "[p]laintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)).

Plaintiffs contend that venue is proper here under § 1391(b)(1) because Defendants are entities located in California and "all Defendants are properly joined." ECF No. 46 at 9; ECF No. 19 at 7. However, as discussed above, Defendants are not properly joined, and a remedy for improper joinder is severance. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Additionally, under Rule 20(b), the district court may sever claims or parties to avoid prejudice. Fed. R. Civ. P. 20(b).

As such, severing the claims would make venue in this Court improper and prejudicial as to the non-resident defendants. Specifically, based on Plaintiff's allegations, Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara do not have a connection to this district. Further, it does not appear a substantial part of the events or omissions giving rise to Plaintiff's claims regarding Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara occurred in this district.

Thus, even if the Court were to find the Plaintiffs have standing in this case, joinder and venue would bar the action against Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara.

/ / /

## III. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the action for lack of subject matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  January 9, 2024

Honorable Linda Lopez
United States District Judge

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11    FIREARMS POLICY COALITION,          Case No.: 23cv400-LL-VET
12    INC.; CALIFORNIA GUN RIGHTS
      FOUNDATION; SAN DIEGO COUNTY        **ORDER DENYING PLAINTIFFS' EX**
13    GUN OWNERS PAC,                     **PARTE APPLICATION FOR AN**
                                          **ORDER SHORTENING TIME ON**
14                          Plaintiffs,   **PLAINTIFFS' MOTION FOR AN**
                                          **INJUNCTION PENDING APPEAL**
15    v.

16    CITY OF SAN DIEGO; COUNTY OF        **[ECF No. 62]**
      IMPERIAL; COUNTY OF ALAMEDA;
17    COUNTY OF VENTURA; COUNTY OF
      LOS ANGELES; CITY OF SAN JOSE;
18    and COUNTY OF SANTA CLARA,
19                          Defendants.
20

21

22          Before the Court is Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights

23    Foundation, and San Diego County Gun Owners PAC's (collectively "Plaintiffs") Ex Parte

24    Application for an order shortening the time for Defendants City of San Diego, County of

25    Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San

26    Jose, and County of Santa Clara (collectively "Defendants") to respond to Plaintiffs'

27    Motion for an Injunction Pending Appeal [ECF No. 61]. ECF No. 62, Ex Parte Application.

28    Plaintiffs claim that this ex parte relief is necessary "because of the ongoing harm

1    [California] Code of Civil Procedure § 1021.11 inflicts on Plaintiffs" and because the

2    Court's January 9, 2024 Order dismissing this action "perpetuates Plaintiffs' injuries by

3    leaving them in a state of limbo." *Id.* at 2–3. No oppositions have been filed. *See generally*

4    Docket.

5        "The 'opportunities for legitimate ex parte applications are extremely limited.'"

6    *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (quoting

7    *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). To be proper, an ex

8    parte application must demonstrate good cause to allow the moving party "to go to the head

9    of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g*

10   *Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Accordingly, the use of an

11   ex parte procedure is justified only when: "(1) there is a threat of immediate or irreparable

12   injury; (2) there is danger that notice to the other party may result in the destruction of

13   evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot

14   be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the

15   time within which a motion may be brought)." *Horne*, 969 F. Supp. 2d at 1205 (citing

16   *Intermagnetics*, 101 B.R. at 193).

17       Here, Plaintiffs' Ex Parte Application fail to show that the use of an ex parte

18   procedure is justified. Plaintiffs only offer conclusory statements that the threat of

19   California Code of Civil Procedure § 1021.11 enforcement irreparably harms Plaintiffs and

20   prevents them from bringing lawsuits. *See* ECF No. 62 at 2. This does not satisfy the ex

21   parte standard. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613

22   (D. Ariz. 2001) (holding that a party's "perception of the urgency" to obtain relief is

23   insufficient under the ex parte standard). Additionally, Plaintiffs offer no arguments

24   referencing any specific merits of their Motion for Preliminary Injunction Pending Appeal

25   ("Motion for Preliminary Injunction"). *See* ECF No. 62 at 2–3; *Mission Power*, 883 F.

26   Supp. at 492 ("To show irreparable prejudice, it will usually be necessary to refer to the

27   merits of the accompanying proposed motion, because if it is meritless, failure to hear it

28   cannot be prejudicial.").

2

23cv400-LL-VET

In any case, Plaintiffs' irreparable injury argument in the Ex Parte Application and the Motion for Preliminary Injunction does not provide a basis for the requested ex parte relief because, as this Court has found in its January 9, 2024 Order dismissing this action, Plaintiffs do not have standing to pursue their case. ECF No. 56 at 3–6 ("Plaintiffs fail to carry their burden to show that they have standing, and therefore, the Court lacks jurisdiction over their claims."). As such, Plaintiffs have not made an adequate showing warranting the requested ex parte relief.

Accordingly, the Court **DENIES** Plaintiffs' Ex Parte Application.

**IT IS SO ORDERED.**

Dated:  February 8, 2024

Honorable Linda Lopez
United States District Judge

23cv400-LL-VET

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No.: 3:23-cv-00400-LL-VET <br><br> **DECLARATION OF BRANDON COMBS IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL** <br><br> Date: March 8, 2024 <br> Courtroom 5D (5th Floor) <br> Hon. Linda Lopez <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

COMBS DECL. ISO PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL

I, Brandon Combs, declare:

1.      I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-profit membership organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2.      In my previous declaration offered in support of Plaintiffs' Motion for Preliminary Injunction Or, Alternatively, For Summary Judgment, ECF No. 20-2, I detailed how Section 1021.11 significantly infringed the constitutional rights of FPC and its members. The statute has caused FPC to dismiss or refrain from bringing lawsuits challenging Defendants' firearms regulations that FPC and its members believe are unconstitutional. Section 1021.11 continues to impose ongoing harm on FPC and its members.

3.      In the more than nine months that have passed since Plaintiffs filed their motion for a preliminary injunction, FPC has been contacted by additional individuals who have potential separate claims against Defendants in this case, and, but for Section 1021.11, FPC would have pursued multiple of those potential claims. Indeed, FPC exists in large part to assert such claims through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms.

4.      Beyond the claims outlined in the Complaint and in my previous declaration, the risk of fee liability imposed by Section 1021.11 has caused FPC to refrain from filing additional suits or litigating constitutional claims that it is otherwise prepared to file and litigate. As explained in the declaration of FPC's counsel (Bradley A. Benbrook), FPC recently requested that the County of San Diego stipulate to non-enforcement of the provisions of Section 1021.11 in a lawsuit challenging the constitutionality of California's laws imposing a residency requirement for obtaining

1  a license to carry a concealed firearm. FPC has incurred fees to prepare the pleadings

2  in such a lawsuit and has refrained from filing because San Diego County Counsel has

3  refused to stipulate to Section 1021.11 non-enforcement. As with the cases FPC has

4  refrained from bringing against each of the Defendants, FPC is prepared to file this

5  challenge but it has refrained from doing so due to Section 1021.11's threat of ruinous

6  fee liability.

7         I declare under penalty of perjury under the laws of the United States of

8  America and State of California that the foregoing is true and correct to the best of my

9  knowledge.

10

11  _____

12                    BRANDON COMBS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

JOHN W. DILLON
DILLON LAW GROUP APC
2647 Gateway Rd, Suite 105 No. 255
Carlsbad, CA 92009-1757
jdillon@dillonlawgp.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com
ppatterson@cooperkirk.com

*Admitted *pro hac vice*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, <br><br> Defendants. | Case No.: 3:23-cv-00400-LL-VET <br><br> **DECLARATION OF BRADLEY A. BENBROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL** <br><br> Date: March 8, 2024 <br> Courtroom 5D (5th Floor) <br> Hon. Linda Lopez |

BENBROOK DECL. ISO PLAINTIFFS' MOTION FOR AN INJUNCTION PENDING APPEAL

I, Bradley A. Benbrook, declare:

1.     I am an attorney, licensed to practice law in the State of California, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     I was also counsel of record for the Plaintiffs in *Miller v. Bonta*, 646 F. Supp. 3d 128 (S.D. Cal. 2022), where this Court enjoined the State from enforcing Code of Civil Procedure § 1021.11 ("Section 1021.11").

3.     Section 1021.11's pernicious effects have continued while this lawsuit has been pending. For example, FPC has incurred fees to prepare a lawsuit challenging the constitutionality of California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3). The individual plaintiff in the case would have to seek licensure from San Diego County, so the County may also be named in any such suit. *See* Cal. Penal Code § 26150(b).

4.     On December 22, 2023, my office sent a letter to the Office of the County Counsel for the County of San Diego asking it to stipulate to non-enforcement of Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a lawsuit challenging the CCW residency requirement. A true and correct copy of the letter is attached as <u>Exhibit 1</u>.

5.     On January 11, 2024, County Counsel responded by letter stating that it would only commit to non-enforcement "unless and until an appellate court rules in a published decision that the statute is constitutional." Despite this reservation of enforcement authority, the County Counsel also asserted that any suit to challenge the County's position "would not be ripe and subject to dismissal for lack [of] standing." A true and correct copy of the County's response is attached as <u>Exhibit 2</u>.

6.     After receiving the letter, I spoke to the Deputy County Counsel by phone. During that conversation, he advised that he thought the law was "probably

unconstitutional," but advised that he would confer further with County Counsel regarding its enforcement position. On January 18 I received a further e-mail from the Deputy County Counsel that "confirmed that the County reserves its right to seek all available fees and costs from litigation" if Section 1021.11 were later upheld, and asserted that that any suit to challenge the County's position "would not be ripe and subject to dismissal for lack [of] standing."

7.    On January 25, 2024, my office sent an e-mail to counsel for all Defendants pursuant to the Court's requirement that counsel hold a pre-filing conference for noticed motions. In that e-mail, Plaintiffs requested that Defendants' counsel to state whether they would "oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was 'no legitimate risk' of its enforcement) and thereby obviate the need for further litigation." A true and correct copy of the e-mail is attached as Exhibit 3.

8.    As of the filing of this motion, none of the Defendants have responded to Plaintiffs' e-mail.

9.    On February 2, 2024, my office sent an e-mail to counsel for all Defendants informing them on Plaintiffs' intent to apply for an order shortening time for briefing and hearing this motion. A true and correct copy of the e-mail is attached as Exhibit 4.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

Bradley A. Benbrook

# EXHIBIT 1

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                           brad@benbrooklawgroup.com

December 22, 2023

**Via email**
Claudia G. Silva
County Counsel
Timothy M. White
Senior Deputy County Counsel
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA 92101-2437
Claudia.Silva@sdcounty.ca.gov
Timothy.White@sdcounty.ca.gov

   Re: California Code of Civil Procedure § 1021.11

Dear Counsel:

  I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3). This requirement is unconstitutional, in that it (at least) violates the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. The prospective plaintiffs include individuals who are not California residents and either have applied or would apply to the San Diego County Sheriff's Department for a license to carry a concealed firearm. We intend to seek declaratory and injunctive relief as to the enforcement of these laws.

  However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any attempt by San Diego County to enforce California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

ER-024

BENBROOK LAW GROUP, PC

Claudia G. Silva
Timothy M. White
December 22, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In *Miller v. Bonta*, 646 F. Supp. 3d 1218 (S.D. Cal. 2022), the Southern District ruled that it violated the First Amendment right to petition and the Fourteenth Amendment's Due Process and the Equal Protection Clauses. *Id.* at 1224–31. The court enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

*Id.* at 1232.

We recognize that your office may take the position that the *Miller* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller* opinion, there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate on behalf of San Diego County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various

BENBROOK LAW GROUP, PC

Claudia G. Silva
Timothy M. White
December 22, 2023
Page 3

counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether Prospective Defendants intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims. Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed a confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Tuesday, January 2, 2024**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 2



# County of San Diego

| CLAUDIA G. SILVA | OFFICE OF COUNTY COUNSEL | JOHN P. COOLEY |
|---|---|---|
| COUNTY COUNSEL | 1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CA 92101 | Chief Deputy |
| | (619) 531-4860    Fax (619) 531-6005 | Direct Dial: (619) 531-4892 |
| | | E-Mail:  John.Cooley@sdcounty.ca.gov |

January 11, 2024

**Via Email: brad@benbrooklawgroup.com**

Bradley A. Benbrook
BENBROOK LAW GROUP
701 University Avenue, Suite 106
Sacramento, California 95825

Re:     Your December 22, 2023, Letter re: Cal. Code of Civil Procedure § 1021.11

Dear Mr. Benbrook:

On December 22, 2023, County Counsel received a letter from you requesting that this Office agree, on behalf of the County of San Diego and its officers, employees and agents, to an unconditional waiver and non-enforcement of California Code of Civil Procedure section 1021.11 with respect to specific litigation your client, Firearms Policy Coalition, intends to file.  Your letter identified that litigation as a future case against the County of San Diego "challenging California's laws imposing a residency requirement for obtaining a license to carry a concealed firearm, set forth in California Penal Code §§ 26150(a)(3) and 26155(a)(3)" (hereinafter, "the Threatened Lawsuit").

The County has considered your request and agrees to not use Code of Civil Procedure section 1021.11 for purposes of the Threatened Lawsuit unless and until an appellate court rules in a published decision that the statute is constitutional.

Very truly yours,

CLAUDIA G. SILVA, County Counsel

By
     JOHN P. COOLEY, Chief Deputy

# EXHIBIT 3

Friday, February 2, 2024 at 12:05:43 Pacific Standard Time

**Subject:** Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400

**Date:** Thursday, January 25, 2024 at 5:22:26 PM Pacific Standard Time

**From:** Steve Duvernay

**To:** mzollman@sandiego.gov, das@sscelaw.com, john@sscelaw.com, chad@sscelaw.com, zinn@smwlaw.com, christine.renshaw@ventura.org, Thomas Hurrell, Knight, Nana, Harris, Aryn

**CC:** Bradley Benbrook, Pete Patterson

Counsel,

Plaintiffs have filed a notice of appeal of the Court's Order dismissing Plaintiffs' complaint and the associated judgment of dismissal. Plaintiffs intend to file a motion for an injunction pending appeal requesting that the Court enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to Section 1021.11's fee-shifting penalty.

It is not entirely clear whether Judge Lopez's chambers rules require a conference of counsel before filing such a motion, but assuming they do, Plaintiffs request that Defendants state their position on the matter, *i.e.*, whether Defendants will oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was "no legitimate risk" of its enforcement) and thereby obviate the need for further litigation. Please contact Brad Benbrook or me if you would like to discuss.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
steve@benbrooklawgroup.com

Page 1 of 1

# EXHIBIT 4

(32 of 202), Page 32 of 202 Case: 24-472, 03/11/2024, DktEntry: 23.1, Page 32 of 202
Case 3:23-cv-00400-LL-VET Document 61-3 Filed 02/02/24 PageID.718 Page 13 of 14
Friday, February 2, 2024 at 13:05:55 Pacific Standard Time

**Subject:** Re: Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400
**Date:** Friday, February 2, 2024 at 1:05:36 PM Pacific Standard Time
**From:** Steve Duvernay
**To:** mzollman@sandiego.gov, das@sscelaw.com, john@sscelaw.com, chad@sscelaw.com, zinn@smwlaw.com, christine.renshaw@ventura.org, Thomas Hurrell, Knight, Nana, Harris, Aryn, nluongo@hurrellcantrall.com
**CC:** Bradley Benbrook, Pete Patterson

Counsel,

Plaintiffs will be filing a motion for an injunction pending appeal later today. Pursuant to S.D. Cal. Civ. R. 7.1(e)(5) and 83.3(g)(2), Plaintiffs intend to file an application for an order shortening the time for briefing and hearing the motion based on the ongoing harm Code of Civil Procedure § 1021.11 inflicts on Plaintiffs. Plaintiffs will file that application on Monday.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

---

**From:** Steve Duvernay <Steve@benbrooklawgroup.com>
**Date:** Thursday, January 25, 2024 at 5:22 PM
**To:** mzollman@sandiego.gov <mzollman@sandiego.gov>, das@sscelaw.com <das@sscelaw.com>, john@sscelaw.com <john@sscelaw.com>, chad@sscelaw.com <chad@sscelaw.com>, zinn@smwlaw.com <zinn@smwlaw.com>, christine.renshaw@ventura.org <christine.renshaw@ventura.org>, Thomas Hurrell <thurrell@hurrellcantrall.com>, Knight, Nana <Nana.Knight@sanjoseca.gov>, Harris, Aryn <Aryn.Harris@cco.sccgov.org>
**Cc:** Bradley Benbrook <brad@benbrooklawgroup.com>, Pete Patterson <ppatterson@cooperkirk.com>
**Subject:** Firearms Policy Coalition, Inc. v. City of San Diego; S.D. Cal. Case No. 3:23-cv-00400

Counsel,

Plaintiffs have filed a notice of appeal of the Court's Order dismissing Plaintiffs' complaint and the associated judgment of dismissal. Plaintiffs intend to file a motion for an injunction pending appeal requesting that the Court enjoin Defendants from enforcing or applying the fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to Section 1021.11's fee-shifting penalty.

It is not entirely clear whether Judge Lopez's chambers rules require a conference of counsel before filing such a motion, but assuming they do, Plaintiffs request that Defendants state their position on the matter, *i.e.*, whether Defendants will oppose the motion or if they instead are now willing to disavow enforcement of Section 1021.11 (after obtaining a dismissal based on the representation that there was "no legitimate risk" of its enforcement) and thereby obviate the need for further litigation. Please contact Brad Benbrook or me if you would like to discuss.

Sincerely,

**Stephen Duvernay**
Benbrook Law Group, PC
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
steve@benbrooklawgroup.com

1  Dick A. Semerdjian (SBN 123630)
   John A. Schena (SBN 269597)
2  Chad M. Thurston (SBN 339151)
   **SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP**
3  101 West Broadway, Suite 810
   San Diego, CA 92101
4  Telephone No. 619.236.8821
   Facsimile No. 619.236.8827
5  Email:     das@sscelaw.com
              john@sscelaw.com
6              chad@sscelaw.com

7  Attorneys for Defendant
   COUNTY OF IMPERIAL

8

9            **UNITED STATES DISTRICT COURT**

10        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | FIREARMS POLICY COALITION, | Case No. 3:23-cv-00400-LL-AGS
   | INC.; CALIFORNIA GUN RIGHTS |
   | FOUNDATION; SAN DIEGO COUNTY | **RESPONSE OF DEFENDANT**
13 | GUN OWNERS PAC, | **COUNTY OF IMPERIAL TO**
   | | **ORDER TO SHOW CAUSE [ECF No.**
14 |            Plaintiffs, | **18]**

15 | v. |

16 | CITY OF SAN DIEGO; COUNTY OF |
   | IMPERIAL; COUNTY OF ALAMEDA; | Judge:      Hon. Linda Lopez
17 | COUNTY OF VENTURA; COUNTY OF | Magistrate:  Hon. Allison H. Goddard
   | LOS ANGELES; CITY OF SAN JOSE; |
18 | and COUNTY OF SANTA CLARA, | Complaint Filed: March 2, 2023

19 |            Defendants. |

20

21

22

23

24

25

26

27

28

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. <u>INTRODUCTION</u>

Defendant County of Imperial submits this response to the Court's March 14, 2023 Order to Show Cause to Plaintiffs in this action, as to why this case should not be dismissed. This Response is submitted on behalf of defendants County of Imperial, County of Santa Clara, County of Ventura, County of Los Angeles, City of San Jose, and City of Ventura. Specifically, the Court ordered Plaintiffs to show cause as to: (1) why they have Article III standing; (2) why their claims are ripe for resolution; (3) why venue is proper in this district; and (4) why their claims against each defendant are properly joined into a single action. Plaintiffs filed a response. (ECF No. 19.)  This response addresses the issues of standing and ripeness.

**A.** **This suit should be dismissed because Plaintiffs lack Article III standing.**

This case presents threshold questions of standing.  As this Court is well aware, Article III limits the jurisdiction of federal courts to "cases" and "controversies."  *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir.1993).  "Federal courts are presumed to lack jurisdiction, unless the contrary appears affirmatively from the record."  *Id.* (citation and internal quotation marks omitted).  As the parties seeking to invoke federal jurisdiction, Plaintiffs bear the burden of establishing their standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

# II. <u>PLAINTIFFS HAVE NOT ALLEGED THE INJURY IN FACT NECESSARY TO DEMONSTRATE STANDING</u>

Plaintiffs here cannot demonstrate at least one of the elements of standing— "injury in fact" — the sufficient demonstration of which has been described as an "irreducible constitutional minimum" of Article III standing. *Id.* at 560.  To sustain an "injury-in-fact" to a legally protected interest, Plaintiffs must show that the injury is both "concrete and particularized" and "actual or imminent," as opposed to "conjectural" or "hypothetical." *Lujan*, 504 U.S. at 561.  In the present circumstance, seeking pre-enforcement review, courts have held that a plaintiff

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

satisfies the injury-in-fact requirement where the plaintiff alleges "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014).  In the Ninth Circuit, a credible threat of prosecution exists where "the government has declared its intention to enforce" the law. *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 652–53 (9th Cir. 2021) (*citing Pierce v. Soc'y of the Sisters of the Holy Names of Jesus & Mary*, 268 U.S. 510, 533 (1925)).  In *California Trucking Ass'n*, plaintiff established a credible threat of prosecution based upon "state sent letters to businesses notifying" them about the challenged law (AB-5) and the fact that the state began "moving aggressively to enforce" the law after its enactment.  *Id.*

But here, as the Court noted in the Order to Show Cause, Plaintiffs are not at risk of imminent and substantial harm—both because of the district court's decision in *Miller v. Bonta*, No. 22CV1446-BEN (JLB), 2022 WL 17811114, at *4 (S.D. Cal. Dec. 19, 2022), and because Defendants have never signaled any intent to enforce or apply the state statute—a statute that they had no role in enacting.  (ECF No. 18, Order at 2:13-15.)  Therefore, Plaintiffs are not presently encountering a credible threat of enforcement, and it is unreasonable to believe that Plaintiffs are at risk of being liable for "ruinous attorney fees" by way of Defendants seeking fees pursuant to Code of Civil Procedure 1021.11 or, even more remotely, a court awarding such attorney's fees under that now-enjoined state statute.

Indeed, this Court in *Miller* struck down Section 1021.11 as unconstitutional:

> This Court concludes that the purpose and effect of § 1021.11 is to trench on a citizen's right of access to the courts and to discourage the peaceful vindication of an enumerated constitutional right. Because the state fee-shifting statute undermines a citizen's constitutional rights, it is this Court's role to declare its invalidity and enjoin its threat.

*Miller v. Bonta*, 22CV1446-BEN (JLB), 2022 WL 17811114, at *4.  The Order has become final due to the lack of an appeal.   This is of import here as Plaintiffs seek declaratory and injunctive relief only, which necessitates a further requirement that

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

1  Plaintiffs show a very significant possibility of future harm; it is insufficient for

2  them to demonstrate only a past injury. *Bras v. California Pub. Util. Comm'n*, 59

3  F.3d 869, 873 (9th Cir.1995). Pre-*Miller*, the Plaintiffs would have faced

4  uncertainty about the risk of Section 1102.11 attorney's fee exposure. Post-*Miller*,

5  however, the threat of injury is in the past.

6        Plaintiffs are not at risk of Defendants parsing the *Miller* decision to

7  distinguish it in any hypothetical future Second Amendment case that Plaintiffs

8  might bring because the *Miller* decision was comprehensive in its analysis of

9  Section 1021.11. As the *Miller* decision notes, the Attorney General refused to

10  defend the constitutionality of the statute. *Id.* at *1. Thus, under the post-*Miller*

11  state of the law in California, the threat that Plaintiffs will be subject to Section

12  1021.11 fees is neither actual nor imminent. Plaintiffs nevertheless argue that the

13  *Miller* injunction has limited impact because the local government Defendants here

14  are not in privity with the State.[1] (ECF No. 19 at 3:23-28.) While perhaps

15  technically true, from a pragmatic standpoint the statute is now "red-flagged" on

16  Westlaw as unconstitutional and pre-empted. Under these circumstances, there is no

17  legitimate risk that any entity would seek to invoke Section 1021.11, or that any

18  court would allow it to be enforced. Any future local government defendant is

19  unlikely to attempt to distinguish the *Miller* decision from their own case given the

20  comprehensiveness of the ruling and the court's clear directive that it has broad

21  preclusive effect.

22  _____

23  [1] Notably, the Court's injunction against Section 1021.11 was broad:

24        Defendant Attorney General Rob Bonta and Intervenor-Defendant
        Governor Gavin Newsom, and their officers, agents, servants,

25        employees, and attorneys, and those persons in active concert or
        participation with them, and those who gain knowledge of this

26        injunction order or know of the existence of this injunction order, are
        enjoined from implementing or enforcing California Code of Civil

27        Procedure § 1021.11, as enacted by S.B. 1327.

28  *Miller v. Bonta*, No. 22CV1446-BEN (JLB), 2022 WL 17811114, at *8.

Plaintiffs next argue that the *Miller* decision does not provide adequate assurance of non-enforceability because Defendants have not made affirmative statements of non-enforcement. (ECF No. 19 at 4:10-13.) But Plaintiffs' "affirmative" assertion argument is not supported by the law or common sense. Plaintiffs suggest that successfully striking down a statute as unconstitutional should give rise to the ability to extract promises from local government defendants not to seek fees under that same unconstitutional and already enjoined statute. Or, without such affirmative promises, they are entitled to secure such post-injunction assurances by way of the courts. Yet, none of the four cases cited by Plaintiffs supports that they would have standing to obtain post-injunction relief because each of the cases involve the distinguishable fact that these others cases involved initial challenges lodged against the state or state actor responsible for enacting the alleged unconstitutional statue: *New Hampshire Right to Life Political Action Committee v. Gardner*, 99 F.3d 8, 15 (1st Cir. 1996) (suit against Secretary of State for capping independent political expenditures); *Virginia v. American. Booksellers Ass'n, Inc*., 484 U.S. 383 (1988) (suit against the State, under the First Amendment, challenging a statute making it unlawful to knowingly display sexually explicit material accessible to juveniles); and *Babbitt v. United Farm Workers National Union*, 442 U.S. 289 (1979) (lawsuit against the Governor of Arizona challenging constitutionality of Arizona Agricultural Employment Relations Act); *Arizona Right to Life Political Action Committee v. Bayless*, 320 F.3d 1002, 1007 (9th Cir. 2003) (suit against Arizona Attorney General challenging constitutionality of political advertising law). Thus, none of those cases supports the concept Plaintiffs propose here, to endorse perpetual litigation to re-prove that the already-enjoined statute is still unconstitutional.

Plaintiffs' demand of an "affirmative" promise from the municipal defendants is also impractical and improper. There is no credible threat that a governmental actor is seeking to or has plans to seek Section 1021.11 fees. There is simply no

1  legal or practical requirement for public officials to publicly state that they will

2  follow the law and the courts' decisions about such laws.  Thus, because Section

3  1021.11 has been declared unconstitutional by a district court in California,

4  particularly in the manner here—*i.e.*, with the California Attorney General refusing

5  to defend it—the probability that any municipal defendant will seek attorney's fees

6  under the enjoined statute is beyond negligible and the risk of actual harm—*i.e.* that

7  any state or federal court will award fees under the enjoined statute—is nothing

8  more than empty conjecture.  In the absence of a credible threat that Defendants will

9  invoke Section 1021.11 against them, Plaintiffs' choice to censor themselves by

10  purportedly declining to file Second Amendment lawsuits cannot supply Article III

11  injury-in-fact.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013)

12  ("[R]espondents cannot manufacture standing merely by inflicting harm on

13  themselves based on their fears of hypothetical future harm that is not certainly

14  impending.").

15       The risk of injury to Plaintiffs is speculative for yet another reason.  Plaintiffs

16  have threatened Defendants with lawsuits challenging the entities' application and

17  enforcement of the entities' licensing regime for carrying concealed firearms under

18  the Second and Fourteenth Amendment.  However, as the Court in *South Bay Rod &*

19  *Gun Club, Inc. v. Bonta*, No. 22CV1461-BEN (JLB), 2022 WL 17811113, at *4

20  (S.D. Cal. Dec. 19, 2022) further held, Section 1021.11's fee-shifting provisions

21  violate the Supremacy Clause because those provisions directly conflict with the

22  fee-shifting statute in 42 U.S.C. §1988.  Section 1988, as a fee-shifting statute, is

23  intended to encourage the protection of constitutional rights by rewarding plaintiffs

24  who prevail in a constitutional challenge.  It is reasonable to expect that Plaintiffs

25  will seek attorney fees pursuant to Section 1998 in the threated litigation just like

26  they have in this case.  (*See*, ECF No.1, Complaint at Prayer ¶6.)  Under Section

27  1988, a prevailing plaintiff is entitled to attorney fees.  Where state or local

28  governments are defendants, the Supreme Court construes Section 1988 as

6
RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

permitting defensive fees only where the plaintiff's claim is "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). But as the *South Bay Rod & Gun Club* court held, Section 1021.11's fee-shifting provisions violate the Supremacy Clause and may not override the fee-shifting statue of Section 1988. Thus, Plaintiffs' purported concern, that they might be injured by the threat of Section 1021.11 fees in their threatened constitutional challenge to the municipalities' practices regarding concealed carry permits, is not imminent or concrete, thus, vitiating their standing claim.

**B.  For many of the same reasons discussed above, Plaintiffs' claims also are not ripe.**

As this Court has recognized, Plaintiffs also do not have a ripe claim. (ECF No. 18 at 2.) Courts have noted that "sorting out where standing ends and ripeness begins is not an easy task." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). The Supreme Court instructs that ripeness is "peculiarly a question of timing," designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967). In threat-of-enforcement cases, courts have often considered that the standing and ripeness issues turn on the same question: credibility of the threat of imminent enforcement. *Susan B. Anthony*, 573 U.S. at 157 n.5. Thus, the lack of any clear threat of imminent enforcement defeats ripeness. *Renne v. Geary*, 501 U.S. 312, 320–25 (1991). For the reasons detailed above, Plaintiffs cannot genuinely allege a credible risk of harm of Section 1021.11 being invoked or enforced against them. Thus, Plaintiffs' claims are also not ripe, and could be dismissed on that additional basis.

### III.   <u>CONCLUSION</u>

Plaintiffs lack standing to bring a pre-enforcement action and the action should be dismissed in its entirety.


Dated:  April 11, 2023                    SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP


                                          By:  <u>*/s/ John A. Schena*</u>
                                               Dick A. Semerdjian
                                               John A. Schena
                                               Chad M. Thurston
                                               Attorneys for Defendant
                                               COUNTY OF IMPERIAL

RESPONSE OF COUNTY OF IMPERIAL TO ORDER TO SHOW CAUSE [ECF No. 18.]

1  MATTHEW D. ZINN (State Bar No. 214587)
   RYAN K. GALLAGHER (State Bar No. 344349)
2  SHUTE, MIHALY & WEINBERGER LLP
   396 Hayes Street
3  San Francisco, California 94102
   Telephone: (415) 552-7272
4  Facsimile: (415) 552-5816
   zinn@smwlaw.com
5  rgallagher@smwlaw.com

6  Attorneys for Defendant
   County of Alameda
7

8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 | FIREARMS POLICY                | Case No. 3:23-cv-00400-LL-DDL
   | COALITION, INC.; CALIFORNIA    |
13 | GUN RIGHTS FOUNDATION;         | **RESPONSE OF DEFENDANT**
   | SAN DIEGO COUNTY GUN           | **COUNTY OF ALAMEDA TO**
14 | OWNERS PAC,                    | **ORDER TO SHOW CAUSE**

15              Plaintiffs,         | By invitation of the Court (ECF
                                    | No. 18)
16        v.

17 CITY OF SAN DIEGO; COUNTY
   OF IMPERIAL; COUNTY OF
18 ALAMEDA; COUNT OF
   VENTURA; COUNTY OF LOS
19 ANGELES; CITY OF SAN JOSE;
   and COUNTY OF SANTA CLARA,
20
             Defendants.
21

22

23

24

25

26

27

28

---

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES...........................................................................3

INTRODUCTION......................................................................................5

ARGUMENT ...........................................................................................6

    I.    This case should be dismissed for lack of standing because Plaintiffs cannot show that any alleged injury is fairly traceable to Defendants. ...............................................6

    II.   Plaintiffs' claims should be dismissed because Defendants are misjoined and venue is improper in the Southern District of California for the Non-resident Defendants.................................9

CONCLUSION ......................................................................................15

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

# TABLE OF AUTHORITIES

## CASES

*Almont Ambulatory Surgery Center, LLC v. UnitedHeath Group, Inc.*,
    99 F. Supp. 3d 1110 (C.D. Cal. 2015)......................................................12

*Am. Civ. Liberties Union v. Fl. Bar*,
    999 F.2d 1486 (11th Cir. 1993) ...............................................................8

*Brewster v. City of Los Angeles*,
    Case No. EDCV 14-2257 JGB (SPx), 2019 WL 7707886 (C.D. Cal.
    July 19, 2019) .........................................................................................7

*Bryant v. California Brewers Association*,
    585 F.2d 421 (9th Cir. 1978) ...........................................................12, 13

*Cal. Brewers Ass'n v. Bryant*,
    444 U.S. 598 (1980) .............................................................................12

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ...............................................................................6

*Coughlin v. Rogers*,
    130 F.3d 1348 (9th Cir. 1997) .............................................................10

*Dakota Rural Action v. Noem*,
    Civ 19-5026, 2019 WL 4546908 (D.S.D. Sept. 18, 2019) ...............6, 7, 8

*Desert Empire Bank v. Ins. Co. of N. Am.*,
    623 F.2d 1371 (9th Cir. 1980) .........................................................10, 14

*Evers v. Custer County*,
    745 F.2d 1196 (9th Cir. 1984) ...............................................................7

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
    596 F. Supp. 2d 1282 (D. Ariz. 2009)...............................................9, 15

*Khalaj v. United States*,
    474 F. Supp. 3d 1029 (D. Ariz. 2020) .....................................................9

*Los Angeles County v. Humphries*,
    562 U.S. 29 (2010) .................................................................................6

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ...............................................................................6

*Miller v. Bonta*,
    No. 3:22-cv-1446-BEN-MDD, 2022 WL 17811114 (S.D. Cal. Dec.
    19, 2022) ..........................................................................................8, 13

*Nichols v. Brown*,
    859 F. Supp. 2d 1118 (C.D. Cal. 2012)..................................................6, 7

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC

Case No. 3:23-cv-00400-LL-DDL

*Pembaur v. City of Cincinnati,*
475 U.S. 469 (1986) .......................................................................... 6

*Rush v. Sport Chalet, Inc.,*
779 F.3d 973 (9th Cir. 2015) .......................................................... 9, 12

*Spaeth v. Mich. State Univ. Coll. of Law*,
845 F. Supp. 2d 48 (D.D.C. 2012)................................... 10, 11, 12

*U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.,*
8 F. Supp. 3d 339 (S.D.N.Y. 2014) .......................................... 15

*United States v. Mississippi,*
380 U.S. 128 (1965) ...................................................................... 13

*Wilson v. Stoker*,
819 F.2d 943 (10th Cir. 1987) .................................................. 8

*Wynn v. Nat'l Broad. Co., Inc.,*
234 F. Supp. 2d 1067 (C.D. Cal. 2002)................................ 10, 11, 12, 13

**STATUTES**

28 U.S.C. § 1391(b).......................................................................... 14

28 U.S.C. § 1391(b)(1)...................................................................... 14

28 U.S.C. § 1391(c)(2)...................................................................... 14

28 U.S.C. § 1406(a).......................................................................... 15

**CALIFORNIA CONSTITUTION**

Cal. Const., art. XI, § 7.................................................................... 11

**STATE STATUTES**

Cal. Civ. Proc. Code § 1021.11 ................................................. passim

**RULES**

Fed. R. Civ. P. 21............................................................................ 9, 14

**TREATISES**

7 Charles Alan Wright & Arthur R. Miller, Federal Practice &
Procedure § 1683 (3d ed. 2022) ............................................... 9

**INTRODUCTION**

As this Court recognized in its Order to Show Cause (ECF No. 18 at 1–2), Plaintiffs lack standing to bring this suit. Plaintiffs' issue is with California Code of Civil Procedure section 1021.11, a statute enacted by the California State Legislature. Plaintiffs have not alleged that any of the Defendants played any role in its adoption or have implemented any policy or practice to enforce it. Accordingly, Plaintiffs cannot satisfy the causation or redressability requirements of Article III standing. The Court should therefore dismiss their claims for lack of subject matter jurisdiction.

In the alternative, Plaintiffs' claims should be dismissed without prejudice for improper joinder and venue. Plaintiffs have attempted to join as defendants in this action seven separate California cities and counties. These local governments are scattered throughout the state. They have neither enacted a common policy nor taken any concerted action that could possibly link Plaintiffs' discrete claims against them. And to the extent that Plaintiffs have interacted with these local governments at all, it has been on an individualized basis, regarding the entirely distinct lawsuits that Plaintiffs allege they might someday file against each entity's individual firearms regulations—regulations adopted independently by each entity under its local police power.

The Federal Rules of Civil Procedure do not allow the permissive joinder of multiple defendants under these circumstances. *See* ECF No. 18 at 3. And because Defendants were improperly joined, venue is improper as to the five defendants not located in the Southern District of California.[1] *See id.* at 2–3. To cure these joinder and venue defects, Plaintiffs' claims against the five Non-resident Defendants should be dismissed without prejudice.

---

[1] These five jurisdictions (collectively, "Non-resident Defendants") are the City of San Jose and the Counties of Alameda, Los Angeles, Santa Clara, and Ventura.

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

# ARGUMENT

**I.    This case should be dismissed for lack of standing because Plaintiffs cannot show that any alleged injury is fairly traceable to Defendants.**

Plaintiffs lack standing to bring their claims.  One indispensible requirement of standing is that the plaintiff's alleged injury be fairly traceable to the defendant's conduct. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (citation omitted). Plaintiffs have alleged no facts that would connect these Defendants to any purported injury from Section 1021.11. *See* ECF No. 18 at 2.

When raising section 1983 claims against municipal defendants—including claims seeking injunctive or declaratory relief—plaintiffs must be able point to a "policy," "practice," or "custom" of the municipality that has caused the infringement of their constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Los Angeles County v. Humphries*, 562 U.S. 29, 37, 39 (2010). Consequently, if the plaintiff cannot identify a "policy" or "practice" of the defendant municipality that is responsible for its purported injury, it cannot satisfy the causation or redressability elements of Article III standing. *See Nichols v. Brown*, 859 F. Supp. 2d 1118, 1133–34 (C.D. Cal. 2012) (holding, in the absence of allegations of a municipal policy, that "Plaintff's claims do not establish that the [city defendants] have any connection to his alleged injury and fail to satisfy the second [causation] prong of the standing analysis."); *id.* at 1134 (concluding redressability prong also cannot be satisfied where plaintiff identifies no municipal "policy"); *Dakota Rural Action v. Noem*, Civ 19-5026, 2019 WL 4546908, at *5 (D.S.D. Sept. 18, 2019) (same).

Plaintiffs in this case have not come close to alleging the sort of municipal "policy" or "practice" that would be necessary to fulfill the causation and

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

redressability elements of Article III standing. Plaintiffs' ultimate issue is with Section 1021.11—a *state* statute. Defendant *local* governments have formulated no policy or practice about implementing that statute and have never sought or signaled any inclination to enforce it.[2] *See* ECF No. 18 at 2. In fact, before Plaintiffs initiated this action, Defendants' only connection to Section 1021.11 was that they happened to be located within the state where it was enacted. Plaintiffs have identified nothing about *these* defendants to differentiate them from the other 53 counties and 480 cities in California. Without being able to point to a local "policy" or "practice" that is responsible for their alleged injuries, Plaintiffs cannot establish the causation or redressability elements of standing. *See Nichols*, 859 F. Supp. 2d at 1133–34; *Dakota Rural Action*, 2019 WL 4546908, at \*5.

The decision in *Dakota Rural Action* is directly on point. The plaintiffs brought a pre-enforcement challenge against both state and county officials seeking to enjoin their enforcement of a new state law that imposed penalties for supporting certain forms of protests, on the grounds that the law chilled the plaintiffs' protected speech in violation of the First Amendment. 2019 WL 4546908, at \*1–2.

The court examined whether the plaintiffs "ha[d] alleged a nexus between their injuries and an official policy of [the county] in order to determine whether they ha[d] standing to sue" the county officials. *Id.* at \*3. It held the critical questions were "whether the unconstitutional act 'may fairly

---

[2] A different case might be presented where a municipality has adopted a local policy or practice to enforce an unconstitutional state law. *See Brewster v. City of Los Angeles*, Case No. EDCV 14-2257 JGB (SPx), 2019 WL 7707886, at \*7 n.6 (C.D. Cal. July 19, 2019) (citing *Evers v. Custer County*, 745 F.2d 1196, 1203 (9th Cir. 1984)). Here, however, Plaintiffs have not identified any policy or practice of any Defendant to enforce Section 1021.11.

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

1  be said to represent official policy' of th[e] municipality and whether the policy

2  was the 'moving force' behind the violation." *Id.* at *5 (citation omitted). Thus,

3  the court continued, the plaintiffs must allege "a 'direct causal link' between a

4  municipal policy and the alleged constitutional violation, and a 'deliberate

5  choice [by the municipality] to follow a course of action . . . made from among

6  various alternatives.'" *Id.* (citation omitted).

7        The court found the essential "causal link" was missing. "Plaintiffs have

8  failed to allege that [county] sheriff officials have made any choices at all

9  regarding enforcement of the challenged laws that could cause a violation of

10  Plaintiffs' First Amendment rights. Plaintiffs' allegations show only that a

11  policy choice was made by State officials." *Id.* Accordingly, the court dismissed

12  the claims against the county officials for lack of standing. *Id.* Plaintiffs' suit

13  should be disposed of in the same way here, for the same reasons.

14        The proper course of action for Plaintiffs is the one they took previously:

15  suing *State* officials. "Under United States Supreme Court precedent, when a

16  plaintiff challenges the constitutionality of a rule of law, it is the state official

17  designated to enforce that rule who is the proper defendant, even when that

18  party has made no attempt to enforce the rule." *Am. Civ. Liberties Union v. Fl.*

19  *Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993); *see also Wilson v. Stoker*, 819 F.2d

20  943, 947 (10th Cir. 1987) (holding state attorney general was proper defendant

21  in pre-enforcement challenge to state statute due to attorney general's broad

22  enforcement authority). Plaintiffs properly sought from California state

23  officials—and have now successfully obtained—all injunctive and declaratory

24  relief available to them. *See Miller v. Bonta*, No. 3:22-cv-1446-BEN-MDD, 2022

25  WL 17811114, at *8 (S.D. Cal. Dec. 19, 2022). That relief effectively

26  discourages anyone, including Defendants, from even attempting to invoke

27  Section 1021.11 against Plaintiffs. Whatever additional, amorphous "relief"

28

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

1   Plaintiffs may now wish to obtain from defendant local governments is not
2   relief available to them at this juncture under Article III.

3       If the Court dismisses this action for lack of subject matter jurisdiction,
4   it need not reach the joinder or venue issues discussed below. *Cf. Khalaj v.*
5   *United States*, 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to
6   dismiss is based on more than one ground, the court should consider the Rule
7   12(b)(1) challenge first because the other grounds will become moot if the court
8   lacks subject matter jurisdiction.").

9   **II.  Plaintiffs' claims should be dismissed because Defendants are**
    **misjoined and venue is improper in the Southern District of**
10  **California for the Non-resident Defendants.**

11      The Federal Rules of Civil Procedure permit the Court to drop misjoined
12  parties from an action. Fed. R. Civ. P. 21. Because Rule 21 does not supply its
13  own standard for misjoinder, courts look to whether Rule 20's requirements for
14  the permissive joinder of parties have been satisfied. 7 Charles Alan Wright &
15  Arthur R. Miller, Federal Practice & Procedure § 1683 (3d ed. 2022). Under
16  Rule 20, the permissive joinder of defendants requires *both* (1) that the right
17  to relief asserted against all defendants "aris[es] out of the same transaction,
18  occurrence, or series of transactions or occurrences"; *and* (2) that the action
19  raises a question of law or fact common to all defendants.[3] *Rush v. Sport Cha-*
20  *let, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (quoting Fed. R. Civ. P. 20(a)(2)).
21  These two requirements implicate distinct concerns. Thus the mere presence
22  of a common question of law does not demonstrate the existence of a common
23  transaction or occurrence. *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596
24  F. Supp. 2d 1282, 1285 (D. Ariz. 2009). In addition, permissive joinder of a
25  defendant under Rule 20 must "comport with the principles of fundamental
26
27  [3] For the limited purposes of this Response, Defendants do not contest that
28  Plaintiffs' claims may implicate at least one question of law common to all De-
    fendants.

9

fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

To satisfy Rule 20's "same transaction or occurrence" requirement, plaintiffs must allege more than merely that all defendants are similarly situated or even that they have violated the same laws in comparable ways. *See Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1078–80 (C.D. Cal. 2002); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("Plaintiffs do not allege that their claims arise out of a systematic pattern of events and, therefore, arise from the same transaction or occurrence."); *Spaeth v. Mich. State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012). Rather, plaintiffs must be able to point either to some "concerted action between defendants," *Spaeth*, 845 F. Supp. 2d at 53, or to a "collective or controlling entity" that binds defendants to a shared, uniform policy, *Wynn*, 298 F. Supp. 2d at 1079–80.

Here, the Court's skepticism in the OSC that "Plaintiffs' claims against each defendant are sufficiently related to each other such that they should be litigated in the same lawsuit" is apt. ECF No. 18 at 3. The discrete claims against the seven unrelated defendant local governments do not arise out of the same transaction or occurrence. Plaintiffs have alleged no concerted action, agreement, or even communication among them. Plaintiffs' entire theory boils down to a pair of immaterial observations: (1) the California State Legislature has enacted a new law, California Code of Civil Procedure section 1021.11 ("Section 1021.11"); and (2) Defendants have not yet expressly conceded—on Plaintiffs' own exact terms—that Defendants will not seek to apply Section 1021.11 in hypothetical future Second Amendment suits that Plaintiffs allege they might someday bring against them. *See* ECF No. 19 at 6, 8.

These two facts do not come close to a concerted action or shared policy. Plaintiffs do not allege that Defendants played any role in the Legislature's adoption of Section 1021.11. *See* ECF No. 1 ¶¶ 18, 20; ECF No. 19 at 6. And

10

1  they do not allege that Defendants have ever applied Section 1021.11 or sig-

2  naled that they would in the future. *See* ECF No. 18 at 2. Section 1021.11

3  therefore is not a policy developed by or binding upon Defendants and cannot

4  constitute the "same transaction or occurrence" that unifies all of Plaintiffs'

5  claims. *See Spaeth*, 845 F. Supp. 2d at 54 (requiring plaintiffs point to a "shared

6  policy" pursuant to which each defendant actually acted); *Wynn*, 234 F. Supp.

7  2d at 1067 (same).

8      Furthermore, as Plaintiffs' own submissions make clear, Defendants' in-

9  dividual interactions with Plaintiffs evince no concerted action or common

10 policy among Defendants. Plaintiffs' counsel contacted Defendants to demand

11 that they stipulate to non-enforcement of Section 1021.11 via separate letters,

12 sent on different dates, referencing each jurisdiction's own distinct firearms

13 regulations.[4] *See* ECF No. 1, Exs. 1, 2, 3, 5, 6, 8, 10; ECF No. 1 ¶¶ 47–55. Plain-

14 tiffs received no shared or uniform response. Some Defendants declined

15 Plaintiffs' demands outright. *See* ECF No. 1, Exs. 4, 9; ECF No. 1 ¶¶ 47, 49,

16 50, 54. At least one Defendant indicated it could not agree to Plaintiffs' exact

17 terms, but would be willing to discuss a stipulation regarding Section 1021.11

18 on a case-by-case basis, if a challenge to its regulations were ever filed. *See*

19 ECF No. 1, Ex. 7; ECF No. 1 ¶ 52. Several Defendants simply did not respond

20 at all. *See* ECF No. 1 ¶¶ 48, 51, 55. To the extent Plaintiffs' claims arise from

21 these interactions, rather than from Section 1021.11 itself, Plaintiffs have

22 pointed to nothing more than distinct "autonomous . . . decisions," made "at

23 different times, for different reasons, with regard to" different underlying facts.

24

25 ───────────────

26 [4] The various defendant jurisdictions adopted their distinct firearms regula-
   tions at different times, under their respective police powers. *See* Cal. Const.,

27 art. XI, § 7. Thus, these underlying regulations also are not a "common policy"
   that could tie together Plaintiffs' claims. And Plaintiffs have not alleged that

28 they could.

11

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

1   *Wynn*, 234 F. Supp. 2d at 1080. That is far short of the sort of common conduct

2   or policy that the "same transaction or occurrence" prong requires. *See id.*;

3   *Spaeth*, 845 F. Supp. 2d at 54. And because Plaintiffs cannot satisfy *both* of

4   Rule 20's mandatory requirements, Defendants are misjoined. *Rush*, 779 F.3d

5   at 974.

6       Plaintiffs' cases only further illustrate why joinder is inappropriate here.

7   The Ninth Circuit's four-sentence discussion of joinder in *Bryant v. California*

8   *Brewers Association* turned on the fact that each defendant brewery had af-

9   firmatively signed on to and was bound by the single statewide collective

10  bargaining agreement that was at issue in the lawsuit. *See* 585 F.2d 421, 425

11  (9th Cir. 1978) (noting that all breweries, as signatories to the agreement, "sup-

12  port and maintain the disputed contract provisions"), *vacated on other grounds*,

13  *Cal. Brewers Ass'n v. Bryant*, 444 U.S. 598 (1980); *id.* at 423 n.1 (observing the

14  agreement had been negotiated on behalf of all defendant breweries by a single

15  industry group). The coordination and formal agreement among defendants

16  that justified joinder in *Bryant* is precisely what is missing in this case.[5] As

17  discussed above, Defendants did not participate in the State's adoption of Sec-

18  tion 1021.11. They have entered into no common agreement about its

19  application, nor has any defendant ever attempted to enforce it. Defendants

20  are linked only by the happenstance of having each enacted a regulation on

21  firearms and having apparently incurred Plaintiffs' discontent for doing so.

22

23  [5] *Almont Ambulatory Surgery Center, LLC v. UnitedHeath Group, Inc.*, 99 F.

24  Supp. 3d 1110 (C.D. Cal. 2015), is distinguishable for the same reason. There,

25  the court found Rule 20(a)(2)'s "same series of transactions or occurrences"
    prong satisfied only after concluding that plaintiffs had pleaded that defend-

26  ants' conduct was all "part of the larger systematic behavior" of improperly
    withholding payment for a particular type of medical service. 99 F. Supp. 3d at

27  1188. It is precisely that concerted "system[]" of behavior among defendants

28  that is missing here.

12

1   Against this backdrop, Plaintiffs have not and cannot allege the sort of con-
2   certed action that *Bryant* held sufficient to satisfy Rule 20.

3       Similarly, in *United States v. Mississippi*, the complaint "charged a long-
4   standing, carefully prepared, and faithfully observed plan" to disenfranchise
5   Black voters, a plan "which the . . . statistics included in the complaint would
6   seem to show had been remarkably successful." 380 U.S. 128, 135–36 (1965).
7   Indeed, "*Mississippi* involved a clear nexus between all of the discriminating
8   individuals that justified joining all of the parties into a single case, namely a
9   state-wide discriminatory voting registration law that each county enforced as
10   an instrumentality of the state." *Wynn*, 234 F. Supp. 2d at 1080. There is no
11   statewide "plan" here—much less one bearing all the essential attributes that
12   *Mississippi* emphasized. Even putting aside Defendants' complete lack of in-
13   volvement with Section 1021.11 before or after its enactment, the 14-week-old
14   Section 1021.11 is not "longstanding." It certainly is not "faithfully observed,"
15   given that the State is now enjoined from enforcing it, and Defendants have
16   never signaled any intent to apply it themselves. *See Miller*, 2022 WL
17   17811114, at *8; ECF No. 18 at 2; ECF No. 1 ¶¶ 46–55. And Plaintiffs have
18   marshalled no statistical evidence showing that Section 1021.11 has actually
19   had the chilling effect on Second Amendment litigation that they allege. In the
20   absence of an analogous statewide "plan," the *Mississippi* decision is not a
21   blank check for plaintiffs to sue in a single action all entities that could theo-
22   retically avail themselves of a law that plaintiffs find objectionable.

23       As a fallback, Plaintiffs suggest that even if Defendants *are* misjoined
24   under Rule 20(a)(2), the Court can and should allow the action to proceed as-
25   is because correcting the misjoinder would unduly prejudice Plaintiffs. *See*
26   ECF No. 19 at 9–10. This is incorrect, both as a matter of law and fact. Preju-
27   dice alone cannot trump Rule 20's twin requirements. *See Wynn*, 234 F. Supp.
28   2d at 1078 ("[Rule 20(a)'s two] requirements must be satisfied in order to *allow*

13

RESPONSE OF DEFENDANT COUNTY OF ALAMEDA TO OSC
Case No. 3:23-cv-00400-LL-DDL

for joinder under Rule 20(a), however, even if these requirements are satisfied, there is no requirement that the parties *must* be joined."). Regardless, any inconvenience Plaintiffs may experience from dismissal does not outweigh the fundamental unfairness to misjoined Defendants of being forced to continue to litigate these unrelated matters in an improper venue, as explained below.[6] *See Desert Empire Bank*, 623 F.2d at 1375. Defendants are aware of no statute of limitations problems or other procedural barriers that would preclude Plaintiffs from re-filing their claims in the appropriate fora after the current claims are dismissed.

Plaintiffs' failure to satisfy Rule 20's requirements would be reason enough to dismiss their claims. *See* Fed. R. Civ. P. 21. But dismissal without prejudice is necessary here for an additional reason: severing the claims against each Defendant would make venue in this Court improper as to the Non-resident Defendants. As this Court correctly recognized, none of the Non-resident Defendants has "any obvious connection to this district," and no "substantial part of the events or omissions giving rise to Plaintiffs' claims" against these Defendants occurred in this district. ECF No. 18 at 3; *see also* 28 U.S.C. § 1391(b), (c)(2). Plaintiffs have effectively conceded this. *See* ECF No. 19 at 5–6 (contending venue is proper only because the Non-resident Defendants are located in California and the other two Defendants do reside in the Southern District); *see also* ECF No. 1 ¶ 7 (alleging venue is proper only on the basis of residence under § 1391(b)(1)). Courts routinely dismiss claims against

---

[6] Plaintiffs are correct that dismissal of an entire action is not a remedy available under Rule 21. *See* ECF No. 19 at 9 (quoting Fed. R. Civ. P. 21). That is not a problem here. Plaintiffs' claims against one or both of Defendants City of San Diego and County of Imperial could move forward in this Court after the claims against Non-resident Defendants are dismissed. *See id.* at 9–10 (conceding this outcome would be permissible under the Federal Rules).

14

1  misjoined defendants where severing the claims would result in venue issues.

2  *See, e.g.*, *U.S. ex rel. Doe v. Taconic Hills Cent. Sch. Dist.*, 8 F. Supp. 3d 339,

3  344–45 (S.D.N.Y. 2014); *Golden Scorpio Corp.*, 596 F. Supp. 2d at 1285–86,

4  1288; *see also* 28 U.S.C. § 1406(a) (permitting district court to dismiss a case

5  when venue is improper). In short, dismissing without prejudice all claims

6  against Non-resident Defendants is the most prudent way to remedy the inter-

7  related joinder and venue defects in Plaintiffs' action.

## CONCLUSION

9  Because Plaintiffs lack standing, the Court should dismiss Plaintiffs' ac-

10  tion in with prejudice for lack of Article III jurisdiction. Alternatively, the

11  Court should dismiss without prejudice all claims against Non-resident De-

12  fendants on the basis of misjoinder and improper venue.

14  DATED:  April 11, 2023          SHUTE, MIHALY & WEINBERGER LLP

17                                  By:    s/Matthew D. Zinn
                                          _____
18                                         MATTHEW D. ZINN

19                                         Attorney for Defendant
20                                         County of Alameda

15

1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA  95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  Attorneys for Plaintiffs

6

7

8

9                  **UNITED STATES DISTRICT COURT**

10                **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FIREARMS POLICY COALITION,          Case No.:  3:23-cv-00400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
13  FOUNDATION; SAN DIEGO
    COUNTY GUN OWNERS PAC,              **DECLARATION OF BRANDON**
14                                      **COMBS IN SUPPORT OF**
                        Plaintiffs,     **PLAINTIFFS' MOTION FOR**
15                                      **PRELIMINARY INJUNCTION OR,**
            v.                          **ALTERNATIVELY, FOR**
16                                      **SUMMARY JUDGMENT**
    CITY OF SAN DIEGO; COUNTY OF
17  IMPERIAL; COUNTY OF ALAMEDA;        Date: May 2, 2023
    COUNTY OF VENTURA; COUNTY           Courtroom 5D (5th Floor)
18  OF LOS ANGELES; CITY OF SAN         Hon. Linda Lopez
    JOSE; and COUNTY OF SANTA
19  CLARA,

20                      Defendants.

21

22

23

24

25

26

27

28

COMBS DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Brandon Combs, declare:

1. I am the president of Firearms Policy Coalition, Inc. ("FPC"), a non-profit organization incorporated under the laws of Delaware with a primary place of business in Clark County, Nevada. In my role as president, I am familiar with FPC's purposes as an organization, FPC's membership, and FPC's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2. The purposes of FPC include defending and promoting the People's rights, especially the fundamental, individual Second Amendment right to keep and bear arms, advancing individual liberty, and restoring freedom.

3. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

4. FPC's members reside both within and outside the State of California, including in all cities and counties that are parties to this action. FPC represents its members and supporters—who include gun owners, prospective gun owners, licensed California firearm retailers, and others—and brings this action on behalf of itself and its members. FPC's members and supporters have been adversely and directly harmed by Defendants' threat of enforcement of the laws, regulations, policies, practices, and customs challenged in this case.

5. One of the primary methods FPC pursues its mission and objectives is through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms. FPC has financially supported or been a plaintiff in dozens of cases in state and federal courts around the nation and regularly participates as amicus curiae in cases in state and federal appellate courts, including the United States Courts of Appeals and at the Supreme Court of the United States. FPC's litigation program is particularly important in California given the hostile political and regulatory climate

1   for gun owners and the State's disdain for individuals' constitutionally protected

2   rights, including but not limited to the pre-existing right to keep and bear arms.

3       6.      FPC has financially supported or participated in a significant number of

4   constitutional rights cases in California's state and federal courts, including but not

5   limited to *Firearms Pol'y Coalition Second Amend. Defense Comm. v. Harris*, 192

6   F.Supp.3d 1120 (E.D. Cal. 2016); *Publius v. Boyer-Vine*, 237 F.Supp.3d 997 (E.D.

7   Cal. 2017); *Jones v. Bonta*, 34 F.4th 704 (9th Cir. 2022); and *McDougall v. Cnty. of*

8   *Ventura*, 23 F.4th 1095 (9th Cir. 2022); and *Miller v. Bonta*, S.D. Cal. Case No. 3:19-

9   cv-1537-BEN-JLB ("*Miller I*"). FPC is also a Plaintiff in *Miller v. Bonta* ("*Miller II*"),

10  where this Court enjoined the State from enforcing Section 1021.11. No. 3:22-cv-

11  1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).

12      7.      The risk of fee liability imposed by Section 1021.11 has caused FPC to

13  refrain from filing suits or litigating constitutional claims that it is otherwise prepared

14  to file and litigate, including litigation against Defendants as set forth below. Because

15  the Defendant local jurisdictions were not defendants in *Miller II*, FPC and California

16  Gun Rights Foundation ("CGF") requested that Defendants stipulate to non-

17  enforcement of the provisions of Section 1021.11 in light of *Miller II*; as explained in

18  the declarations of FPC and CGF's counsel (Bradley A. Benbrook and Raymond M.

19  DiGuiseppe). Defendants have refused to do so. These challenges include:

20      8.      *City of San Diego*. FPC is a plaintiff in *Fahr v. City of San Diego*, S.D.

21  Cal. Case No. 3:21-cv-01676-BAS-BGS, which challenges a City ordinance banning

22  the self-manufacture of firearms and precursor parts.

23      9.      *County of Imperial*. FPC intends to file a lawsuit challenging the

24  constitutionality of a county ordinance prohibiting the possession of firearms in any

25  recreational park within the county's jurisdiction (Imperial County Code of

26  Ordinances § 11.08.020). FPC's members are affected by this ordinance, which is

27  inconsistent with the "Nation's historical tradition of firearm regulation." *New York*

28  *State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022). CGF has

1  previously challenged a similar restriction on behalf of its members. *Calguns Found.,*
2  *Inc. v. Cnty. of San Mateo*, 218 Cal. App. 4th 661 (2013). Both CGF and FPC are
3  prepared to challenge Imperial County's ordinance in light of *Bruen*.

4        10.   *County of Alameda*. FPC intends to file a lawsuit challenging the
5  constitutionality of the Alameda County Sheriff's Office's application and
6  enforcement of the County's licensing regime for carrying concealed firearms. FPC's
7  members are affected by the County's licensing practices. FPC has identified multiple
8  members who would be plaintiffs in a lawsuit against Alameda County over the denial
9  of their applications to carry a concealed weapon and incurred attorney's fees for the
10 preparation of a lawsuit that they would have already filed but for the County's refusal
11 to not enforce the fee-shifting statute.

12       11.   *County of Ventura*. FPC intends to file a lawsuit challenging the
13 constitutionality of the Ventura County Sheriff's Office's application and
14 enforcement of the County's licensing regime for carrying concealed firearms. FPC's
15 members are affected by the County's licensing practices. FPC has identified multiple
16 members who would be plaintiffs in a lawsuit against Ventura County over the denial
17 of their applications to carry a concealed weapon and incurred attorney's fees for the
18 preparation of a lawsuit. FPC is prepared to challenge the County's practices in light
19 of *Bruen*.

20       12.   *County of Los Angeles*. FPC intends to file lawsuits challenging the
21 constitutionality of (1) the Los Angeles County Sheriff's Office's application and
22 enforcement of the County's licensing regime for carrying concealed firearms; and
23 (2) a provision of the county code prohibiting the possession of firearms in any public
24 park within the county's jurisdiction (Los Angeles County Code of Ordinances
25 § 17.04.620). FPC's members are affected by the County's licensing practices and the
26 ordinance prohibiting firearm possession in public parks. FPC has identified several
27 potential plaintiffs who have been adversely impacted by the counties' licensing
28 practices. And, as noted above, CGF has previously litigated a similar public-park

possession restriction. FPC is prepared to file a challenge to both of these matters in light of *Bruen*.

13.     *City of San Jose*. FPC and CGF intend to file a lawsuit challenging the constitutionality of city ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. FPC had previously sued to invalidate those same regulations, but dismissed the lawsuit in August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. FPC is prepared to re-file this challenge against San Jose once the city is enjoined from attempting to enforce Section 1021.11.

14.     *Santa Clara County*. FPC and CGF intend to file a lawsuit challenging the constitutionality of the Santa Clara County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. FPC's and CGF's members are affected by the County's licensing practices. FPC has identified several potential plaintiffs who have been adversely impacted by the counties' licensing practices, and it is prepared to challenge the County's practices in light of *Bruen*.

15.     In order for FPC to engage counsel to conduct programs to achieve their goals, for any case seeking declaratory and/or injunctive relief against Defendants, FPC would have to take on additional liability on behalf of its counsel and counsels' law firms, as well as other parties if Section 1021.11 is not enjoined. Section 1021.11's deterrent effect has harmed FPC by interfering with its institutional missions as described above. In addition, FPC has incurred costs in time and legal fees analyzing how Section 1021.11 affects itself and its members, and its objectives and strategies for achieving them.

16.     In short, FPC intends to bring the litigation outlined above against Defendants, but it has refrained from doing so due to Section 1021.11's threat of ruinous fee liability.

1    I declare under penalty of perjury under the laws of the United States of

2  America and State of California that the foregoing is true and correct to the best of my

3  knowledge.

4

5  _____

6    BRANDON COMBS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
2     STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
3     Sacramento, CA  95825
Telephone: (916) 447-4900
4     brad@benbrooklawgroup.com

5     Attorneys for Plaintiffs

6

7

8

9                 **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12     FIREARMS POLICY COALITION,     Case No.:  3:23-cv-00400-LL-DDL
INC.; CALIFORNIA GUN RIGHTS
13     FOUNDATION; SAN DIEGO
COUNTY GUN OWNERS PAC,         **DECLARATION OF GENE**
**HOFFMAN IN SUPPORT OF**
14                 Plaintiffs,        **PLAINTIFFS' MOTION FOR**
**PRELIMINARY INJUNCTION OR,**
15         v.                     **ALTERNATIVELY, FOR**
**SUMMARY JUDGMENT**
16     CITY OF SAN DIEGO; COUNTY OF
IMPERIAL; COUNTY OF ALAMEDA;
17     COUNTY OF VENTURA; COUNTY
OF LOS ANGELES; CITY OF SAN    Date: May 2, 2023
18     JOSE; and COUNTY OF SANTA      Courtroom 5D (5th Floor)
CLARA,                       Hon. Linda Lopez
19
              Defendants.
20

21

22

23

24

25

26

27

28

HOFFMAN DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Gene Hoffman, declare:

1.     I am the chairman of the California Gun Rights Foundation ("CGF"), a non-profit foundation incorporated under the laws of California with a place of business in Sacramento, California. In my role as chairman, I am familiar with CGF's purposes as an organization, CGF's membership, and CGF's organizational responses to California Code of Civil Procedure § 1021.11 ("Section 1021.11").

2.     CGF serves its members, supporters, and the public through educational, cultural, and judicial efforts to defend and advance Second Amendment and related rights. CGF has tens of thousands of members and supporters in California, including in all cities and counties that are parties to this action. CGF brings this action on behalf of itself and its members. The laws, policies, practices, and customs challenged in this case, and Defendants' actions and failures alleged herein, have caused CGF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action.

3.     One of the primary methods CGF uses to pursue its mission and objectives is through public interest litigation aimed at restoring and protecting individual rights, including the rights of firearm owners and those who support the right to keep and bear arms. CGF has financially supported or been a plaintiff in numerous cases in California and participated as amicus curiae in cases in state and federal appellate courts, including the United States Courts of Appeals and at the Supreme Court of the United States. CGF's litigation program is particularly important given the hostile political and regulatory climate for gun owners in California and the State's disdain for individuals' constitutionally protected rights, including but not limited to the pre-existing right to keep and bear arms.

4.     CGF has financially supported or participated in a significant number of constitutional rights cases in California's state and federal courts, including but not limited to *Silvester v. Harris*, 843 F.3d 816 (9th Cir. 2016); Pena v. Lindley, 898

F.3d 969 (9th Cir. 2018); *Rodriguez v. City of San Jose*, 930 F.3d 1123 (9th Cir. 2019); *Sharp v. Becerra*, 393 F.Supp.3d 991 (E.D. Cal. 2019); *Van Nieuwenhuyzen v. Sniff*, C.D. Cal. Case No. 5:18-cv-02225-DDP-SHK; and *Calguns Found., Inc. v. Cnty. of San Mateo*, 218 Cal.App.4th 661 (2013).

5.     The risk of fee liability imposed by Section 1021.11 has caused CGF to refrain from filing suits or litigating constitutional claims that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below. Because the Defendant local jurisdictions were not defendants in *Miller*, Firearms Policy Coalition ("FPC") and CGF requested that Defendants stipulate to non-enforcement of the provisions of Section 1021.11 in light of *Miller*; as explained in the declarations of FPC and CGF's counsel (Bradley A. Benbrook and Raymond M. DiGuiseppe). Defendants have refused to do so. These challenges include:

6.     *County of Imperial*. CGF intends to file a lawsuit challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020). CGF's members are affected by this ordinance, which is inconsistent with the "Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022). CGF has previously challenged a similar restriction on behalf of its members. *Calguns Found., Inc. v. Cnty. of San Mateo*, 218 Cal. App. 4th 661 (2013). CGF is prepared to challenge Imperial County's ordinance in light of *Bruen*.

7.     *County of Alameda*. CGF intends to file a lawsuit challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. CGF's members are affected by the County's licensing practices. CGF has identified multiple members who would be plaintiffs in a lawsuit against Alameda County over the denial of their applications to carry a concealed weapon and incurred attorney's fees for the

1   preparation of a lawsuit that they would have already filed but for the County's refusal

2   to not enforce the fee-shifting statute.

3       8.      *County of Ventura*. CGF intends to file a lawsuit challenging the

4   constitutionality of the Ventura County Sheriff's Office's application and

5   enforcement of the County's licensing regime for carrying concealed firearms. CGF's

6   members are affected by the County's licensing practices, and it has identified

7   multiple members who would be plaintiffs in a lawsuit against Ventura County over

8   the denial of their applications to carry a concealed weapon and incurred attorney's

9   fees for the preparation of a lawsuit.

10      9.      *County of Los Angeles*. CGF intends to file lawsuits challenging the

11  constitutionality of (1) the Los Angeles County Sheriff's Office's application and

12  enforcement of the County's licensing regime for carrying concealed firearms; and

13  (2) a provision of the county code prohibiting the possession of firearms in any public

14  park within the county's jurisdiction (Los Angeles County Code of Ordinances

15  § 17.04.620). CGF's members are affected by the County's licensing practices and the

16  ordinance prohibiting firearm possession in public parks. As noted above, CGF has

17  previously litigated a similar public-park possession restriction. CGF is prepared to

18  file a challenge to both of these matters in light of *Bruen*.

19      10.     *City of San Jose*. CGF intends to file a lawsuit challenging the

20  constitutionality of city ordinances requiring firearm owners to pay an annual fee to a

21  City-designated non-profit organization and obtain firearm-related insurance. FPC

22  had previously sued to invalidate those same regulations, but dismissed the lawsuit in

23  August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San

24  Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. CGF is prepared to join FPC in re-filing

25  this challenge against San Jose once the city is enjoined from attempting to enforce

26  Section 1021.11.

27      11.     *Santa Clara County*. CGF intends to file a lawsuit challenging the

28  constitutionality of the Santa Clara County Sheriff's Office's application and

1    enforcement of the County's licensing regime for carrying concealed firearms. CGF's

2    members are affected by the County's licensing practices, and CGF is prepared to

3    challenge these practices in light of *Bruen*.

4         12.   In short, CGF intends to bring the litigation outlined above against

5    Defendants, but it has refrained from doing so due to Section 1021.11's threat of

6    ruinous fee liability.

7         I declare under penalty of perjury under the laws of the United States of

8    America and State of California that the foregoing is true and correct to the best of my

9    knowledge.



GENE HOFFMAN

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>                   Plaintiffs,<br><br>         v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>                   Defendants. | Case No.:  3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF MICHAEL SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

SCHWARTZ DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

1    I, Michael Schwartz, declare:

2        1.    I have personal knowledge of the matters set forth in this declaration, and

3    would be able to testify competently to these facts if called as a witness.

4        2.    I am the Executive Director of the San Diego County Gun Owners PAC

5    ("SDCGO").

6        3.    SDCGO is a political organization whose purpose is to protect and

7    advance the Second Amendment rights of residents of San Diego County, California,

8    including through efforts to support and elect local and state representatives who

9    support the Second Amendment right to keep and bear arms. SDCGO's membership

10   and donors consist of Second Amendment supporters, people who own guns for self-

11   defense and sport, firearms dealers, shooting ranges, and elected officials who want

12   to restore and protect the right to keep and bear arms in California.

13       4.    Among other means of supporting its members, SDCGO pursues its

14   mission through participating in public interest litigation and participation in legal

15   cases that are consistent with its mission, namely, preserving and restoring San Diego

16   citizens' gun rights. For example, SDCGO is a plaintiff in *Miller v. Bonta*, S.D. Cal.

17   Case No. 3:19-cv-01537-BEN-JLB, a long-running Second Amendment challenge to

18   California's ban on so-called "assault weapons" through the state's Assault Weapons

19   Control Act; *Nguyen v. Becerra*, S.D. Cal. Case No. 3:20-cv-02470-WQH-WVG; and

20   *Renna v. Becerra*, S.D. Cal. Case No. 3:20-cv-02190-DMS-DEB.

21       5.    In addition, SDCGO is a plaintiff in *Fahr v. City of San Diego*, S.D. Cal.

22   Case No. 3:21-cv-01676-BAS-BGS, which challenges a City ordinance banning the

23   self-manufacture of firearms and precursor parts. As explained in the declaration of

24   Raymond M. DiGuiseppe, counsel for SDCGO asked the City of San Diego to

25   stipulate to non-enforcement of the provisions of Section 1021.11 in *Fahr* in light of

26   *Miller*, but the city refused to do so.

27       6.    In Imperial County, SDCGO would be a plaintiff in a lawsuit challenging

28   the constitutionality of a county ordinance prohibiting the possession of firearms in

SCHWARTZ DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

-1-

1   any recreational park within the county's jurisdiction (Imperial County Code of

2   Ordinances § 11.08.020). SDCGO has members who reside in Imperial County, which

3   neighbors San Diego County, and who are affected by this ordinance, which is

4   inconsistent with the "Nation's historical tradition of firearm regulation." *New York*

5   *State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2126 (2022).

6       7.    But for the risk of fee liability imposed by California Code of Civil

7   Procedure section 1021.11, SDCGO would participate as a plaintiff in additional

8   lawsuits challenging California gun-control laws that it believes are unconstitutional,

9   including a constitutional challenge to an Imperial County ordinance prohibiting the

10   possession of firearms in any recreational park within the county's jurisdiction

11   (Imperial County Code of Ordinances § 11.08.020).

12       I declare under penalty of perjury under the laws of the United States of

13   America and State of California that the foregoing is true and correct to the best of my

14   knowledge.

15

16

17   Michael Schwartz

18

19

20

21

22

23

24

25

26

27

28

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.: 3:23-cv-00400-LL-DDL<br><br>**DECLARATION OF RAYMOND M. DiGUISEPPE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 2, 2023<br>Courtroom 5D (5th Floor)<br>Hon. Linda Lopez |

DiGUISEPPE DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Raymond M. DiGuiseppe, declare:

1.     I am an attorney, licensed to practice law in the State of California. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     I am also counsel of record for the plaintiffs (which include Firearms Policy Coalition, Inc. and San Diego County Gun Owners PAC) in *Fahr v. City of San Diego*, S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS, which challenges a San Diego ordinance banning the self-manufacture of firearms and precursor parts.

3.     On December 30, 2022, I sent a letter to the San Diego City Attorney asking that it stipulate not to enforce Section 1021.11 against the plaintiffs or their attorneys and law firms based on the outcome of the case in light of this Court's ruling in *Miller v. Bonta* enjoining the State from enforcing Code of Civil Procedure § 1021.11. No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022). A true and correct copy of the letter is attached as Exhibit 1 to the compendium of evidence.

4.     On January 11, 2023, the City Attorney's office responded that "the City is not in a position to stipulate as requested," and that it did "not believe" that the Court decision in *Miller* "warrants an unequivocal waiver from the City."

5.     As a result, my firm and I, along with the other lawyers and law firms that in the case, as well as the *Fahr* plaintiffs, are forced to continue litigating under the threat of Section 1021.11 fee liability. The uncertainty about potential enforcement has created a chilling effect on our ability to proceed with the case.

6.     By the very nature of the case, any action we take to advance the litigation "seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing [a] statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms," and thus necessarily subjects all of us to joint and several liability for "the attorney's fees and costs" incurred by the City should the

1    court ultimately enter judgment in favor of the City or dismiss any of the claims or

2    causes of action "regardless of the reason for the dismissal."

3          I declare under penalty of perjury under the laws of the United States of

4    America and State of California that the foregoing is true and correct to the best of my

5    knowledge.

6    
7    
8                                                        Raymond M. DiGuiseppe

1  BENBROOK LAW GROUP, PC
   BRADLEY A. BENBROOK (SBN 177786)
2  STEPHEN M. DUVERNAY (SBN 250957)
   701 University Avenue, Suite 106
3  Sacramento, CA 95825
   Telephone: (916) 447-4900
4  brad@benbrooklawgroup.com

5  Attorneys for Plaintiffs

6

7

8

9           UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, | Case No.: 3:23-cv-00400-LL-DDL |
| 13 | **DECLARATION OF BRADLEY A.** |
| 14 Plaintiffs, | **BENBROOK IN SUPPORT OF PLAINTIFFS' MOTION FOR** |
| 15 v. | **PRELIMINARY INJUNCTION OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT** |
| 16 CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; | |
| 17 COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN | Date: May 2, 2023 Courtroom 5D (5th Floor) |
| 18 JOSE; and COUNTY OF SANTA CLARA, | Hon. Linda Lopez |
| 19 | |
| 20 Defendants. | |

21

22

23

24

25

26

27

28

BENBROOK DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, Bradley A. Benbrook, declare:

1.     I am an attorney, licensed to practice law in the State of California, and an attorney with the law firm of Benbrook Law Group, PC, counsel of record for Plaintiffs in this matter. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     I am also counsel of record for the Plaintiffs in *Miller v. Bonta*, where this Court enjoined the State from enforcing Code of Civil Procedure § 1021.11 ("Section 1021.11"). No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).

3.     As set out below, my office contacted Defendants, on behalf of Plaintiffs Firearms Policy Coalition, Inc. ("FPC") and California Gun Rights Foundation ("CGF"), to request that they stipulate to non-enforcement of the provisions of Section 1021.11 in light of the *Miller* decision and Plaintiffs' intention to pursue specific anticipated litigation. Defendants did not agree to stipulate to non-enforcement.

4.     On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Imperial asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction. A true and correct copy of the letter is attached as <u>Exhibit 2</u> to the compendium of evidence. As of the date of this declaration, Imperial County has not responded to the letter.

5.     On January 20, 2023, my office sent a letter to the Office of the County Counsel for the County of Ventura asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of the Ventura County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 5</u> to the compendium of

1  evidence. As of the date of this declaration, Ventura County has not responded to the
2  letter.

3        6.     On January 20, 2023, my office sent a letter to the Office of the County
4  Counsel for the County of Los Angeles asking that it stipulate not to enforce Section
5  1021.11 against the intended plaintiffs or their attorneys and law firms in a case
6  challenging the constitutionality of (1) the Los Angeles County Sherriff's Office's
7  application and enforcement of the County's licensing regime for carrying concealed
8  firearms; and (2) a provision of the county code prohibiting the possession of firearms
9  in any public park within the county's jurisdiction. A true and correct copy of the letter
10  is attached as <u>Exhibit 6</u> to the compendium of evidence. On January 27, 2023, County
11  Counsel responded by letter that it would not agree to non-enforcement. A true and
12  correct copy of the County's response is attached as <u>Exhibit 7</u> to the compendium of
13  evidence.

14        7.     On January 27, 2023, my office sent a letter to counsel for the City of
15  San Jose asking that the city stipulate not to enforce Section 1021.11 against the
16  intended plaintiffs or their attorneys and law firms in a case challenging the
17  constitutionality of city ordinances requiring firearm owners to pay an annual fee to a
18  City-designated non-profit organization and obtain firearm-related insurance. A true
19  and correct copy of the letter is attached as <u>Exhibit 8</u> to the compendium of evidence.
20  FPC had previously sued to invalidate those same regulations, but dismissed the
21  lawsuit in August 2022 because of the threat posed by Section 1021.11. *Glass v. City*
22  *of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, in light of San Jose's refusal to
23  stipulate to non-enforcement of the statute at the time. On February 2, counsel for San
24  Jose responded by letter that it still would not agree to non-enforcement. A true and
25  correct copy of the response is attached as <u>Exhibit 9</u> to the compendium of evidence.
26        8.     On February 24, 2023, my office sent a letter to the Office of the County
27  Counsel for the County of Santa Clara asking that it stipulate not to enforce Section
28  1021.11 against the intended plaintiffs or their attorneys and law firms in a case

challenging the constitutionality of the Santa Clara County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 10</u> to the compendium of evidence. As of the date of this declaration, Santa Clara County has not responded to the letter.

9. As of the date of this declaration, none of the Defendants have communicated to our office an agreement not to enforce Section 1021.11 against Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

Bradley A. Benbrook

1   BENBROOK LAW GROUP, PC
    BRADLEY A. BENBROOK (SBN 177786)
2   STEPHEN M. DUVERNAY (SBN 250957)
    701 University Avenue, Suite 106
3   Sacramento, CA 95825
    Telephone: (916) 447-4900
4   brad@benbrooklawgroup.com

5   Attorneys for Plaintiffs

6

7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FIREARMS POLICY COALITION,          Case No.: 3:23-cv-00400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
13  FOUNDATION; SAN DIEGO
    COUNTY GUN OWNERS PAC,              **DECLARATION OF GEORGE M.**
14                                      **LEE IN SUPPORT OF**
                 Plaintiffs,            **PLAINTIFFS' MOTION FOR**
15                                      **PRELIMINARY INJUNCTION OR**
         v.                             **ALTERNATIVELY, MOTION FOR**
16                                      **SUMMARY JUDGMENT**
    CITY OF SAN DIEGO; COUNTY OF
17  IMPERIAL; COUNTY OF ALAMEDA;        Date: May 2, 2023
    COUNTY OF VENTURA; COUNTY           Courtroom 5D (5th Floor)
18  OF LOS ANGELES; CITY OF SAN         Hon. Linda Lopez
    JOSE; and COUNTY OF SANTA
19  CLARA,

20               Defendants.

21

22

23

24

25

26

27

28

LEE DECL. ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

I, George M. Lee, declare:

1.     I am an attorney, licensed to practice law in the State of California. The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2.     Over the past several years, I have represented clients in several cases challenging firearms regulations and/or defendants' policies regarding the treatment of firearms in California's state and federal courts, including: *Wiese v. Becerra*, E.D. Cal. Case No. 2:17-cv-00903-WBS-KJN; *Linton v Becerra*, N.D. Cal. Case No. 3:18-cv-07653-JD; *Sharp v. Becerra*, E.D. Cal. Case No. 2:18-cv-02317-MCE-AC; *Altman v. Cnty. of Santa Clara, et al.*, N.D. Cal. Case No. 4:20-cv-02180-JST; *Holt v. Becerra*, Riverside Cnty. Super. Ct. Case No. RIC 1722468; *Van Nieuwenhuyzen v. Sniff*, E.D. Cal. Case No. 5:18-cv-02225-DDP-SHK; and *Miller v. Bonta*, S.D. Cal. Case No. 3:19-cv-01537-BEN-JLB ("*Miller I*"), a long-running Second Amendment challenge to California's ban on so-called "assault weapons" through the state's Assault Weapons Control Act.

3.     On December 30, 2022, my office sent a letter to the Office of the County Counsel for the County of Alameda asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case challenging the constitutionality of the Alameda County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 3</u> to the compendium of evidence. On January 3, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as <u>Exhibit 4</u> to the compendium of evidence.

4.     I have been retained by Firearms Policy Coalition ("FPC") and the California Gun Rights Foundation ("CGF") in connection with challenging Alameda County's policies, which are inconsistent with the "Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct.

2111, 2126 (2022). There are multiple individuals who are prepared to be plaintiffs based on the application of Alameda County's policies, and we have drafted a complaint that is ready for filing. We have deferred filing the lawsuit for several months now because of Code of Civil Procedure § 1021.11's fee-shifting threat.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct to the best of my knowledge.

George M. Lee

1   BENBROOK LAW GROUP, PC
    BRADLEY A. BENBROOK (SBN 177786)
2   STEPHEN M. DUVERNAY (SBN 250957)
    701 University Avenue, Suite 106
3   Sacramento, CA  95825
    Telephone: (916) 447-4900
4   brad@benbrooklawgroup.com

5   Attorneys for Plaintiffs

6

7

8

9                   **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

12  FIREARMS POLICY COALITION,          Case No.:  3:23-cv-00400-LL-DDL
    INC.; CALIFORNIA GUN RIGHTS
13  FOUNDATION; SAN DIEGO               **COMPENDIUM OF EVIDENCE**
    COUNTY GUN OWNERS PAC,              **SUBMITTED SUPPORT OF**
                                        **PLAINTIFFS' MOTION FOR**
14                  Plaintiffs,         **PRELIMINARY INJUNCTION OR**
                                        **ALTERNATIVELY, MOTION FOR**
15         v.                           **SUMMARY JUDGMENT**

16  CITY OF SAN DIEGO; COUNTY OF
    IMPERIAL; COUNTY OF ALAMEDA;        Date: May 2, 2023
17  COUNTY OF VENTURA; COUNTY           Courtroom 5D (5th Floor)
    OF LOS ANGELES; CITY OF SAN         Hon. Linda Lopez
18  JOSE; and COUNTY OF SANTA
    CLARA,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

COMPENDIUM OF EVIDENCE ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR SUMMARY JUDGMENT

1  Plaintiffs submit this compendium of evidence in support of their Motion for
2  Preliminary Injunction Or, Alternatively, Summary Judgment:

3      1.    Attached as <u>Exhibit 1</u> is a true and correct copy of a December 30, 2022
4  letter from Raymond M. DiGuiseppe to the San Diego City Attorney, authenticated
5  by the DiGuiseppe declaration.

6      2.    Attached as <u>Exhibit 2</u> is a true and correct copy of a January 20, 2023
7  letter from Bradley A. Benbrook to the Office of the County Counsel for the County
8  of Imperial, authenticated by the Benbrook declaration.

9      3.    Attached as <u>Exhibit 3</u> is a true and correct copy of a December 30, 2022
10 letter from George Lee to the Office of the County Counsel for the County of
11 Alameda, authenticated by the Lee declaration.

12     4.    Attached as <u>Exhibit 4</u> is a true and correct copy of a January 3, 2023 letter
13 from to the Office of the County Counsel for the County of Alameda to George Lee,
14 authenticated by the Lee declaration.

15     5.    Attached as <u>Exhibit 5</u> is a true and correct copy of a January 20, 2023
16 letter from Bradley A. Benbrook to the Office of the County Counsel for the County
17 of Ventura, authenticated by the Benbrook declaration.

18     6.    Attached as <u>Exhibit 6</u> is a true and correct copy of a January 20, 2023
19 letter from Bradley A. Benbrook to the Office of the County Counsel for the County
20 of Los Angeles, authenticated by the Benbrook declaration.

21     7.    Attached as <u>Exhibit 7</u> is a true and correct copy of a January 27, 2023
22 letter from to the Office of the County Counsel for the County of Los Angeles to
23 Bradley A. Benbrook, authenticated by the Benbrook declaration.

24     8.    Attached as <u>Exhibit 8</u> is a true and correct copy of a January 27, 2023
25 letter from Bradley A. Benbrook to counsel for the City of San Jose, authenticated by
26 the Benbrook declaration.

27

28

9.      Attached as <u>Exhibit 9</u> is a true and correct copy of a February 2, 2023 letter from Tamarah P. Prevost, counsel for the City of San Jose, authenticated by the Benrbook declaration.

10.     Attached as <u>Exhibit 10</u> is a true and correct copy of a February 24, 2023 letter from Bradley A. Benbrook to the Office of the County Counsel for the County of Santa Clara, authenticated by the Benbrook declaration.


Dated:  March 28, 2023                        BENBROOK LAW GROUP, PC


                                              By  s/ Bradley A. Benbrook
                                              _____
                                                  BRADLEY A. BENBROOK
                                                  Attorneys for Plaintiffs

# EXHIBIT 1

December 30, 2022

Via email to: mzollman@sandiego.gov

Matthew L. Zollman
Office of the San Diego City Attorney
City of San Diego, California
1200 Third Avenue Suite 1100
San Diego, CA 92101

Re:     URGENT – California Code of Civil Procedure Section 1021.11
        With respect to *Fahr v. City of San Diego, California*
        S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS

Dear Counsel:

I am writing to you on behalf of the plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in the above-referenced matter regarding California Code of Civil Procedure ("CCP") Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

> (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

>> (1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

>> (2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

As you may know, on December 19, 2022, the Honorable United States District Judge Roger T. Benitez issued an Opinion And Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order,

are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not defendants read the Court's Order as applying to them, or read CCP § 1021.11as generally applying to parties in suits (and their counsel/firms) seeking declaratory or injunctive relief (as provided in subdivision (a) of CCP § 1021.11) filed before January 1, 2023, or any person, including an entity, attorney, or law firm that represents any litigant seeking that relief in such a case, we request that defendants stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of this case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs (active or dismissed), and any other person representing any litigant seeking declaratory or injunctive relief in this matter.

Please inform me if any defendant in this case (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) intends to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff in this case) seeking declaratory or injunctive relief at any time.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of all defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that one or more defendants intend to seek remedies under CCP § 1021.11.

If we do not receive from defendant or defendant's counsel by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that defendants will not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

_/s/ Raymond M. DiGuiseppe_
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.

# EXHIBIT 2

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                brad@benbrooklawgroup.com

January 20, 2023

**Via email**
Eric R. Havens
County Counsel
Office of County Counsel
940 W. Main St., Suite 205
El Centro, CA 92243
erichavens@co.imperial.ca.us
countycounsel@co.imperial.ca.us

   Re:  California Code of Civil Procedure § 1021.11

Dear Counsel:

   I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of Imperial County regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Imperial County. Among other things, the Imperial County generally prohibits the possession of firearms in any recreational public park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020), which violates the Second Amendment. We intend to seek declaratory and injunctive relief as to the enforcement of at least this law and policy.

   However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

     Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 3

Please inform me whether Imperial County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 3

# SEILER EPSTEIN LLP

## ATTORNEYS AT LAW

GML@SEILEREPSTEIN.COM

December 30, 2022

Via email: donna.ziegler@acgov.org, clay.christianson@acgov.org

Donna Ziegler, County Counsel
Clay J. Christianson, Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
County of Alameda, California
1221 Oak Street, Suite 450
Oakland, CA 94612

Re:     URGENT – California Code of Civil Procedure Section 1021.11

Dear Counsel:

I am writing to you on behalf of the intended plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in a case to be filed challenging various laws, policies, practices, and customs of Alameda County Sheriff Gregory Ahern, the Alameda County Sheriff's Office, and the County of Alameda, regarding applications for and issuance of licenses to carry firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in County of Alameda, California. We intend to seek declaratory and injunctive relief as to the enforcement of those laws, policies, customs, and practices. However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of CCP § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

# SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 2

(b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

(1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

(2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

## SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 3

As you may know, on December 19, 2022, United States District Judge Roger T. Benitez issued an Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office read the Court's Order as applying to them, we request that the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of the forthcoming case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me if the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under CCP § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that Prospective Defendants will or would not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that the Prospective Defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

# SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 4

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

George M. Lee

# EXHIBIT 4



# OFFICE OF THE COUNTY COUNSEL

1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700        Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

January 3, 2023

**VIA EMAIL AND U.S. MAIL**

George M. Lee
Seiler Epstein LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Email: gml@seilerepstein.com

Re: California Code of Civil Procedure Section 1021.11

Dear Mr. Lee:

This responds to your letter addressed to me and Clay Christianson, dated December 30, 2022, and received by email delivery at 12:44 p.m., on the 30th.  You allege that you and others are planning to initiate litigation (at some unspecified date and time) regarding applications for and issuance of licenses to carry firearms. You request that the Sheriff and the County of Alameda stipulate that they will not seek to enforce California Code of Civil Procedure ("CCP") Section 1021.11 based on the outcome of your unfiled and unattached litigation. You further advise that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP Section 1021.11 will be deemed to be confirmation that the "Prospective Defendants" intend to seek remedies under CCP Section 1021.11.  You further advise that if you do not receive a written stipulation by January 3, 2023, at 5:00 p.m. (approximately one business day after you tendered your request to this office), you "will be forced to assume that Prospective Defendants . . . do intend to enforce CCP Section 1021.11 against one or more such persons with respect to" your unfiled and unattached litigation.

This letter confirms that you are not able to manufacture facts regarding the Sheriff's and the County's intentions in the manner your letter suggests.  If the County and the Sheriff do not comply with your terms, you will not be "forced to assume" anything, and certainly not the facts you state you will be forced to assume.

On the contrary, rules that govern your practice require that you have a much higher standard of knowledge of the accuracy of facts you allege in a court filing.  You are not able to allege as fact, even on information or belief, the intentions of my clients, simply because they did not perform an act that they lacked any obligation to perform (i.e., entering a stipulation in the manner and on the terms, you propose and on an unreasonable deadline).

George M. Lee
January 3, 2023
Page 2

You are encouraged to be mindful of your duties and obligations before you make averments in any pleading regarding the intentions of the Sheriff and the County regarding California Code of Civil Procedure Section 1021.11. Claims against the County and the Sheriff regarding California Code of Civil Procedure Section 1021.11 do not exist and would not be ripe despite your attempts to manufacture a claim.

Very truly yours,

DONNA R. ZIEGLER
County Counsel

# EXHIBIT 5

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                          brad@benbrooklawgroup.com

January 20, 2023

**<u>Via email</u>**
Tiffany N. North
County Counsel, County of Ventura
Christine A. Renshaw
Assistant County Counsel
County Government Center
800 South Victoria Avenue, L/C #1830
Ventura, CA 93009
tiffany.north@ventura.org
christine.renshaw@ventura.org

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Ventura County. We intend to seek declaratory and injunctive relief as to the enforcement of at least this policy, custom, and practice.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Ventura or Ventura County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 6

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                                                  brad@benbrooklawgroup.com

January 20, 2023

**Via email**

Dawyn R. Harrison
Interim County Counsel, County of Los
Angeles
500 West Temple St., Floor 6
Los Angeles, CA 90012
dharrison@counsel.lacounty.gov

Re:     California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Among other things, the Los Angeles County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County.  Furthermore, the Los Angeles County Code generally prohibits the possession of firearms in any public park within the county's jurisdiction (§ 17.04.620), which likewise violates the Second Amendment.  We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Los Angeles or Los Angeles County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 7



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 972-5780

FACSIMILE
(213) 626-5578

TDD
(213) 633-0901

**DAWYN R. HARRISON**
Acting County Counsel

January 27, 2023

VIA E-MAIL AND U.S. MAIL

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, California 95825
brad@benbrooklawgroup.com

> Re:   **January 20, 2023 Letter Regarding California Code of Civil
> Procedure Section 1021.11**

Dear Mr. Benbrook:

This is in response to your letter dated January 20, 2023 regarding California Code of Civil Procedure ("CCP") section 1021.11, in which you request this office "unequivocally stipulate to waiver and non-enforcement of section 1021.11" on behalf of "prospective" County defendants. You request this waiver "in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of" certain unidentified plaintiffs.

While we understand your position regarding the legality of CCP section 1021.11, it would be inappropriate for this office to stipulate as you request outside of an actual litigation. Should a complaint be filed, we would be willing to discuss entering into a case-specific stipulation with respect to CCP section 1021.11 (if applicable), which we understand has been done in other cases involving the State of California. In addition, we would consider entering a stipulation in a prospective case for which you provide specific information regarding claims and parties.

HOA.103996059.2

Bradley A. Benbrook
January 27, 2023
Page 2


       Accordingly, please present a draft stipulation that is clearly and specifically connected with a particular lawsuit you filed or plan to file for our review and consideration.

                    Very truly yours,

                    DAWYN R. HARRISON
                    Acting County Counsel


By
                    LANA CHOI
                    Senior Deputy County Counsel
                    Justice and Safety Division


LC:ga

# EXHIBIT 8

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900

FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                                    brad@benbrooklawgroup.com

January 27, 2023

**Via email**

Joseph W. Cotchett
  jcotchett@cpmlegal.com
Tamarah P. Prevost
  tprevost@cpmlegal.com
Andrew F. Kirtley
  akirtley@cpmlegal.com
Melissa Montenegro
  mmontenegro@cpmlegal.com
Cotchett, Pitre & Mccarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws of the City of San Jose regarding the regulation of firearms that violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in San Jose. As you may recall, my firm previously served as counsel of record for the Plaintiffs in *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, which challenged City ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance. Plaintiffs dismissed that lawsuit on August 24, 2022, because of the threat posed by California Code of Civil Procedure Section 1021.11's one-sided fee-shifting provisions. We are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least these same regulations.

To that end, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any potential enforcement of § 1021.11, in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

(113 of 202) Page 113 of 202

Case 3:23-cv-00400-LL-DDL   Document 20-8   Filed 03/28/23   PageID.200   Page 33 of 41
Case: 24-472, 03/11/2024, DktEntry: 23.1, Page 113 of 202

BENBROOK LAW GROUP, PC

January 27, 2023
Page 2

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that the City may take the position that the *Miller II* injunction does not *directly* apply to prevent the City from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit

BENBROOK LAW GROUP, PC

January 27, 2023
Page 3

there can be no reasonable argument that the City could constitutionally enforce § 1021.11. We therefore request that the City stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please confirm whether the City of San Jose will stipulate that it will not bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims. Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the City and its officers, agents and employees (the "Prospective Defendants"), such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be further advised that if we do not receive from your office, or other counsel for the City by no later than **12:00 p.m. on Thursday, February 2, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 9

LAW OFFICES
## COTCHETT, PITRE & McCARTHY, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
cpmlegal.com

LOS ANGELES
SEATTLE
NEW YORK

February 2, 2023

**Sent Via E-mail to:**

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, CA 95825
*brad@benbrooklawgroup.com*

Re:     **California Code of Civil Procedure § 1021.11**

Mr. Benbrook:

We are in receipt of your letter dated January 27, 2023. It is unclear from your letter what City of San Jose ("City") ordinance or law specifically you intend to file litigation against, and on behalf of which plaintiffs. *See, e.g.*, January 27 Letter at 1 (noting the letter is sent on behalf of your client and "other intended plaintiffs," and anticipating "a case to be filed challenging various laws of the City of San Jose"). Your language makes it impossible to know what specific City laws you intend to file a lawsuit over, and on behalf of whom, which makes it difficult to evaluate your request. Moreover, my firm represents the City in defense of the 2022 Gun Harm Reduction Ordinance (the "Ordinance"), and not for all purposes or with respect to all possible claims, making it further inappropriate to respond.

To the extent some portion of your letter relates to the Ordinance, your clients voluntarily dismissed their lawsuit in the Northern District of California challenging the Ordinance and have not re-filed a new one. Because the other two lawsuits challenging the Ordinance are still pending in federal court, it would not be appropriate for the City to comment on that pending litigation, for this additional reason.

Nor would it be appropriate for the City to comment on state legislation, whether under Cal. Code Civ. Proc. § 1021.11 or any other state law, that your firm on your client's behalf is currently seeking to invalidate in the Southern District of California. Indeed, in August 2022, just before filing that suit, your firm sent me a similar demand and request. Before the City even had the chance to respond, your client dismissed its claims in the Northern District case, then used that non-response to bolster your client's standing to challenge § 1021.11 in the Southern District. Based on this history, we are concerned that your most recent letter is not intended as a

ER-116

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

February 2, 2023
Page 2

good faith offer to resolve (unspecified) future claims against the City, but rather to give your client some advantage in its ongoing lawsuit challenging the constitutionality of § 1021.11.

Accordingly, we respectfully decline to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City.

Best,

TAMARAH P. PREVOST

cc:     Joseph W. Cotchett
        Andrew F. Kirtley

# EXHIBIT 10

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                            brad@benbrooklawgroup.com

February 24, 2023

**Via email**
James R. Williams
County Counsel, County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San Jose, CA 95110
county.counsel@cco.sccgov.org

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Santa Clara County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Santa Clara County. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

      However, we write to you in hopes that we can eliminate the need to <u>also</u> litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 2

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In fact, Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. And when our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11, based on the outcome of the forthcoming case, against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Santa Clara or the Santa Clara County Sheriff's Office (or any of their officers, agents, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") will

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 3

stipulate to refrain from bringing a civil action, motion, application, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon the prospective claims described above.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **12:00 p.m. on Wednesday, March 1, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com

COOPER & KIRK, PLLC
DAVID H. THOMPSON*
PETER A. PATTERSON*
JOSEPH O. MASTERMAN*
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
dthompson@cooperkirk.com

*Motion to Appear Pro Hac Vice Forthcoming

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS PAC, | Case No.: **'23 CV 0400 LL AGS** |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF** |
| v. | |
| CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; and COUNTY OF SANTA CLARA, | |
| Defendants. | |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Firearms Policy Coalition, Inc.; California Gun Rights Foundation; and San Diego County Gun Owners PAC complain of Defendants and allege:

## INTRODUCTION

1.    Plaintiffs bring this suit to challenge the constitutionality of California Code of Civil Procedure section 1021.11's one-sided fee-shifting provisions and seek an injunction against the statute's application or enforcement by several local jurisdictions.

2.    Plaintiffs intend to seek declaratory and injunctive relief against the enforcement of firearm regulations in each of the Defendants' jurisdictions. Before doing so, however, Plaintiffs bring this lawsuit to remove the cloud hanging over those claims by virtue of the operation of Section 1021.11.

3.    Section 1021.11 is an unconstitutional attempt by the State of California to deter citizens and firearms advocacy groups—through a novel, one-way fee-shifting penalty—from accessing the courts to litigate claims over firearms regulations.

4.    In *Miller v. Bonta*, this Court enjoined the State from enforcing Section 1021.11. No. 3:22-cv-1446-BEN-MDD, --- F.Supp.3d ----, 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022). Specifically, the Court held that Section 1021.11 violated the First Amendment (*id.* at *2–4); the Supremacy Clause (*id.* at *4–7); and noted that it likewise ran afoul of the Due Process and Equal Protection Clauses (see *id.* at *2–3). "A state law that threatens its citizens for questioning the legitimacy of its firearms regulations may be familiar to autocratic and tyrannical governments, but not American government. American law counsels vigilance and suspiciousness of laws that thwart judicial scrutiny." *Id.* at *3. Because "the purpose and effect of § 1021.11 is to trench on a citizen's right of access to the courts and to discourage the peaceful vindication of an enumerated constitutional right," the Court declared the statute invalid. *Id.* at *4.

5.    Because the Defendant local jurisdictions were not defendants in *Miller*, they are not directly bound by the injunction. Plaintiffs have requested that Defendants

stipulate to non-enforcement of the provisions of Section 1021.11 in light of *Miller*, but they have refused to do so. But Section 1021.11's enforcement is unconstitutional, regardless of whether the State or these local-government Defendants seek to enforce it, so Plaintiffs now seek declaratory and injunctive relief a second time, to enjoin its application by the Defendants.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California, of the rights, privileges or immunities secured by the United States Constitution.

7.   Venue is proper under 28 U.S.C. § 1391(b)(1).

## THE PARTIES

8.   Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a non-profit organization incorporated under the laws of Delaware with its principal place of business in Clark County, Nevada. The purposes of FPC include defending and promoting the People's rights—especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside the State of California, including in all cities and counties that are parties to this action. FPC represents its members and supporters—who include gun owners, prospective gun owners, licensed California firearm retailers, and others—and brings this action on behalf of itself and its members. The risk of fee liability imposed by Section 1021.11 has caused FPC to refrain from filing suits or litigating constitutional claims that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below. FPC has also expended and diverted resources because of the enactment of Section 1021.11.

9.     Plaintiff California Gun Rights Foundation ("CGF") is a non-profit foundation incorporated under the laws of California with its principal place of business in Sacramento, California. CGF serves its members, supporters, and the public through educational, cultural, and judicial efforts to defend and advance Second Amendment and related rights. CGF has tens of thousands of members and supporters in California. CGF brings this action on behalf of itself and its members. The laws, policies, practices, and customs challenged in this case, and Defendants' actions and failures alleged herein, have caused CGF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action. The risk of fee liability imposed by Section 1021.11 has caused CGF to refrain from filing suits or litigating constitutional claims that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below.

10.     Plaintiff San Diego County Gun Owners PAC ("SDCGO") is a political organization whose purpose is to protect and advance the Second Amendment rights of residents of San Diego County, California, through their efforts to support and elect local and state representatives who support the Second Amendment right to keep and bear arms. SDCGO's membership and donors consist of Second Amendment supporters, people who own guns for self-defense and sport, firearms dealers, shooting ranges, and elected officials who want to restore and protect the right to keep and bear arms in California. The interests that SDCGO seeks to protect in this lawsuit are germane to the organization's purposes, and, therefore, SDCGO sues on its own behalf, and on behalf of its members. The risk of fee liability imposed by Section 1021.11 has caused SDCGO to refrain from filing suits or litigating constitutional claims against Defendant City of San Diego and County of Imperial that it is otherwise prepared to file and litigate, including litigation against Defendants as set forth below.

11.     Defendant City of San Diego is a charter city organized and existing under the laws of the State of California and located in the County of San Diego.

12. Defendant County of Imperial is a general law county organized and existing as a legal subdivision under the laws of the State of California

13. Defendant County of Alameda is a charter county organized and existing as a legal subdivision under the laws of the State of California.

14. Defendant County of Ventura is a general law county organized and existing as a legal subdivision under the laws of the State of California.

15. Defendant County of Los Angeles is a charter county organized and existing as a legal subdivision under the laws of the State of California.

16. Defendant City of San Jose is a charter city organized and existing under the laws of the State of California and located in the County of Santa Clara.

17. Defendant County of Santa Clara is a charter county organized and existing as a legal subdivision under the laws of the State of California.

## GENERAL ALLEGATIONS

### I. Section 1021.11 Creates A State-Law Fee-Shifting Regime, Applicable Only To Firearms Litigation, Designed To Suppress Such Cases And Insulate Firearms Regulations From Judicial Review.

18. Senate Bill 1327, enacted as Code of Civil Procedure §1021.11, is based largely word-for-word on Texas's SB 8, enacted in 2021 in the abortion context. This case challenges Section 1021.11's radical effort to suppress firearms-related litigation by putting civil rights litigants and their attorneys on the hook for the government's attorney's fees if a case results in anything short of victory on every claim alleged in a complaint.[1]

19. Section 1021.11 provides, in relevant part:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that

---

[1] Senate Bill 1327 also created a private right of action to enforce state laws relating to the unlawful manufacture, distribution, or sale of specified firearms. 2022 Cal. Stat. ch. 146, § 1 (adding Bus. & Prof. Code §§ 22949.60–.71). This case does not challenge SB 1327's private attorney general features.

> regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

20.    Due to the unique political circumstances in which it was enacted—namely, targeting firearms litigation as a form of protest over Texas's targeting of abortion litigation in SB 8—Section 1021.11's unconstitutionality has never been in question. Attorney General Rob Bonta has described SB 8 as "blatantly unconstitutional." Press Release, Cal. Dep't of Just., *Att'y Gen. Bonta: Texas Cannot Avoid Judicial Review of Its Constitutional Abortion Ban* (Oct. 27, 2021), https://bit.ly/3pRWA4F. Despite signing SB 1327 into law, Gov. Newsom had likewise blasted the Supreme Court's refusal to block the Texas law on which it was based as "outrageous" and "an abomination." Gavin Newsom, Opinion, *The Supreme Court Opened the Door to Legal Vigilantism in Texas. California Will Use the Same Tool To Save Lives*., WASH. POST (Dec. 20, 2021), https://wapo.st/3wxWoeI. And SB 1327's legislative history includes similar acknowledgements. *See* S.B. 1327, S. Floor Analysis, p. 6 (June 28, 2022) ("While the goal of repurposing the Texas law may be sound, these problematic provisions may not justify those ends. They insulate government action from meaningful challenge by creating a strong, punitive deterrent for any that try and in the end, may violate due process guarantees."); S.B. 1327, A. Jud. Comm. Analysis, p. 13 (June 10, 2022) (describing SB 1327's fee-shifitng as "a lose-lose scenario for plaintiffs who challenge the bill or a gun law; and a win-win scenario for the government").

21.    Unlike any other ordinary "fee shifting" statute, SB 1327 says a "prevailing party" *cannot be a plaintiff* who brings a case seeking declaratory or injunctive relief regarding a state or local firearm regulation. Code Civ. Proc. § 1021.11(e). And it says government defendants in a firearms case will be treated as a "prevailing party" if the court either "[d]ismisses *any* claim or cause of action" in the case, "regardless of the reason for the dismissal," or "[e]nters judgment in favor of the

[government] party" "on any claim or cause of action." Code Civ. Proc. § 1021.11(b) (emphasis added). In simple terms, then, SB 1327 would enable government defendants to recover fees if a firearms plaintiff loses *on any claim* in the case, while the plaintiff can only avoid liability for fees if it prevails on *every claim* in the case. This means, among other things, that a plaintiff could be liable for the government's fees even if the plaintiff obtained all of the relief sought in the litigation.

22.    Section 1021.11(c) further gives these "prevailing party" government defendants a three-year window to bring a state law action to recover their fees, notwithstanding that the vast majority of firearms litigation, like this case, is brought under 42 U.S.C. § 1983, and that federal law already provides for the treatment of attorney's fees in those cases: 42 U.S.C. § 1988(b) provides that "prevailing part[ies]" in federal civil rights actions may recover "a reasonable attorney's fee as part of [their] costs" in the action itself.

**II.    Section 1021.11's Fee-Shifting Regime Is Unconstitutional And Should Be Enjoined As To Defendants For The Same Reasons It Was Enjoined As To The State In *Miller*.**

23.    The State is now enjoined from enforcing Section 1021.11 under *Miller v. Bonta*. 2022 WL 17811114 (S.D. Cal. Dec. 19, 2022).[2] The Court in *Miller* found that Section 1021.11 violated the First Amendment and is pre-empted under the Supremacy Clause by 42 U.S.C. § 1988. For the same reasons, Section 1021.11 should be enjoined here.

**A.    Section 1021.11's Fee-Shifting Regime Violates the First Amendment.**

24.    Section 1021.11 encourages state and local governments to push the constitutional envelope when crafting firearms regulations by threatening would-be plaintiffs considering suing over those regulations with a potentially ruinous fee

---

[2]    The Court issued a substantively identical ruling in a related case. *South Bay Rod & Gun Club, Inc. v. Bonta*, S.D. Cal. Case No. 3:22-cv-1461-BEN-JLB, 2022 WL 17811113 (S.D. Cal. Dec. 19, 2022).

1    award. As the court in *Miller* observed, "[t]he principal defect of § 1021.11 is that it

2    threatens to financially punish plaintiffs and their attorneys who seek judicial review

3    of laws impinging on federal constitutional rights." 2022 WL 17811114 at *2. "Laws

4    like § 1021.11 that exact an unaffordable price to be heard in a court of law are

5    intolerable." *Id.* at *3. The threat posed by Section 1021.11 extends beyond imposing

6    financial ruin on would-be plaintiffs by imposing the same threat of fee liability on

7    attorneys and law firms. The *Miller* court recognized this "does a disservice to the

8    courts" through suppressing "novel," "substantial" claims, thereby "threaten[ing]

9    severe impairment of the judicial function" by "insulat[ing] the Government's laws

10   from judicial inquiry." *Id.* at *4 (citations omitted).

11        25.    Section 1021.11 thus improperly threatens the right of access to the

12   courts.  The right to petition the government for redress of grievances includes "[t]he

13   right of access to the courts," which "is indeed but one aspect of the right of petition."

14   *Cal. Motor Trans. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). The *Miller*

15   court noted that Section 1021.11 struck at the core of this right. "In our ordered system

16   of civil justice, the Second Amendment right, and for that matter all constitutional

17   rights, are ultimately protected by the First Amendment right to identify

18   unconstitutional infringements and seek relief from the courts." 2022 WL 17811114

19   at *2. And the court further emphasized "that maintaining the courts as a setting to

20   resolve questions about defective laws is necessary for a peaceful society." *Id.*

21        26.    This isn't the first time a state has erected and enforced regulatory

22   barriers to avoid civil rights litigation. The Supreme Court rejected Virginia's attempt

23   to keep the NAACP out of court in *Nat'l Ass'n for Advancement of Colored People v.*

24   *Button*, 371 U.S. 415 (1963) (concerning the state's ban against the "improper

25   solicitation" of legal business), and struck down South Carolina's efforts to punish the

26   ACLU's counsel in *In re Primus*, 436 U.S. 412 (1978) (concerning the state's

27   prohibition against solicitation of prospective litigants).

28

27.     The Supreme Court has recognized the central role the First Amendment plays in securing access to the courts to preserve civil rights, particularly for groups unable protect their rights through the political channels. "Groups which find themselves unable to achieve their objectives through the ballot frequently turn to the courts. . . . [U]nder the conditions of modern government, litigation may well be the sole practicable avenue open to a minority to petition for redress of grievances." *Button*, 371 U.S. at 429–30. Such is the case here, where Plaintiffs seek to assert their constitutional rights in litigation against local governments that disfavor Second Amendment rights.

28.     Since *Button*, the Supreme Court has consistently enjoined state action that imposes barriers on litigation that may chill protected activity. *See, e.g., Bhd. of R. R. Trainmen v. Virginia ex rel. Va. State Bar*, 377 U.S. 1, 7 (1964) (a state cannot "handicap[]" "[t]he right to petition the courts" through indirect regulation that "infringe[s] in any way the right of individuals and the public to be fairly represented in lawsuits authorized by Congress to effectuate a basic public interest"); *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222–23 (1967) (the state cannot "erode [the First Amendment's] guarantees by indirect restraints" on citizens' ability to assert their legal rights); *United Transp. Union v. State Bar of Mich.*, 401 U.S. 576, 580–81, 585–86 (1971) ("the First Amendment forbids . . . restraints" that effectively prevent groups from "unit[ing] to assert their legal rights," and striking down economic regulation that denied union members "meaningful access to the courts").

29.     Section 1021.11's obvious and impermissible purpose is to give state and local governments in California a free hand to regulate firearms by suppressing litigation over firearm regulations. Because "[t]he Constitution does not permit" the government to "insulate [its] interpretation of the Constitution from judicial challenge," courts "must be vigilant when [the government] imposes rules and

conditions which in effect insulate its own laws from legitimate judicial challenge." *Legal Services Corp. v. Velazquez*, 531 U.S. 533, 548–49 (2001).

30. Section 1021.11's fee-shifting regime further violates the First Amendment because it is content-based and viewpoint-discriminatory: It imposes a unique burden on those who seek to vindicate their civil rights through firearms litigation while favoring all other sorts of constitutional and statutory civil rights claims. Civil-rights litigation involves core protected speech. *See Button*, 436 U.S. at 431 (civil rights litigation "form of political expression"); *Primus*, 436 U.S. at 429; *Velazquez*, 531 U.S. at 545. Yet Section 1021.11 singles out speech over firearms restrictions for special unfavorable treatment. Laws that impose special burdens on disfavored speech and single out disfavored speakers are constitutionally suspect. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 564–66 (2011). States are not permitted to advance their policy goals "through the indirect means of restraining certain speech by certain speakers," *id.* at 577, and "may not burden the speech of others in order to tilt public debate in a preferred direction." *Id.* at 578–79. Indeed, "the First Amendment is plainly offended" when the government "attempt[s] to give one side of a debatable public question an advantage in expressing its views to the people." *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 785–86 (1978).

31. There is also no legitimate historical precedent for a fee-shifting statute that only allows government defendants to recover fees in civil rights litigation. Section 1021.11 thus falls outside of the history and tradition of the First Amendment that is the touchstone of First Amendment analysis. *See, e.g., United States v. Stevens*, 559 U.S. 460, 468–71 (2010) (placing the burden on the government to show that a type of speech belongs to one of the "historic and traditional categories" of constitutionally unprotected speech); *accord Kennedy v. Bremerton Sch. Dist.*, 142 S.Ct. 2407, 2428 (2022) (Establishment Clause analysis must be anchored to "historical practices and understandings"); *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2130 (2022) ("[T]o carry [its] burden, the government must

generally point to *historical* evidence about the reach of the First Amendment's protections.") (emphasis in original). The lack of historical precedent further demonstrates that SB 1327 violates the First Amendment.

32.    But even under First Amendment balancing tests, Section 1021.11 cannot withstand the appropriate strict scrutiny. For example, it is impossible to imagine any interest the Defendants could assert as compelling, or even permissible, in support of this statute. Indeed, Defendants cannot possibly sustain their burden of identifying a compelling interest, as there is no compelling interest for targeting a particular type of civil rights litigant for unfavorable treatment when exercising the fundamental right to assert constitutional claims. Moreover, Section 1021.11 is not narrowly tailored: the State failed even to consider less restrictive alternatives that would serve such an interest without imposing such severe burdens on core protected rights. *United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 813 (2000).

33.    In short, Section 1021.11's fee-shifting penalty violates the First Amendment to the Constitution.

**B.    Section 1021.11's Fee-Shifting Regime is Preempted by 42 U.S.C. § 1988.**

34.    The Supremacy Clause provides that federal law "shall be the supreme Law of the Land." U.S. Const. Art. VI, Cl. 2. "Consistent with that command, [the Supreme Court has] long recognized that state laws that conflict with federal law are 'without effect.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008). To that end, "state law is naturally preempted to the extent of any conflict with a federal statute," *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000), and "[w]here state and federal law 'directly conflict,' state law must give way." *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011) (citation omitted); *see also Gade v. National Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) ("[U]nder the Supremacy Clause . . . any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.") (internal quotation marks and citation omitted).

35.     Section 1021.11's attempt to shift the government's fees onto the shoulders of civil rights plaintiffs conflicts with the text and structure of Section 1988, and it strongly undermines Section 1988's purposes. Section 1988 provides that, in most categories of federal civil rights litigation, the court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" of the case. 42 U.S.C. § 1988(b). "[A] prevailing *plaintiff* 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (emphasis added). By contrast, the Supreme Court has repeatedly held that, given the purposes of Section 1988, prevailing *defendants* may recover fees only "where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Id*. at 429 n.2; *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (under analogous fee award language in Title VII, establishing standard that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless").

36.     Section 1021.11 directly conflicts with Section 1988 by establishing a wholly separate state law fee regime. As the *Miller* court observed, "[t]hrough its unfair legal stratagems, the state law chills the First Amendment right to petition government for the redress of grievances, which, in turn, chills the Second Amendment right. The chill is deepened by the extraordinary provision that declares a plaintiff shall not be a prevailing party. In the end, this state statute undercuts and attempts to nullify 42 U.S.C. § 1988." 2022 WL 17811114 at *4. Not only does "California's fee shifting provision turns [the federal] approach upside down," "California attorney's fee-shifting construct goes beyond § 1988 by discouraging attorneys from representing civil rights plaintiffs." *Id*. at *6. And because Section 1021.11 "will have the effect of thwarting federal court orders enforcing Second Amendment rights through § 1988 attorney's fee awards, then" the statute "cannot survive." *Id*. at *7.

37.     Section 1988 doesn't require a plaintiff to win every claim in order to be a "prevailing party." Relying on congressional guidance, the Supreme Court has "made clear that plaintiffs may receive fees under [Section] 1988 even if they are not victorious on every claim. A civil rights plaintiff who obtains meaningful relief has corrected a violation of federal law and, in so doing, has vindicated Congress's statutory purposes." *Fox v. Vice*, 563 U.S. 826, 834 (2011); *see Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989) (Section 1988 fees are appropriate if a party has "prevailed on a significant issue in the litigation and have obtained some of the relief they sought").

38.     Section 1021.11(e), however, says that only government defendants can be "prevailing parties." And because it also says a government defendant is a "prevailing party" if the plaintiff loses on any of its claims, the government would be entitled to fees even where it has been found to violate the Constitution on other claims in the case. In other words, Section 1021.11 flips Section 1988, putting government defendants in a similar if not better position than plaintiffs under Section 1988.

39.     Indeed, Section 1021.11 asserts *reverse* supremacy over federal law. The statute remarkably asserts that Section 1021.11 applies regardless of what any federal court does in an underlying Section 1983 case: Section 1021.11 pronounces that government officials may plow ahead with enforcing the fee-shifting penalty against a Section 1983 plaintiff with a state court collection action even when "*[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law*, notwithstanding the doctrines of issue or claim preclusion." Code Civ. Proc. § 1021.11(d)(3) (emphasis added).

40.     Section 1021.11 also undermines the manifest purpose of Section 1988. Shortly after the Civil Rights Act's passage, the Supreme Court recognized the link between fee-shifting and effective enforcement of civil rights laws. "When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of

securing broad compliance with the law. . . . If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees . . . to encourage individuals injured by racial discrimination to seek judicial relief . . . ." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968).

41.  In short, "[t]he purpose of [Section] 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94–1558 at 1 (1976)); *see also* S. Rep. No. 94-1011 at 2 (June 29, 1976) (explaining that the federal "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies" embodied in those laws).

42.  In direct conflict with Section 1988's purpose, Section 1021.11 threatens to bankrupt any plaintiff considering a challenge to a state or local firearm regulation if the plaintiff does not achieve complete victory in the litigation. This is a heavy-handed deterrent to asserting civil rights claims, whereas Section 1988 expresses Congressional intent to *encourage* civil rights litigation.

43.  Because Section 1021.11 "stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress," California's law "must give way." *PLIVA, Inc.*, 564 U.S. 634, 617. Section 1021.11's fee-shifting penalty is preempted and its application is unconstitutional under the Supremacy Clause.

### C. Section 1021.11's Fee-Shifting Regime Violates The Equal Protection And Due Process Clauses.

44.  For the many reasons described above with respect to discrimination against federal constitutional rights, discrimination against gun rights plaintiffs in particular, and discrimination related to viewpoint, Section 1021.11 also violates the Equal Protection Clause. Indeed, while such discrimination against those who seek to

1    exercise First and Second Amendment rights would be subject to, and plainly fail,

2    strict scrutiny, as explained above the classifications at issue here could not even

3    survive rational basis scrutiny.

4        45.    As Judge Benitez explained in *Miller*, "[l]aws like § 1021.11 that exact

5    an unaffordable price to be heard in a court of law are intolerable." 2022 WL

6    17811114 at *3. Section 1021.11 strikes at the core of the due process guarantee,

7    which "requires that a citizen be able to be heard in court." *Id.* at *2. And it likewise

8    implicates equal protection: "Where money determines not merely 'the kind of trial a

9    man gets,' but whether he gets into court at all, the great principle of equal protection

10   becomes a mockery." *Id.* at *3 (citation omitted).

11   **III.   Section 1021.11 Has Unconstitutionally Infringed Plaintiffs' Ability To**
12   **Access The Courts To Sue Defendants.**

13       46.    As detailed in *Miller*, Section 1021.11 unconstitutionally chilled

14   Plaintiffs' ability to bring and continue to prosecute civil rights cases challenging

15   California firearm regulations. After the *Miller* ruling, Plaintiffs FPC and CGF asked

16   Defendants to stipulate that they would not enforce Section 10211.11, either in a

17   current case or a case that Plaintiffs intend to file. Each Defendant refused. This

18   resistance is indefensible in light of the *Miller* ruling enjoining the law as to the State

19   of California. Indeed, the Attorney General's office refused to defend the law's

20   constitutionality in *Miller*. 2022 WL 17811114 at *1.[3]

21       47.    On December 30, 2022, counsel for the plaintiffs (which include FPC

22   and SDCGO) in *Fahr v. City of San Diego*, S.D. Cal. Case No. 3:21-cv-01676-BAS-

23   BGS, sent a letter to the San Diego City Attorney asking that it stipulate not to enforce

24   Section 1021.11 against the plaintiffs or their attorneys and law firms based on the

25   outcome of the case. A true and correct copy of the letter is attached as <u>Exhibit 1</u>. On

26

27   [3]    After Attorney General Bonta declined to defend Section 1021.11, Governor
     Newsom intervened to litigate its constitutionality on the merits. *Miller*, 2022 WL
28   17811114 at *1.

January 11, 2023, the City Attorney's office responded that "the City is not in a position to stipulate as requested," and that it did "not believe" that the Court decision in *Miller* "warrants an unequivocal waiver from the City."

48.    On January 20, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Imperial asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of a county ordinance prohibiting the possession of firearms in any recreational park within the county's jurisdiction. A true and correct copy of the letter is attached as Exhibit 2. Imperial County has not responded to the letter.

49.    On December 30, 2022, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Alameda asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of the Alameda County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as Exhibit 3. On January 3, 2023, County Counsel responded by letter that it would not agree to non-enforcement. A true and correct copy of the County's response is attached as Exhibit 4.

50.    The Alamada County Counsel vaguely accused Plaintiffs' counsel of ethical breaches and "encouraged" counsel to "be mindful of your duties obligations [sic] before you make averments in any pleading regarding the intentions of the Sheriff and the County" regarding Section 1021.11, because claims against them purportedly "do not exist and would not be ripe despite your attempts to manufacture a claim." Ex. 4, p.2. But as explained below, Plaintiffs' claims do, in fact, exist (and are ripe): Plaintiffs are prepared to file a lawsuit but have deferred doing so because of the threat of fee-shifting. Indeed, the tone of Alameda County Counsel's letter confirms why injunctive relief is necessary in this case: If a request not to enforce a statute that has

1   already been held unconstitutional is met with such vitriol, litigation over the County's

2   unconstitutional conduct will surely be contentious, drawn-out, and expensive.

3       51.    On January 20, counsel for FPC and CGF sent a letter to the Office of

4   the County Counsel for the County of Ventura asking that it stipulate not to enforce

5   Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a

6   case they intend to file challenging the constitutionality of the Ventura County

7   Sheriff's Office's application and enforcement of the County's licensing regime for

8   carrying concealed firearms. A true and correct copy of the letter is attached as Exhibit

9   5. Ventura County has not responded to the letter.

10      52.    On January 20, counsel for FPC and CGF sent a letter to the Office of

11  the County Counsel for the County of Los Angeles asking that it stipulate not to

12  enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms

13  in a case they intend to file challenging the constitutionality of (1) the Los Angeles

14  County Sheriff's Office's application and enforcement of the County's licensing

15  regime for carrying concealed firearms; and (2) a provision of the county code

16  prohibiting the possession of firearms in any public park within the county's

17  jurisdiction. A true and correct copy of the letter is attached as Exhibit 6. On January

18  27, 2023, County Counsel responded by letter that it would not agree to non-

19  enforcement, but that it "would be willing to discuss entereing into a case-specific

20  situation." A true and correct copy of the County's response is attached as Exhibit 7.

21      53.    On January 27, counsel for FPC and CGF sent a letter to counsel for the

22  City of San Jose asking that the city stipulate not to enforce Section 1021.11 against

23  the intended plaintiffs or their attorneys and law firms in a case they intend to re-file

24  challenging the constitutionality of city ordinances requiring firearm owners to pay an

25  annual fee to a City-designated non-profit organization and obtain firearm-related

26  insurance. A true and correct copy of the letter is attached as Exhibit 8. FPC had

27  previously sued to invalidate those same regulations, but dismissed the lawsuit in

28  August 2022 because of the threat posed by Section 1021.11. *Glass v. City of San*

*Jose*, N.D. Cal. Case No 5:22-cv-02533-BL. FPC is prepared to re-file this challenge against San Jose once San Jose is enjoined from attempting to enforce Section 1021.11.

54.    On February 2, counsel for San Jose responded by letter that it would not agree to non-enforcement, claiming that it was "inappropriate to respond" outside of the context of an actual lawsuit—counsel "decline[d] to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City." A true and correct copy of the response is attached as <u>Exhibit 9</u>. Counsel for San Jose claimed it was "impossible to know what specific City laws [the Plaintiffs] intend to file a lawsuit over," *id*., despite being advised that Plaintiffs "are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least the[] same regulations" at issue in the *Glass* litigation. <u>Ex. 8</u>. And counsel for San Jose accused Plaintiffs of sending the letter to gain "some advantage in [their] ongoing lawsuit" in the *Miller* case, despite the fact that the *Miller* court had already entered a permanent injunction 45 days earlier.

55.    On February 24, counsel for FPC and CGF sent a letter to the Office of the County Counsel for the County of Santa Clara asking that it stipulate not to enforce Section 1021.11 against the intended plaintiffs or their attorneys and law firms in a case they intend to file challenging the constitutionality of the Santa Clara County Sherriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms. A true and correct copy of the letter is attached as <u>Exhibit 10</u>. Santa Clara County has not responded to the letter

56.    Defendants' refusal to stipulate to non-enforcement of Section 1021.11 has infringed Plaintiffs' constitutional rights.

57.    As set forth above, in each of the Defendant local jurisdictions, Plaintiffs FPC and CGF have refrained from filing constitutional challenges against laws, regulations, and practices that are inconsistent with the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). FPC and CGF

have incurred fees to investigate, research, and prepare these lawsuits, which have been put on hold because of Section 1021.11's threat of fee shifting. But Section's 1021.11's impact extends beyond these organizational Plaintiffs and counsel to the would-be individuals in these cases who are suffering an ongoing deprivation of their Second Amendment rights because of the Defendants' actions. Plaintiffs are unable to seek to vindicate those rights without the certainty, which Defendants' counsel have not provided, that they would not face potentially ruinous fee liability for bringing the suits they intend to bring.

58.     In San Diego, Plaintiffs FPC and SDCGO are plaintiffs in *Fahr*, where they are forced to continue litigating under the threat of Section 1021.11 fee liability. The uncertainty about potential enforcement has created a chilling effect on the *Fahr* Plaintiffs' (and their counsel's) ability to proceed with the case.

59.     But for Section 1021.11's fee-shifting provisions, Plaintiffs would forthwith engage in litigation they have refrained from bringing against Defendants due to the law's threat of ruinous fee liability.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

60.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

61.     The First Amendment provides in relevant part that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people . . . to petition the government for a redress of grievances." U.S. CONST. amend. I. The First Amendment is applicable against the States. *See Gitlow v. New York*, 268 U.S. 652, 666 (1925).

62.     For the reasons set forth above in Part II.A, Section 1021.11's fee-shifting penalty violates the First Amendment to the Constitution.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF SUPREMACY CLAUSE (42 U.S.C. § 1983)

63.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

64.     The Supremacy Clause provides in relevant part that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . any thing in the constitution or laws of any State to the contrary notwithstanding." U.S. CONST. art. VI, § 2.

65.     Section 1988(b) provides in relevant part that, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b).

66.     For the reasons set forth above in Part II.B, Section 1021.11's fee-shifting penalty is preempted by Section 1988(b) and its application is unconstitutional under the Supremacy Clause.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983)

65.     Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*, as if fully set forth herein.

66.     The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

67.     For the reasons set forth above in Part II.C, Section 1021.11's fee-shifting penalty violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

1  **FOURTH CLAIM FOR RELIEF**

2  **VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)**

3      68.    Plaintiffs incorporate here by reference paragraphs 1 through 59, *supra*,

4  as if fully set forth herein.

5      69.    The Due Process Clause of the Fourteenth Amendment provides that

6  provides that no state shall "deprive any person of life, liberty, or property, without

7  due process of law." U.S. Const. amend. XIV, § 1.

8      70.    For the reasons set forth above in Part II.C, Section 1021.11's fee-

9  shifting penalty violates the Due Process Clause of the Fourteenth Amendment to the

10  Constitution.

11  **PRAYER FOR RELIEF**

12      Wherefore, Plaintiffs pray for judgment as follows:

13      1.    Plaintiffs respectfully request that this Court enter a declaratory judgment

14  stating that SB 1327's fee-shifting penalty set forth in California Code of Civil

15  Procedure section 1021.11 violates the First Amendment to the Constitution.

16      2.    Plaintiffs respectfully request that this Court enter a declaratory judgment

17  stating that SB 1327's fee-shifting penalty set forth in California Code of Civil

18  Procedure section 1021.11 is preempted and its application is unconstitutional under

19  the Supremacy Clause of the Constitution.

20      3.    Plaintiffs respectfully request that this Court enter a declaratory judgment

21  stating that SB 1327's fee-shifting penalty set forth in California Code of Civil

22  Procedure section 1021.11 violates the Equal Protection Clause of the Fourteenth

23  Amendment to the Constitution.

24      4.    Plaintiffs respectfully request that this Court enter a declaratory judgment

25  stating that SB 1327's fee-shifting penalty set forth in California Code of Civil

26  Procedure section 1021.11 violates the Due Process Clause of the Fourteenth

27  Amendment to the Constitution.

28

5.      Plaintiffs respectfully request that this Court enter a preliminary and permanent injunction enjoining enforcement or application of SB 1327's fee-shifting penalty set forth in California Code of Civil Procedure section 1021.11 against Plaintiffs, Plaintiffs' members, and any attorney or law firm representing any Plaintiff in any litigation involving Defendants potentially subject to SB 1327's fee-shifting penalty.

6.      Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law, and all further relief to which Plaintiffs may be justly entitled.

Dated:  March 2, 2023                    BENBROOK LAW GROUP, PC

                                         By  s/ Bradley A. Benbrook
                                         _____
                                              BRADLEY A. BENBROOK
                                              Attorneys for Plaintiffs

                                         COOPER & KIRK, PLLC

                                         By  s/ David H. Thompson
                                         _____
                                              DAVID H. THOMPSON
                                              Attorneys for Plaintiffs

# EXHIBIT 1

December 30, 2022

Via email to: mzollman@sandiego.gov

Matthew L. Zollman
Office of the San Diego City Attorney
City of San Diego, California
1200 Third Avenue Suite 1100
San Diego, CA 92101

Re:    URGENT – California Code of Civil Procedure Section 1021.11
        With respect to *Fahr v. City of San Diego, California*
        S.D. Cal. Case No. 3:21-cv-01676-BAS-BGS

Dear Counsel:

I am writing to you on behalf of the plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in the above-referenced matter regarding California Code of Civil Procedure ("CCP") Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

> (b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

>> (1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

>> (2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

As you may know, on December 19, 2022, the Honorable United States District Judge Roger T. Benitez issued an Opinion And Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order,

are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not defendants read the Court's Order as applying to them, or read CCP § 1021.11as generally applying to parties in suits (and their counsel/firms) seeking declaratory or injunctive relief (as provided in subdivision (a) of CCP § 1021.11) filed before January 1, 2023, or any person, including an entity, attorney, or law firm that represents any litigant seeking that relief in such a case, we request that defendants stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of this case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs (active or dismissed), and any other person representing any litigant seeking declaratory or injunctive relief in this matter.

Please inform me if any defendant in this case (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) intends to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff in this case) seeking declaratory or injunctive relief at any time.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of all defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that one or more defendants intend to seek remedies under CCP § 1021.11.

If we do not receive from defendant or defendant's counsel by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that defendants will not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

_/s/ Raymond M. DiGuiseppe_
Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.

# EXHIBIT 2

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106

SACRAMENTO, CALIFORNIA  95825

www.benbrooklawgroup.com

TELEPHONE:  (916) 447-4900

FACSIMILE:  (916) 447-4904

BRADLEY A. BENBROOK                                                                                        brad@benbrooklawgroup.com

January 20, 2023

**Via email**

Eric R. Havens
County Counsel
Office of County Counsel
940 W. Main St., Suite 205
El Centro, CA  92243
erichavens@co.imperial.ca.us
countycounsel@co.imperial.ca.us

      Re:     California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of Imperial County regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Imperial County.  Among other things, the Imperial County generally prohibits the possession of firearms in any recreational public park within the county's jurisdiction (Imperial County Code of Ordinances § 11.08.020), which violates the Second Amendment.  We intend to seek declaratory and injunctive relief as to the enforcement of at least this law and policy.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

BENBROOK LAW GROUP, PC

Eric R. Havens
January 20, 2023
Page 3

Please inform me whether Imperial County (or any of its officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 3

# SEILER EPSTEIN LLP

### ATTORNEYS AT LAW

GML@SEILEREPSTEIN.COM

December 30, 2022

Via email: donna.ziegler@acgov.org, clay.christianson@acgov.org

Donna Ziegler, County Counsel
Clay J. Christianson, Deputy County Counsel
OFFICE OF THE COUNTY COUNSEL
County of Alameda, California
1221 Oak Street, Suite 450
Oakland, CA 94612

Re:     URGENT – California Code of Civil Procedure Section 1021.11

Dear Counsel:

I am writing to you on behalf of the intended plaintiffs, plaintiffs' counsel, including me, and the plaintiffs' counsels' respective firms in a case to be filed challenging various laws, policies, practices, and customs of Alameda County Sheriff Gregory Ahern, the Alameda County Sheriff's Office, and the County of Alameda, regarding applications for and issuance of licenses to carry firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in County of Alameda, California. We intend to seek declaratory and injunctive relief as to the enforcement of those laws, policies, customs, and practices. However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), which becomes effective on January 1, 2023.

As you are likely aware, Governor Newsom signed Senate Bill No. 1327 (2021 – 2022 Reg. Sess.) ("SB 1327") into law on July 22, 2022. Among its changes was the addition of CCP § 1021.11, which provides:

> (a) Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

**SEILER EPSTEIN LLP**

ATTORNEYS AT LAW
Page 2

(b) For purposes of this section, a party is considered a prevailing party if a court does either of the following:

(1) Dismisses any claim or cause of action brought by the party seeking the declaratory or injunctive relief described by subdivision (a), regardless of the reason for the dismissal.

(2) Enters judgment in favor of the party opposing the declaratory or injunctive relief described by subdivision (a), on any claim or cause of action.

(c) Regardless of whether a prevailing party sought to recover attorney's fees or costs in the underlying action, a prevailing party under this section may bring a civil action to recover attorney's fees and costs against a person, including an entity, attorney, or law firm, that sought declaratory or injunctive relief described by subdivision (a) not later than the third anniversary of the date on which, as applicable:

(1) The dismissal or judgment described by subdivision (b) becomes final upon the conclusion of appellate review.

(2) The time for seeking appellate review expires.

(d) None of the following are a defense to an action brought under subdivision (c):

(1) A prevailing party under this section failed to seek recovery of attorney's fees or costs in the underlying action.

(2) The court in the underlying action declined to recognize or enforce the requirements of this section.

(3) The court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion.

(e) Any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief as described in subdivision (a), shall not be deemed a prevailing party under this section or any other provision of this chapter.

(SB 1327, Sec. 2.)

## SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 3

As you may know, on December 19, 2022, United States District Judge Roger T. Benitez issued an Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order). In its Opinion and Order, the Court ordered that:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Regardless of whether or not the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office read the Court's Order as applying to them, we request that the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office stipulate that they will not seek to enforce CCP § 1021.11 based on the outcome of the forthcoming case against plaintiffs' counsel of record (including myself), any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, the plaintiffs, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me if the County of Alameda, the Alameda County Sheriff, and the Alameda County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under CCP § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under CCP § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5 p.m. Pacific time on Tuesday, January 3, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce CCP § 1021.11 against any person with respect to this case, we will be forced to assume that Prospective Defendants will or would not agree to a stipulation of waiver and non-enforcement of CCP § 1021.11 and that the Prospective Defendants do intend to enforce CCP § 1021.11 against one or more such persons with respect to this case.

# SEILER EPSTEIN LLP

ATTORNEYS AT LAW
Page 4

Thank you for your attention to this matter. We look forward to your timely response.

Very truly yours,

George M. Lee

# EXHIBIT 4



# OFFICE OF THE COUNTY COUNSEL

1221 Oak Street, Suite 450, Oakland, California 94612-4296
Telephone (510) 272-6700        Facsimile (510) 272-5020

DONNA R. ZIEGLER
COUNTY COUNSEL

January 3, 2023

**VIA EMAIL AND U.S. MAIL**

George M. Lee
Seiler Epstein LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Email:  gml@seilerepstein.com

Re:  California Code of Civil Procedure Section 1021.11

Dear Mr. Lee:

This responds to your letter addressed to me and Clay Christianson, dated December 30, 2022, and received by email delivery at 12:44 p.m., on the 30th.   You allege that you and others are planning to initiate litigation (at some unspecified date and time) regarding applications for and issuance of licenses to carry firearms. You request that the Sheriff and the County of Alameda stipulate that they will not seek to enforce California Code of Civil Procedure ("CCP") Section 1021.11 based on the outcome of your unfiled and unattached litigation. You further advise that any statement that does not unequivocally stipulate to waiver and non-enforcement of CCP Section 1021.11 will be deemed to be confirmation that the "Prospective Defendants" intend to seek remedies under CCP Section 1021.11.  You further advise that if you do not receive a written stipulation by January 3, 2023, at 5:00 p.m. (approximately one business day after you tendered your request to this office), you "will be forced to assume that Prospective Defendants . . . do intend to enforce CCP Section 1021.11 against one or more such persons with respect to" your unfiled and unattached litigation.

This letter confirms that you are not able to manufacture facts regarding the Sheriff's and the County's intentions in the manner your letter suggests.  If the County and the Sheriff do not comply with your terms, you will not be "forced to assume" anything, and certainly not the facts you state you will be forced to assume.

On the contrary, rules that govern your practice require that you have a much higher standard of knowledge of the accuracy of facts you allege in a court filing.  You are not able to allege as fact, even on information or belief, the intentions of my clients, simply because they did not perform an act that they lacked any obligation to perform (i.e., entering a stipulation in the manner and on the terms, you propose and on an unreasonable deadline).

George M. Lee
January 3, 2023
Page 2


You are encouraged to be mindful of your duties and obligations before you make averments in any pleading regarding the intentions of the Sheriff and the County regarding California Code of Civil Procedure Section 1021.11.  Claims against the County and the Sheriff regarding California Code of Civil Procedure Section 1021.11 do not exist and would not be ripe despite your attempts to manufacture a claim.


Very truly yours,

DONNA R. ZIEGLER
County Counsel

# EXHIBIT 5

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK

brad@benbrooklawgroup.com

January 20, 2023

**Via email**
Tiffany N. North
County Counsel, County of Ventura
Christine A. Renshaw
Assistant County Counsel
County Government Center
800 South Victoria Avenue, L/C #1830
Ventura, CA 93009
tiffany.north@ventura.org
christine.renshaw@ventura.org

Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Ventura County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Ventura County. We intend to seek declaratory and injunctive relief as to the enforcement of at least this policy, custom, and practice.

However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 2

> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id.* §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id.* § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id.* §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

(163 of 202), Page 163 of 202
Case: 24-472, 03/11/2024, DktEntry: 23.1, Page 163 of 202
Case 3:23-cv-00400-LL-AGS  Document 1  Filed 03/02/23  PageID.42  Page 42 of 60

BENBROOK LAW GROUP, PC

Tiffany N. North
Christine A. Renshaw
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Ventura or Ventura County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 6

# BENBROOK LAW GROUP

Professional Corporation

701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                brad@benbrooklawgroup.com

January 20, 2023

**Via email**

Dawyn R. Harrison
Interim County Counsel, County of Los
Angeles
500 West Temple St., Floor 6
Los Angeles, CA 90012
dharrison@counsel.lacounty.gov

      Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

      I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Among other things, the Los Angeles County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Los Angeles County. Furthermore, the Los Angeles County Code generally prohibits the possession of firearms in any public park within the county's jurisdiction (§ 17.04.620), which likewise violates the Second Amendment. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

      However, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 2

> any statute, ordinance, rule, regulation, or any other type of law
> that regulates or restricts firearms, or that represents any litigant
> seeking that relief, is jointly and severally liable to pay the
> attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law.  On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant
> Governor Gavin Newsom, and their officers, agents, servants,
> employees, and attorneys, and those persons in active concert or
> participation with them, and those who gain knowledge of this
> injunction order or know of the existence of this injunction order,
> are enjoined from implementing or enforcing California Code of
> Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective

BENBROOK LAW GROUP, PC

Dawyn R. Harrison
January 20, 2023
Page 3

firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Los Angeles or Los Angeles County Sheriff's Office (or any of their officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") intend to bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **5:00 p.m. on Friday, January 27, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 7



# COUNTY OF LOS ANGELES

## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 972-5780
FACSIMILE
(213) 626-5578
TDD
(213) 633-0901

**DAWYN R. HARRISON**
Acting County Counsel

January 27, 2023

VIA E-MAIL AND U.S. MAIL

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, California 95825
brad@benbrooklawgroup.com

> **Re:    January 20, 2023 Letter Regarding California Code of Civil Procedure Section 1021.11**

Dear Mr. Benbrook:

      This is in response to your letter dated January 20, 2023 regarding California Code of Civil Procedure ("CCP") section 1021.11, in which you request this office "unequivocally stipulate to waiver and non-enforcement of section 1021.11" on behalf of "prospective" County defendants.  You request this waiver "in a case to be filed challenging various laws, policies, practices, and customs of the County of Los Angeles regarding the regulation of firearms that individually and collectively violate the Second and Fourteenth Amendment rights of" certain unidentified plaintiffs.

      While we understand your position regarding the legality of CCP section 1021.11, it would be inappropriate for this office to stipulate as you request outside of an actual litigation.  Should a complaint be filed, we would be willing to discuss entering into a case-specific stipulation with respect to CCP section 1021.11 (if applicable), which we understand has been done in other cases involving the State of California.  In addition, we would consider entering a stipulation in a prospective case for which you provide specific information regarding claims and parties.

HOA.103996059.2

ER-169

Bradley A. Benbrook
January 27, 2023
Page 2


       Accordingly, please present a draft stipulation that is clearly and specifically connected with a particular lawsuit you filed or plan to file for our review and consideration.

                            Very truly yours,

                            DAWYN R. HARRISON
                            Acting County Counsel


                          By

                                LANA CHOI
                                Senior Deputy County Counsel
                                Justice and Safety Division


LC:ga

# EXHIBIT 8

# B E N B R O O K   L A W   G R O U P

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA 95825

www.benbrooklawgroup.com

TELEPHONE: (916) 447-4900
FACSIMILE: (916) 447-4904

BRADLEY A. BENBROOK                                                     brad@benbrooklawgroup.com

January 27, 2023

**Via email**
Joseph W. Cotchett
  jcotchett@cpmlegal.com
Tamarah P. Prevost
  tprevost@cpmlegal.com
Andrew F. Kirtley
  akirtley@cpmlegal.com
Melissa Montenegro
  mmontenegro@cpmlegal.com
Cotchett, Pitre & Mccarthy, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

   Re: California Code of Civil Procedure § 1021.11

Dear Counsel:

   I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging various laws of the City of San Jose regarding the regulation of firearms that violate the Second and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in San Jose.  As you may recall, my firm previously served as counsel of record for the Plaintiffs in *Glass v. City of San Jose*, N.D. Cal. Case No 5:22-cv-02533-BL, which challenged City ordinances requiring firearm owners to pay an annual fee to a City-designated non-profit organization and obtain firearm-related insurance.  Plaintiffs dismissed that lawsuit on August 24, 2022, because of the threat posed by California Code of Civil Procedure Section 1021.11's one-sided fee-shifting provisions.  We are now prepared to re-file litigation seeking declaratory and injunctive relief as to at least these same regulations.

   To that end, we write you in hopes that we can eliminate the need to also litigate and seek relief regarding any potential enforcement of § 1021.11, in connection with the litigation. Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

BENBROOK LAW GROUP, PC

January 27, 2023
Page 2

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e). It authorizes the government defendant to pursue a civil claim for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional. When our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code Of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that the City may take the position that the *Miller II* injunction does not *directly* apply to prevent the City from seeking to enforce § 1021.11 in situations where the statute might apply. Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit

Benbrook Law Group, PC

January 27, 2023
Page 3

there can be no reasonable argument that the City could constitutionally enforce § 1021.11. We therefore request that the City stipulate that it will not seek to enforce § 1021.11 based on the outcome of the forthcoming case against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please confirm whether the City of San Jose will stipulate that it will not bring a civil action, motion, application, petition, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon these prospective claims. Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the City and its officers, agents and employees (the "Prospective Defendants"), such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be further advised that if we do not receive from your office, or other counsel for the City by no later than **12:00 p.m. on Thursday, February 2, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

# EXHIBIT 9

LAW OFFICES
**COTCHETT, PITRE & McCARTHY, LLP**
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577
cpmlegal.com

LOS ANGELES
SEATTLE
NEW YORK

February 2, 2023

**Sent Via E-mail to:**

Bradley A. Benbrook
Benbrook Law Group
701 University Avenue, Suite 106
Sacramento, CA 95825
*brad@benbrooklawgroup.com*

    **Re:**    **California Code of Civil Procedure § 1021.11**

Mr. Benbrook:

We are in receipt of your letter dated January 27, 2023. It is unclear from your letter what City of San Jose ("City") ordinance or law specifically you intend to file litigation against, and on behalf of which plaintiffs. *See, e.g.*, January 27 Letter at 1 (noting the letter is sent on behalf of your client and "other intended plaintiffs," and anticipating "a case to be filed challenging various laws of the City of San Jose"). Your language makes it impossible to know what specific City laws you intend to file a lawsuit over, and on behalf of whom, which makes it difficult to evaluate your request. Moreover, my firm represents the City in defense of the 2022 Gun Harm Reduction Ordinance (the "Ordinance"), and not for all purposes or with respect to all possible claims, making it further inappropriate to respond.

To the extent some portion of your letter relates to the Ordinance, your clients voluntarily dismissed their lawsuit in the Northern District of California challenging the Ordinance and have not re-filed a new one. Because the other two lawsuits challenging the Ordinance are still pending in federal court, it would not be appropriate for the City to comment on that pending litigation, for this additional reason.

Nor would it be appropriate for the City to comment on state legislation, whether under Cal. Code Civ. Proc. § 1021.11 or any other state law, that your firm on your client's behalf is currently seeking to invalidate in the Southern District of California. Indeed, in August 2022, just before filing that suit, your firm sent me a similar demand and request. Before the City even had the chance to respond, your client dismissed its claims in the Northern District case, then used that non-response to bolster your client's standing to challenge § 1021.11 in the Southern District. Based on this history, we are concerned that your most recent letter is not intended as a

ER-176

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

February 2, 2023
Page 2

good faith offer to resolve (unspecified) future claims against the City, but rather to give your client some advantage in its ongoing lawsuit challenging the constitutionality of § 1021.11.

Accordingly, we respectfully decline to comment on what positions the City might take, or what remedies it might seek, in hypothetical future litigation against the City.

Best,

TAMARAH P. PREVOST

cc:     Joseph W. Cotchett
        Andrew F. Kirtley

# EXHIBIT 10

# BENBROOK LAW GROUP

Professional Corporation
701 UNIVERSITY AVENUE, SUITE 106
SACRAMENTO, CALIFORNIA  95825

www.benbrooklawgroup.com

TELEPHONE:  (916) 447-4900
FACSIMILE:  (916) 447-4904

BRADLEY A. BENBROOK                                                      brad@benbrooklawgroup.com

February 24, 2023

**Via email**
James R. Williams
County Counsel, County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San Jose, CA 95110
county.counsel@cco.sccgov.org

> Re:    California Code of Civil Procedure § 1021.11

Dear Counsel:

I am writing to you on behalf of Firearms Policy Coalition, among other intended plaintiffs, and their counsel in a case to be filed challenging the Santa Clara County Sheriff's Office's application and enforcement of the County's licensing regime for carrying concealed firearms, which violates the Second Amendment and Fourteenth Amendment rights of the plaintiffs, plaintiffs' members, and other similarly situated individuals in Santa Clara County. We intend to seek declaratory and injunctive relief as to the enforcement of at least those laws, policies, customs, and practices.

However, we write to you in hopes that we can eliminate the need to <u>also</u> litigate and seek relief regarding your enforcement of California Code of Civil Procedure Section 1021.11 ("§ 1021.11"), in connection with the litigation.  Governor Newsom signed Senate Bill No. 1327 ("SB 1327") into law in July 2022. Among its changes was the addition of § 1021.11, which became effective on January 1, 2023, and provides:

> Notwithstanding any other law, any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party.

Cal. Code Civ. Proc. § 1021.11(a).

ER-179

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 2

Section 1021.11 goes on to provide that a plaintiff in such a case cannot be a "prevailing party," and that the government defendant is the prevailing party if the court dismisses "any claim or cause of action brought by the party seeking the declaratory or injunctive relief . . . , regardless of the reason for the dismissal." *Id*. §§ (b), (e).  It authorizes the government defendant to pursue a civil action for these fees, *id*. § (c), and it purports to allow such claims even if "[t]he court in the underlying action held that any provision of this section is invalid, unconstitutional, or preempted by federal law, notwithstanding the doctrines of issue or claim preclusion." *Id*. §(d)(3).

Section 1021.11 is unconstitutional for several reasons. In fact, Governor Newsom and Attorney General Bonta have repeatedly asserted that the Texas law on which SB 1327 was modeled (Texas's Senate Bill 8), is unconstitutional.  And when our firm recently filed an action to enjoin the State from enforcing § 1021.11, the Attorney General refused to defend the law. On December 19, 2022, United States District Judge Roger T. Benitez enjoined the State of California from implementing or enforcing the law as follows:

> Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11, as enacted by S.B. 1327.

Opinion and Order Enjoining Enforcement of California Code of Civil Procedure § 1021.11 in *Miller v. Bonta*, S.D. Cal. Case. No. 3:22-cv-01446-BEN-MDD ("*Miller II*"), ECF No. 43 (online at https://bit.ly/miller2order).

We recognize that your office may take the position that the *Miller II* injunction does not *directly* apply to prevent your office from seeking to enforce § 1021.11 in situations where the statute might apply.  Nevertheless, for the reasons set forth in the *Miller II* opinion, we submit there can be no reasonable argument that your office could constitutionally enforce § 1021.11. We therefore request that your office stipulate that it will not seek to enforce § 1021.11, based on the outcome of the forthcoming case, against the plaintiffs, plaintiffs' counsel of record, any other counsel who appears in this case at any time or in any court, the various counsels' respective firms, and any other person representing any litigant seeking declaratory or injunctive relief in the forthcoming matter.

Please inform me whether the County of Santa Clara or the Santa Clara County Sheriff's Office (or any of their officers, agents, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) ("Prospective Defendants") will

BENBROOK LAW GROUP, PC

James R. Williams
February 24, 2023
Page 3

stipulate to refrain from bringing a civil action, motion, application, or any other proceeding to recover attorney's fees and/or costs under § 1021.11 against any person (including an entity, attorney, or law firm representing a plaintiff) seeking declaratory or injunctive relief based upon the prospective claims described above.

Please be advised that any statement that does not unequivocally stipulate to waiver and non-enforcement of § 1021.11 on behalf of the Prospective Defendants, such as a suggestion of a "reservation of rights" or other equivocation as to waiver/non-enforcement, will be deemed to be confirmation that the Prospective Defendants intend to seek remedies under § 1021.11.

Please be advised that if we do not receive from your office, or counsel for the Prospective Defendants by no later than **12:00 p.m. on Wednesday, March 1, 2023**, a written agreement to stipulate to unconditional waiver and non-enforcement of CCP § 1021.11 in the manner stated above or an unequivocal statement otherwise making clear that Prospective Defendants (and any/all officers, agents, servants, employees, or others acting in concert or participation with them in enforcing or implementing the laws at issue) will not enforce § 1021.11 against any person with respect to this anticipated case, we will be forced to conclude that Prospective Defendants will not agree to a stipulation of waiver and non-enforcement of § 1021.11 and that the Prospective Defendants do intend to enforce § 1021.11 against one or more such persons with respect to this case.

Thank you for your attention to this matter. We look forward to your timely response.

Sincerely,

Bradley A. Benbrook

1  BENBROOK LAW GROUP, PC
2  BRADLEY A. BENBROOK (SBN 177786)
   STEPHEN M. DUVERNAY (SBN 250957)
3  701 University Avenue, Suite 106
   Sacramento, CA 95825
4  Telephone: (916) 447-4900
   brad@benbrooklawgroup.com

5  JOHN W. DILLON
6  DILLON LAW GROUP APC
   2647 Gateway Rd, Suite 105 No. 255
7  Carlsbad, CA 92009-1757
   jdillon@dillonlawgp.com

8  COOPER & KIRK, PLLC
   DAVID H. THOMPSON*
9  PETER A. PATTERSON*
   JOSEPH O. MASTERMAN*
10 1523 New Hampshire Avenue, NW
   Washington, D.C. 20036
11 Telephone: (202) 220-9600
   dthompson@cooperkirk.com
12
   *Admitted *pro hac vice*
13
   Attorneys for Plaintiffs
14

15            **UNITED STATES DISTRICT COURT**

16          **SOUTHERN DISTRICT OF CALIFORNIA**

17

18 FIREARMS POLICY COALITION,          Case No.: 3:23-cv-00400-LL-VET
   INC.; CALIFORNIA GUN RIGHTS
19 FOUNDATION; SAN DIEGO               **NOTICE OF APPEAL**
   COUNTY GUN OWNERS PAC,
20
              Plaintiffs,
21
        v.
22
   CITY OF SAN DIEGO; COUNTY OF
23 IMPERIAL; COUNTY OF ALAMEDA;
   COUNTY OF VENTURA; COUNTY
24 OF LOS ANGELES; CITY OF SAN
   JOSE; and COUNTY OF SANTA
25 CLARA,

26            Defendants.

27

28

1    Plaintiffs Firearms Policy Coalition, Inc.; California Gun Rights Foundation;

2 and San Diego County Gun Owners PAC appeal to the United States Court of Appeal

3 for the Ninth Circuit from this Court's Order Dismissing Case, ECF No. 56, attached

4 as <u>Exhibit 1</u>, and the associated Judgment In A Civil Case, ECF No. 57, attached as

5 <u>Exhibit 2</u>.

6

7    Dated:  January 25, 2024                    BENBROOK LAW GROUP, PC

8

9                                               By s/ Bradley A. Benbrook
                                                   BRADLEY A. BENBROOK
10                                                 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   FIREARMS POLICY COALITION,                    Case No.:  23cv400-LL-VET
     INC.; CALIFORNIA GUN RIGHTS
12   FOUNDATION; SAN DIEGO COUNTY                   **ORDER DISMISSING CASE**
     GUN OWNERS PAC,
13
14                                  Plaintiffs,

15   v.

16   CITY OF SAN DIEGO; COUNTY OF
     IMPERIAL; COUNTY OF ALAMEDA;
17   COUNTY OF VENTURA; COUNTY OF
     LOS ANGELES; CITY OF SAN JOSE;
18   and COUNTY OF SANTA CLARA,

19                                  Defendants.

20

21

22          On March 14, 2023, the Court issued an Order to Show Cause as to why this case

23   should not be dismissed for lack of standing, ripeness, improper venue, or improper joinder.

24   ECF No. 18. Before the Court are the parties' responses to the Court's Order to Show

25   Cause. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46. For the following reasons, the Court

26   **DISMISSES** the action.

27   / / /

28   / / /

## I.   BACKGROUND

On March 2, 2023, Plaintiffs Firearms Policy Coalition, Inc., California Gun Rights Foundation, and San Diego County Gun Owners PAC (collectively "Plaintiffs") filed this current action against Defendants City of San Diego, County of Imperial, County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara (collectively "Defendants") challenging the constitutionality of California Code of Civil Procedure Section 1021.11. ECF No. 1, Complaint ("Compl."). Section 1021.11 provides that:

> "any person, including an entity, attorney, or law firm, who seeks declaratory or injunctive relief to prevent this state, a political subdivision, a governmental entity or public official in this state, or a person in this state from enforcing any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms, or that represents any litigant seeking that relief, is jointly and severally liable to pay the attorney's fees and costs of the prevailing party."

Cal. Code Civ. Proc. § 1021.11(a).

The constitutionality of this provision has been previously litigated in this district. In *Miller v. Bonta*, Judge Roger T. Benitez held that Section 1021.11 was unconstitutional and permanently enjoined the State "from bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs." *See Miller v. Bonta*, 646 F. Supp. 3d 1218, 1232 (S.D. Cal. 2022). Additionally, Judge Benitez held that "Defendant Attorney General Rob Bonta and Intervenor-Defendant Governor Gavin Newsom, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, and those who gain knowledge of this injunction order or know of the existence of this injunction order, are enjoined from implementing or enforcing California Code of Civil Procedure § 1021.11." *Id.* On the same day as he decided *Miller*, Judge Benitez entered a similar judgment in another challenge to Section 1021.11 in *South Bay Rod & Gun Club, Inc. v. Bonta*. *See* 646 F. Supp. 3d 1232, 1245 (S.D. Cal. 2022) (holding that Section 1021.11 was unconstitutional and permanently enjoining the State from enforcing

Section 1021.11). The judgments in both *Miller* and *South Bay Rod & Gun Club* became final due to a lack of appeal.

In the instant case, Plaintiffs seek an "injunction against the statute's application or enforcement by several local jurisdictions." Compl. ¶ 1. On March 14, 2023, the Court issued an Order to Show Cause, directing Plaintiffs to show cause as to standing, ripeness, venue, and joinder. *See* ECF No. 18 at 3. These questions have now been extensively briefed by all parties. ECF Nos. 19, 30, 31, 33–37, 40, 43, 46.

## II.    DISCUSSION

### A.    Plaintiffs Do Not Have Standing to Pursue This Case

Plaintiffs lack standing to maintain their claims. Article III of the Constitution confers on federal courts the power to adjudicate only cases or controversies.  U.S. Const., art. III, § 2. "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To have standing, a plaintiff must show that (1) the plaintiff suffered an "injury in fact", i.e., one that is sufficiently "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the injury is "fairly traceable" to the challenged conduct, and (3) the injury is likely to be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61. The burden is on the plaintiff to establish that standing exists. *Id.* at 561.

First, Plaintiffs argue that they are at risk of imminent and substantial harm because the Defendants in this case are not subject to the *Miller* injunction. *See* ECF No. 19 at 4–5; ECF No. 46 at 3. Defendants insist that "there is no legitimate risk that any entity would seek to invoke Section 1021.11 and "[a]ny future local government defendant is unlikely to attempt to distinguish the *Miller* decision from their own case given the comprehensiveness of the ruling and the court's clear directive that it has broad preclusive effect." ECF No. 30 at 4. Indeed, Defendants were not directly named in *Miller*, but the

(188 of 202), Page 188 of 202
Case: 24-472, 03/11/2024, DktEntry: 23.1, Page 188 of 202
Case 3:23-cv-00400-LL-VET Document 35 Filed 01/23/24 PageID.4085 Page 74 of 94

final judgments in *Miller* and *South Bay Rod & Gun Club* permanently enjoined any implementation and enforcement of Section 1021.11. *See Miller*, 646 F. Supp. 3d at 1232; *South Bay Rod & Gun Club, Inc.*, 646 F. Supp. 3d at 1245. The "broad preclusive effect" of the *Miller* injunction was also addressed by the Ninth Circuit in *Abrera v. Newsom*. In *Abrera v. Newsom*, the Ninth Circuit held that an appeal of the denial of a preliminary injunction preventing state defendants from enforcing Section 1021.11 was moot "in light of the permanent injunction in *Miller.*" *Abrera v. Newsom*, No. 22-16897 (9th Cir. Aug. 14, 2023) (order granting motion to dismiss the appeal as moot). Similarly, here, there is no case or controversy because Defendants do not seek to implement or enforce Section 1021.11 in light of the *Miller* injunction.

Plaintiffs also state that as "independent government entities with independent authority to seek fees under Section 1021.11, [Defendants] lack the necessary privity with the *Miller* defendants to be bound by the *Miller* injunction." ECF No. 19 at 4. However, in an action where a plaintiff challenges the constitutionality of a state statute, the proper defendant is the state official designated to enforce the rule. *See Idaho Building and Const. Trades Council, AFL-CIO v. Wasden*, 32 F. Supp. 3d 1143, 1148 (D. Idaho 2014) (explaining that the proper defendant in actions for declaratory and injunctive relief challenging the constitutionality of state statutes would be a state official with a fairly direct connection to the enforcement of the act, and not just a "generalized duty"); *see also American Civil Liberties Union v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993) ("Under United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule."). The constitutionality of Section 1021.11 has already been challenged in previous actions against the proper defendants who have a direct connection with its enforcement, including the State Attorney General and Governor. *See Miller*, 646 F. Supp. 3d at 1222 (action petitioning the court to enjoin California Governor and California Attorney General from

enforcing Section 1021.11); *South Bay Rod & Gun Club*, 646 F. Supp. 3d at 1235 (same); *Abrera v. Newsom*, 2022 WL 17555524, at *1 (E.D. Cal. Dec. 9, 2022) (same).

Next, Plaintiffs argue that they still face a "realistic threat of enforcement" and actual and imminent danger because there is "no commitment from Defendants" not to enforce Section 1021.11. *See* ECF No. 19 at 5–6; ECF No. 46 at 2–3. This position effectively puts the burden on Defendants to establish that there is no standing, as opposed to Plaintiff having the burden to establish standing, which the well-settled law requires. *See Lujan*, 504 U.S. at 561. Plaintiffs refer to *Lopez v. Candaele* to support their contention that under the "relaxed standing analysis" for pre-enforcement challenges, "the plaintiff may meet constitutional standing requirements by demonstrating a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *See* ECF No. 46 at 2 (quoting *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010)). In the next paragraph of *Lopez*, however, the Ninth Circuit explains that "despite this 'relaxed standing analysis'" for pre-enforcement challenges, "plaintiffs must still show an actual or imminent injury to a legally protected interest." *Id.* (internal citation omitted).

No such injury exists here because Defendants decline to make a hypothetical commitment as to how they would litigate lawsuits that have not even been filed, let alone ones that have been decided in Defendants' favor thereby implicating Section 1021.11. Defendants have clearly expressed that they do not intend to enforce the statute against Plaintiffs in the current action or any related action. *See* ECF Nos. 30, 33. Specifically, Defendant County of Imperial states that "[p]ost-*Miller* . . . the threat of injury is in the past" and "there is no legitimate risk that any entity would seek to invoke Section 1021.11."[1] ECF No. 30 at 4. Additionally, Defendant County of Alameda states that the

---

[1] Defendants County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Imperial. *See* ECF Nos. 31, 36, 40, 43.

*Miller* injunction "effectively discourages anyone, including Defendants, from even attempting to invoke Section 1021.11 against Plaintiffs."[2] ECF No. 33 at 8. Plaintiffs have no concrete evidence that Defendants plan to enforce Section 1021.11, and as such, Plaintiffs have failed to show that they face an actual or imminent injury. *See Wright v. Service Emp. Int'l Union Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022) (quoting *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 825 (9th Cir. 2020)) (a plaintiff "cannot rely on mere conjecture" about a defendant's possible actions as the plaintiff "must present concrete evidence to substantiate her fears."). Plaintiffs fail to carry their burden to show that they have standing, and therefore, the Court lacks jurisdiction over their claims. *See Lujan*, 504 U.S. at 560.

## B.    Ripeness, Venue, and Joinder

Although the Court need not address the remaining issues of ripeness, venue, and joinder because the first issue of standing is dispositive, the Court briefly addresses the remaining issues below. *See Khalaj v. United States*, 474 F. Supp. 3d 1029, 1033 (D. Ariz. 2020) ("When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (stating that jurisdiction must "be established as a threshold matter").

### 1.    Ripeness

"Whether framed as an issue of standing or ripeness, the inquiry is largely the same." *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many

---

[2] Defendants County of Imperial, County of Ventura, County of Los Angeles, City of San Diego, and County of Santa Clara join and adopt the response of Defendant County of Alameda. *See* ECF Nos. 34, 35, 37, 40, 43.

cases, ripeness coincides squarely with standing's injury in fact prong. Sorting out where standing ends and ripeness begins is not an easy task."). Therefore, for the same reasons that Plaintiffs lack standing to maintain their claims, Plaintiffs' claims also are not ripe for adjudication.

## 2. Joinder and Venue

Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if: (1) claims arise from the same transaction or occurrence or series of transactions or occurrences; and (2) any question of law or fact in the action is common to all defendants. Fed. R. Civ. P. 20(a)(2). As a preliminary matter, Plaintiffs' claims raise common questions of law or fact as Plaintiffs seek an "injunction against [Section 1021.11's] application or enforcement by several local jurisdictions." Compl. ¶ 1; *see also* ECF No. 33 at 9 ("Defendants do not contest that Plaintiffs' claims may implicate at least one question of law common to all Defendants."). However, the mere fact that Plaintiffs' claims against Defendants involve a common question of law or fact does not entail that their claims against Defendants are related to the same transaction or occurrence. *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009). The Ninth Circuit has interpreted the phrase "same transaction, occurrence, or series of transactions or occurrences" to require a degree of factual commonality underlying the claims. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, Plaintiffs' claims against Defendants arise out of distinct transactions or occurrences. In the Complaint, Plaintiffs allege that their counsel contacted each of the Defendants in separate letters, demanding that Defendants stipulate to the non-enforcement of Section 1021.11. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. The letters were sent on different dates and referenced each jurisdiction's own distinct firearms regulations. Compl. ¶¶ 47–55; *see also* Compl., Exs. 1, 2, 3, 5, 6, 8, 10. Plaintiffs even state that Defendants either responded to Plaintiffs' correspondence through individual letters or failed to respond at all. *See* Compl., Exs. 4, 7, 9; Compl. ¶¶ 48, 51, 55 (Defendants County of Imperial, County of Ventura, and County of Santa Clara did not respond to

Plaintiffs' correspondence); ECF No. 33 at 11 ("Plaintiffs received no shared or uniform response."). Plaintiffs' Complaint is devoid of any allegations that Defendants acted jointly or in concert. In the absence of claims arising out of the same transaction or occurrence, joinder of these Defendants is improper under Rule 20.

Venue is proper in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A "[p]laintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)).

Plaintiffs contend that venue is proper here under § 1391(b)(1) because Defendants are entities located in California and "all Defendants are properly joined." ECF No. 46 at 9; ECF No. 19 at 7. However, as discussed above, Defendants are not properly joined, and a remedy for improper joinder is severance. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Additionally, under Rule 20(b), the district court may sever claims or parties to avoid prejudice. Fed. R. Civ. P. 20(b).

As such, severing the claims would make venue in this Court improper and prejudicial as to the non-resident defendants. Specifically, based on Plaintiff's allegations, Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara do not have a connection to this district. Further, it does not appear a substantial part of the events or omissions giving rise to Plaintiff's claims regarding Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara occurred in this district.

Thus, even if the Court were to find the Plaintiffs have standing in this case, joinder and venue would bar the action against Defendants County of Alameda, County of Ventura, County of Los Angeles, City of San Jose, and County of Santa Clara.

/ / /

1  **III.   CONCLUSION**

2        For the reasons set forth above, the Court **DISMISSES** the action for lack of subject

3  matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also

4  **DENIED AS MOOT**.

5        **IT IS SO ORDERED.**

6  Dated:  January 9, 2024

7

8                                        _____
                                         Honorable Linda Lopez

9                                        United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                        23cv400-LL-VET

# EXHIBIT 2



# United States District Court

### SOUTHERN DISTRICT OF CALIFORNIA

FIREARMS POLICY COALITION,
INC.; CALIFORNIA GUN RIGHTS
FOUNDATION; SAN DIEGO
COUNTY GUN OWNERS PAC,

**Plaintiff,**

v.

CITY OF SAN DIEGO; COUNTY OF
IMPERIAL; COUNTY OF ALAMEDA;
COUNTY OF VENTURA; COUNTY OF
LOS ANGELES; CITY OF SAN JOSE; and
COUNTY OF SANTA CLARA,

**Defendant.**

Civil Action No. __23-cv-00400-LL-VET__

### JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

The Court DISMISSES the action for lack of subject matter jurisdiction. Plaintiffs' motion for a preliminary injunction [ECF. No. 20] is also DENIED AS MOOT. Case is closed.

**Date:** _____1/9/24_____

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By: s/ D.Frank
_____

D.Frank, Deputy

CM/ECF - casd

APPEAL,CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:23-cv-00400-LL-VET

| | |
|---|---|
| Firearms Policy Coalition, Inc. et al v. City of San Diego et al | Date Filed: 03/02/2023 |
| Assigned to: Judge Linda Lopez | Date Terminated: 01/09/2024 |
| Referred to: Magistrate Judge Valerie E. Torres | Jury Demand: None |
| Case in other court: USCA, 24-00472 | Nature of Suit: 950 Constitutional - State Statute |
| Cause: 42:1983vp Violation of Due Process and Equal Protection | Jurisdiction: Federal Question |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2023 | 1 | COMPLAINT against City of San Diego, City of San Jose, County of Alameda, County of Imperial, County of Los Angeles, County of Santa Clara, County of Ventura ( Filing fee $ 402 receipt number ACASDC-17631526.), filed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:23-cv-400-LL-AGS. Judge Linda Lopez and Magistrate Judge Andrew G. Schopler are assigned to the case. (Benbrook, Bradley)(aas)(jms). (Entered: 03/02/2023) |
| 03/02/2023 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (aas) (jms). (Entered: 03/02/2023) |
| 03/02/2023 | 3 | NOTICE OF RELATED CASE(S) by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC of case(s) 3:22-cv-01446 . (Benbrook, Bradley) (ddf). (Entered: 03/02/2023) |
| 03/03/2023 | 4 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-17633519.) (Application to be reviewed by Clerk.) (Thompson, David) (Entered: 03/03/2023) |
| 03/03/2023 | 5 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-17633522.) (Application to be reviewed by Clerk.) (Patterson, Peter) (Entered: 03/03/2023) |
| 03/03/2023 | 6 | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-17633523.) (Application to be reviewed by Clerk.) (Masterman, Joseph) (Entered: 03/03/2023) |
| 03/07/2023 | 7 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. City of San Jose served. (Benbrook, Bradley) (ddf). (Entered: 03/07/2023) |
| 03/07/2023 | 8 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. County of Alameda served. (Benbrook, Bradley) (ddf). (Entered: 03/07/2023) |
| 03/07/2023 | 9 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. County of Santa Clara served. (Benbrook, Bradley) (ddf). (Entered: 03/07/2023) |

ER-196

| | | |
|---|---|---|
| 03/07/2023 | 10 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. County of Ventura served. (Benbrook, Bradley) (ddf). (Entered: 03/07/2023) |
| 03/09/2023 | 11 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. City of San Diego served. (Benbrook, Bradley) (exs). (Entered: 03/09/2023) |
| 03/13/2023 | 12 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. County of Imperial served. (Benbrook, Bradley) (ddf). (Entered: 03/13/2023) |
| 03/13/2023 | 13 | SUMMONS Returned Executed by San Diego County Gun Owners PAC, California Gun Rights Foundation, Firearms Policy Coalition, Inc.. County of Los Angeles served. (Benbrook, Bradley) (ddf). (Entered: 03/13/2023) |
| 03/14/2023 | 14 | ORDER Denying the Pro Hac Vice Application of David Thompson. Signed by Judge Linda Lopez on 3/13/2023.(jrm) (Entered: 03/14/2023) |
| 03/14/2023 | 15 | ORDER Denying the Pro Hac Vice Application of Peter Patterson. Signed by Judge Linda Lopez on 3/13/2023.(jrm) (Entered: 03/14/2023) |
| 03/14/2023 | 16 | ORDER Denying the Pro Hac Vice Application of Joseph Masterman. Signed by Judge Linda Lopez on 3/13/2023.(jrm) (Entered: 03/14/2023) |
| 03/14/2023 | 17 | MINUTE ORDER OF TRANSFER. IT IS HEREBY ORDERED that this case be transferred from the calendar of the Honorable Andrew G. Schopler to the calendar of the Honorable David D. Leshner for all further proceedings. All conference or hearing dates currently set before Magistrate Judge Schopler remain as scheduled before Judge David D. Leshner. Any dates set before any district judge remain unchanged. The new case number is 23cv400-LL-DDL.(no document attached) (ddf) (Entered: 03/14/2023) |
| 03/14/2023 | 18 | ORDER TO SHOW CAUSE. Signed by Judge Linda Lopez on 3/14/2023.(ddf) (Entered: 03/14/2023) |
| 03/28/2023 | 19 | RESPONSE re 18 Order to Show Cause filed by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) (ddf). (Entered: 03/28/2023) |
| 03/28/2023 | 20 | MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment* by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration Declaration of Brandon Combs, # 3 Declaration Declaration of Gene Hoffman, # 4 Declaration Declaration of Michael Schwartz, # 5 Declaration Declaration of Raymond DiGuiseppe, # 6 Declaration Declaration of Bradley Benbrook, # 7 Declaration Declaration of George Lee, # 8 Exhibit Compendium of Evidence, # 9 Statement of Facts Separate Statement of Undisputed Material Facts)(Benbrook, Bradley) *Motion under submission, no appearances are required unless ordered by the Court.(ddf). (Entered: 03/28/2023) |
| 03/30/2023 | 21 | DECLARATION re 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment*, 19 Response - Other *Declaration Of Stephen M. Duvernay Regarding Notice And Service Of Plaintiffs Response To Osc (ECF No. 19) And Plaintiffs Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (ECF Nos. 20 - 20-9)* by Plaintiffs California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) (Entered: 03/30/2023) |
| 04/06/2023 | 22 | ***Withdrawn Per 24 ***DECLARATION re 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment*, 21 Declaration, 19 Response - Other *Second* |

| | | |
|---|---|---|
| | | *Declaration Of Stephen M. Duvernay Regarding Notice And Service Of Plaintiffs Response To OSC (ECF No. 19) And Plaintiffs Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (ECF Nos. 2020-9)* by Plaintiffs California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) QC mailer sent re incorrect s/ signature (jms).(ddf). (Entered: 04/06/2023) |
| 04/06/2023 | 23 | NOTICE of Appearance *of John W. Dillon as Counsel for Plaintiffs* by Bradley A. Benbrook on behalf of California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC (Benbrook, Bradley) (jms). (Entered: 04/06/2023) |
| 04/07/2023 | 24 | NOTICE *of Withdrawal and Correction of Document* by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC re 22 Declaration,, (Duvernay, Stephen) (ddf). (Entered: 04/07/2023) |
| 04/07/2023 | 25 | DECLARATION re 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment*, 21 Declaration, 19 Response - Other *Second Declaration Of Stephen M. Duvernay Regarding Notice And Service Of Plaintiffs Response To OSC (ECF No. 19) And Plaintiffs Motion For Preliminary Injunction Or, Alternatively, For Summary Judgment (ECF Nos. 2020-9)* by Plaintiffs California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Duvernay, Stephen) (ddf). (Entered: 04/07/2023) |
| 04/11/2023 | 26 | Request to Appear Pro Hac Vice, No payment Submitted. (Application to be reviewed by Clerk.) (Thompson, David) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 27 | Request to Appear Pro Hac Vice, No payment Submitted. (Application to be reviewed by Clerk.) (Patterson, Peter) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 28 | Request to Appear Pro Hac Vice, No payment Submitted. (Application to be reviewed by Clerk.) (Masterman, Joseph) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 29 | PRO HAC APPROVED: Joseph Masterman, Peter A. Patterson, David H. Thompson appearing for Plaintiffs California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC (no document attached) (jrm) (Entered: 04/11/2023) |
| 04/11/2023 | 30 | RESPONSE re 18 Order to Show Cause filed by County of Imperial. (Schena, John) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 31 | NOTICE of Joinder by County of Ventura re 30 Response - Other *COUNTY OF VENTURAS NOTICE OF JOINDER AND JOINDER IN RESPONSE TO ORDER TO SHOW CAUSE FILED BY DEFENDANT COUNTY OF IMPERIAL* (Renshaw, Christine) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 32 | NOTICE *of Errata* by County of Imperial re 30 Response - Other (Schena, John)Attorney John Angelo Schena, III added to party County of Imperial(pty:dft) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 33 | RESPONSE TO ORDER TO SHOW CAUSE by County of Alameda re 18 Order to Show Cause. (Zinn, Matthew) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 34 | NOTICE of Joinder by County of Imperial re 33 Response to Order to Show Cause (Schena, John) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 35 | NOTICE of Joinder by County of Ventura re 33 Response to Order to Show Cause *COUNTY OF VENTURAS NOTICE OF JOINDER AND JOINDER IN RESPONSE TO ORDER TO SHOW CAUSE FILED BY DEFENDANT COUNTY OF ALAMEDA* (Renshaw, Christine) (ddf). (Entered: 04/11/2023) |

CM/ECF - casd

| 04/11/2023 | 36 | NOTICE of Joinder by County of Los Angeles re 30 Response - Other *Defendant County of Los Angeles' Notice of Joinder and Joinder in the Response of Defendant County of Imperial to Order to Show Cause* (Luongo, Natalie) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 37 | NOTICE of Joinder by County of Los Angeles re 33 Response to Order to Show Cause *Defendant County of Los Angeles' Notice of Joinder and Joinder in the Response of Defendant County of Alameda to Order to Show Cause* (Luongo, Natalie) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 38 | NOTICE of Appearance by Dick A Semerdjian on behalf of County of Imperial (Semerdjian, Dick)Attorney Dick A Semerdjian added to party County of Imperial(pty:dft) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 39 | NOTICE of Appearance by Chad M. Thurston on behalf of County of Imperial (Thurston, Chad)Attorney Chad M. Thurston added to party County of Imperial(pty:dft) (ddf). (Entered: 04/11/2023) |
| 04/11/2023 | 40 | NOTICE of Joinder by City of San Diego (Attachments: # 1 Proof of Service)(Zollman, Matthew) (ddf). (Entered: 04/11/2023) |
| 04/12/2023 | 41 | NOTICE of Appearance by Aryn Paige Harris on behalf of County of Santa Clara (Harris, Aryn) (ddf). (Entered: 04/12/2023) |
| 04/13/2023 | 42 | NOTICE of Appearance *APPEARANCE OF COUNSEL* by Christine Renshaw on behalf of County of Ventura (Renshaw, Christine)Attorney Christine Renshaw added to party County of Ventura(pty:dft) (ddf). (Entered: 04/13/2023) |
| 04/13/2023 | 43 | NOTICE of Joinder by County of Santa Clara re 30 Response - Other, 33 Response to Order to Show Cause (Harris, Aryn) (ddf). (Entered: 04/13/2023) |
| 04/13/2023 | 44 | Joint MOTION for Extension of Time to File Response/Reply as to 30 Response - Other, 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment*, 19 Response - Other, 18 Order to Show Cause, 33 Response to Order to Show Cause by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) (ddf). (Entered: 04/13/2023) |
| 04/14/2023 | 45 | ORDER granting 44 Joint Motion to Extend Deadlines. Signed by Judge Linda Lopez on 4/14/2023. (sjt) (Entered: 04/14/2023) |
| 04/25/2023 | 46 | REPLY - Other re 30 Response - Other, 19 Response - Other, 18 Order to Show Cause, 33 Response to Order to Show Cause *Reply To Responses Re: Order To Show Cause* filed by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) (ddf). (Entered: 04/25/2023) |
| 05/04/2023 | 47 | NOTICE of Appearance *of Counsel* by Matthew L. Zollman on behalf of City of San Diego (Attachments: # 1 Proof of Service)(Zollman, Matthew)Attorney Matthew L. Zollman added to party City of San Diego(pty:dft) (ddf). (Entered: 05/04/2023) |
| 05/11/2023 | 48 | Ex Parte MOTION for Extension of Time to File Response/Reply as to 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment* by County of Alameda. (Attachments: # 1 Proof of Service)(Zinn, Matthew)Attorney Matthew D. Zinn added to party County of Alameda(pty:dft) (ddf). (Entered: 05/11/2023) |
| 05/12/2023 | 49 | RESPONSE in Opposition re 48 Ex Parte MOTION for Extension of Time to File Response/Reply as to 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment* filed by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Attachments: # 1 Declaration Declaration of Stephen Duvernay)(Benbrook, Bradley) (ddf). (Entered: 05/12/2023) |

ER-199

3/11/24, 4:29 PM                                                                CM/ECF - casd

| 05/12/2023 | 50 | ORDER Granting Ex Parte Application For Extension Of Time To Respond To Motion For Preliminary Injunction [ECF No. 48 ]. Signed by Judge Linda Lopez on 5/12/2023. (ddf) (Entered: 05/12/2023) |
| --- | --- | --- |
| 05/25/2023 | 51 | NOTICE of Appearance *of Counsel* by Nana Knight on behalf of City of San Jose (Knight, Nana)Attorney Nana Knight added to party City of San Jose(pty:dft) (ddf). (Entered: 05/25/2023) |
| 07/07/2023 | 52 | MINUTE ORDER OF TRANSFER. Magistrate Judge David D. Leshner is no longer assigned. Case reassigned to Magistrate Judge Steve B. Chu for all further proceedings. The new case number is 23cv400-LL-SBC.(no document attached) (aas) (Entered: 07/07/2023) |
| 09/20/2023 | 53 | NOTICE *of Supplemental Authority* by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC re 20 MOTION for Preliminary Injunction *or, Alternatively, Summary Judgment* (Attachments: # 1 Exhibit Baird v. Bonta) (Benbrook, Bradley) (ddf). (Entered: 09/20/2023) |
| 12/13/2023 | 54 | MINUTE ORDER OF TRANSFER. Magistrate Judge Steve B. Chu is no longer assigned. Case reassigned to Magistrate Judge Valerie E. Torres for all further proceedings. The new case number is 23-cv-400-LL-VET.(no document attached) (dim) (Entered: 12/13/2023) |
| 12/20/2023 | 55 | NOTICE of Appearance by Thomas C. Hurrell on behalf of County of Los Angeles (Hurrell, Thomas)Attorney Thomas C. Hurrell added to party County of Los Angeles(pty:dft) (ddf). (Entered: 12/20/2023) |
| 01/09/2024 | 56 | ORDER DISMISSING CASE. Signed by Judge Linda Lopez on 1/9/2024.(ddf) (Entered: 01/09/2024) |
| 01/09/2024 | 57 | CLERK'S JUDGMENT. The Court DISMISSES the action for lack of subject matter jurisdiction. Plaintiffs motion for a preliminary injunction [ECF. No. 20 ] is also DENIED AS MOOT. Case is closed. (ddf) (Entered: 01/09/2024) |
| 01/25/2024 | 58 | NOTICE OF APPEAL to the 9th Circuit as to 57 Clerk's Judgment, 56 Order Dismissing Case by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. ( Filing fee $ 605 receipt number ACASDC-18533061.) (Notice of Appeal electronically transmitted to US Court of Appeals.) (Attachments: # 1 Exhibit Representation Statement)(Benbrook, Bradley) (dim). (Entered: 01/25/2024) |
| 01/29/2024 | 59 | USCA Case Number 24-472 for 58 Notice of Appeal to 9th Circuit, filed by San Diego County Gun Owners PAC, Firearms Policy Coalition, Inc., California Gun Rights Foundation. (Attachments: # 1 Attorney Appeal Case Opening, # 2 Pro Se Appeals Case Opening, # 3 Ninth Circuit Appellate Mentoring Program, # 4 Appellate Practice Guide) (dim) (Entered: 01/30/2024) |
| 01/29/2024 | 60 | USCA Time Schedule Order as to 58 Notice of Appeal to 9th Circuit, filed by San Diego County Gun Owners PAC, Firearms Policy Coalition, Inc., California Gun Rights Foundation. (NOTICE TO PARTIES of deadlines regarding appellate transcripts: Appellant shall file transcript designation and ordering form with the US District Court, provide a copy of the form to the court reporter, and make payment arrangements with the court reporter on or by 2/26/2024 (see Ninth Circuit Rule 10-3.1); Due date for filing of transcripts in US District Court is 3/27/2024.) (cc: Court Reporter). (dim) (Entered: 01/30/2024) |
| 02/02/2024 | 61 | MOTION Motion for an Injunction Pending Appeal by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration Declaration of Brandon Combs, # 3 |

ER-200

3/11/24, 4:29 PM                                    CM/ECF - casd

|            |      | Declaration Declaration of Bradley A. Benbrook)(Benbrook, Bradley) (ddf). (Entered: 02/02/2024) |
|------------|------|--------------------------------------------------------------------------------------------------|
| 02/05/2024 | 62   | Ex Parte MOTION for Order *Shortening Time on Plaintiffs' Motion for an Injunction Pending Appeal* by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) (ddf). (Entered: 02/05/2024) |
| 02/08/2024 | 63   | ORDER Denying Plaintiffs' Ex Parte Application For An Order Shortening Time On Plaintiffs' Motion For An Injunction Pending Appeal [ECF No. 62 ]. Signed by Judge Linda Lopez on 2/8/2024. (ddf) (Entered: 02/08/2024) |
| 02/09/2024 | 64   | RESPONSE in Opposition re 61 MOTION Motion for an Injunction Pending Appeal filed by County of Alameda, County of Santa Clara. (Zinn, Matthew) (ddf). (Entered: 02/09/2024) |
| 02/14/2024 | 65   | REPLY to Response to Motion re 61 MOTION Motion for an Injunction Pending Appeal filed by California Gun Rights Foundation, Firearms Policy Coalition, Inc., San Diego County Gun Owners PAC. (Benbrook, Bradley) (ddf). (Entered: 02/14/2024) |

### PACER Service Center

#### Transaction Receipt

03/11/2024 16:28:29

| PACER Login: | Bbenbrook14 | Client Code: | Local 1021.11 |
|--------------|-------------|--------------|---------------|
| Description: | Docket Report | Search Criteria: | 3:23-cv-00400-LL-VET |
| Billable Pages: | 5 | Cost: | 0.50 |

ER-201

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/Bradley A. Benbrook__

Bradley A. Benbrook