**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIREARMS POLICY COALITION, INC.; CALIFORNIA GUN RIGHTS FOUNDATION; SAN DIEGO COUNTY GUN OWNERS POLITICAL ACTION COMMITTEE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF SAN DIEGO; COUNTY OF IMPERIAL; COUNTY OF ALAMEDA; COUNTY OF VENTURA; COUNTY OF LOS ANGELES; CITY OF SAN JOSE; COUNTY OF SANTA CLARA, <br><br> Defendants - Appellees. | No. 24-472 <br><br> D.C. No. 3:23-cv-00400-LL-VET <br><br> MEMORANDUM* |

Appeal from the United States District Court for the
Southern District of California
Linda Lopez, District Judge, Presiding

Submitted October 8, 2024**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

The Firearms Policy Coalition, California Gun Rights Foundation, and San Diego County Gun Owners PAC ("Plaintiffs") appeal the district court's order dismissing their operative complaint for lack of standing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, reviewing de novo, *see Meland v. Weber*, 2 F.4th 838, 843 (9th Cir. 2021), we affirm.

1. Plaintiffs seek to enjoin the enforcement of California Code of Civil Procedure § 1021.11(a), which provides for an award of costs and attorneys fees to "a political subdivision, a governmental entity or public official" against a plaintiff or attorney who unsuccessfully challenges "any statute, ordinance, rule, regulation, or any other type of law that regulates or restricts firearms." Because the statute has never been enforced against them, Plaintiffs bear the burden of "demonstrating a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (cleaned up). That burden is not met by alleging the "mere existence of a proscriptive statute nor a generalized threat of prosecution." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). Rather, there must be "a reasonable likelihood that the government will enforce the challenged law against" the Plaintiffs. *Lopez*, 630 F.3d at 786.

2. In 2022, the Firearms Policy Coalition and California Gun Rights

Foundation sued several California officials, challenging the constitutionality of § 1021.11. *See Miller v. Bonta,* 646 F. Supp. 3d 1218 (S.D. Cal. 2022). The district court found the statute unconstitutional, *id.* at 1222, and permanently enjoined the State defendants from "bringing any action or motion under § 1021.11 to obtain an award of attorney's fees and costs" or otherwise "implementing or enforcing California Code of Civil Procedure § 1021.11," *id.* at 1232. That injunction ran against not only the named defendants, but against all "those who gain knowledge of this injunction order or know of the existence of this injunction order." *Id.* The defendants did not appeal. This action, which raises claims identical to those litigated in *Miller* against several California cities and counties rather than state officials, was filed after the judgment in *Miller* became final.

3. The operative complaint does not allege that Defendants have ever attempted to enforce the challenged statute. And, in response to an order to show cause issued by the district court, Defendants expressly represented that they do not intend to enforce § 1021.11 because of the "comprehensiveness of the [*Miller*] ruling and the court's clear directive that it has broad preclusive effect." Under these circumstances, the district court did not err in concluding there is no reasonable likelihood that Defendants would attempt to enforce the statute against Plaintiffs. *See also Bock v. Washington*, 33 F.4th 1139, 1145 (9th Cir. 2022) (holding that when "a party assumes a certain position in a legal proceeding, and succeeds in

maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position" (cleaned up)). The district court did not err in dismissing this action for lack of standing.

**AFFIRMED.**